UNITED STATES BANKRUPTCY COURT
District of New Jersey

US Bank NA

                              Plaintiff

v.

ADESINA OGUNLANA
**Linda Neadibe**
**Realtex Property Management inc**

                 Defendant

CASE NO.: __22-12287__

NOTICE OF REMOVAL
NJ Appelate Court CASE # A—002450-24

---

## NOTICE OF REMOVAL PURSUIT TO BANKRUPCY RULE 9027 AND 28 U.S.C. §1452

**To: RICHARD ABEL**
**KML LAW GROUP**
**701 Market Street**
**Philadelphia PA 19106**

**Steven Pertuz Esq..**
**Steve Pertuz Law firm**
**111 Northfield Avenue**
**West Orange NJ 07052**

**US Attorney General**
**District of New Jersey**
**970 Broad Street**
**Newark, NJ 07102**

**N.j Superior Court**
**Appelate Division**
**25 Market Street**
**Trenton NJ      08625**

---

**PLEASE TAKE NOTICE that the undersigned pro se Defendant will on Monday. June 05,2025 at 9.00a.m. move before the court at the US District Court for the District of New Jersey,rtin Luther King Building & US Courthouse, 50 Walnut Street, NJ 07101 for leave to file Notice of Remove for the Suggect matter Case # F-046932-14 or A-002450-24 pending before the New Jersey Superior-Appelate Division to the US District court on the following grounds: A. The State Courts has no jurisdiction to further preside on this subject=matter-ofBankruptcy Court Case # 22-12287..**

B. The State court violated the Constitutional Law under the Supremacy clause of the land of the United States..

C. The Creditor's act of concealment of material facts during the State court's hearing..

D. The Creditor's action violated the federal Law under Rule 12 C.F.R $ 1024.41(G) (2014)-a prohibited foreclosure action practice as amending as Regulation X of RESPA.

Respectfully submitted:

By: _Adesina_____      Dated:   6/6/2025

    Adesina Ogunlana

By: _Lindar/zeadbe___    Dated:   6/6/2025

    LINDA   NZEADIBE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF New Jersey

| | |
|---|---|
| US BANK NA | CASE NO.: _22-12287__ |
| Plaintiff | NOTICE OF REMOVAL |
| v. | **NJ Appelate Court CASE # A—002450- 24** |

ADESINA OGUNLANA
Linda Nzeadibe
Realtex Property Management Inc

Defendant

<u>CERTIFICATION OF ADESINA OGUNLANA</u>

I, ADESINA OGUNLANA, adult, hereby certify on oath and state as follows:

1. I am the bona fide owner and in possession of the property located at 136-138
   N 13th Street Newark, NJ 07107 and therefore very familiar with the facts of this
   case.

2. On or before July 1st 2024, I submitted my short sale applications to the
   Creditor – SPS Loan Servicing/US Bank LLC for a review and processing.

3) October 8, 2024 , the Creditor complete the debtor's Short Sales
application and thereby issue a Short Sale Counter-offer See Exhibit A

4) After this submission of the Buyers new offer , the creditor now requested the
Bankruptcy court approval confirmation's Order as a condition to continue the
short Sale review.

5) On Feburary 28, 2025 the bankruptcy court issued a Chapter 13th plan
confirmation order that allows both the Creditor and Debtor to proceed with
the pending Short Sales negotiation

6) The February 20th 2025 confirmation's Order remained superior or
superceed any Orders previously issued under the Case # 22-12287

6) The Debtor's Bankruptcy lawyer, Stephen Pertuz, Esq. then forwarded a copy of
the Confirmation Order to the creditor as the request for by the creditor.
See Exhibit C

7) The Creditor and the Debtor could not continue with Short Sales Contract price negotiation because of hinderance intervention of the foreclosure action initiated by the Adversary Counsel simultaneously. See exhibit D

8) Now the debtor and creditor short Sales was disrupted by the Misconduct of the Creditor's Attorney – Richard Abel that flout,defy and rebel to the Bankruptcy Court's power and authority to issue a confirmation's Order under federal statute of the US Constitution .

9) The pending short sale transaction has being under price negotiation in the five or more month now. More importantly, the purchaser has spent a lot money on repairs-renovation to secure City of Newark certificate of Occupancy. Furthermore,the yer has initiated title search, Appraisal work, secure homeowner insurance policy mortgage application fee and so forth
See Exhibit **E**

**10)** The Short Sales is essential to the Debtor Chapter 13 plan's feasibility This Short Sales transaction is a crucial part of the debtor- Adesina Ogunlana plan to repay Creditor.Note the Debtors was shunned, dispressed and frustrated and emotional disturbed and medically impaired by the Adeversary Counsel or Creditors' restrictive practice that grossly invalidated the Bankruptcy Court 's confirmation Order dated 2/28/2025

## Legal Procedure and Facts

**SUPREMACY CLAUSE**: **Supremacy Clause enshrined in Article VI, Clause 2 of the U.S. Constitution establishes that Federal Law, including the Constitution itself, treaties, and laws passed by Congress is the Supreme law of the land, taking precedence over conflicting state law or Order. This means that if a state law clashes with a Federal Law, the federal Law will prevail.**

**CONFLICT OF COURT'S ORDER** Here, on February 28, 2025, the Bankruptcy court for the District of New Jersey where the Debtor's Chapter 13 plan is pending issued a confirmation order authorizing the debtor, Adesina Ogunlana to proceed with the pending Short sale negotiation.   In addition, the Order stipulates the short sale transaction should have a closing date of June 30th 2025 or the case may be

dismissed. The Debtor is the owner of the property located at 136-138 North 13th

Street Newark, NJ 07107, whose asset is within the bankruptcy court's estate. The

debtor is current in his obligation towards Trustee's monthly payment...

SEE EXHIBIT A

On March 28, 2025, the State court granted another Order to the Creditor to

proceed with the foreclosure sales with a deadline of April 1, 2025.

This State Court Order was in conflict with the Bankruptcy Court order dated

2/28/2025

The State Court must honor federal law where State Laws are in conflict with

Federal Laws (Under the Supremacy Clause of the Constitution: See Chapter 4 "

Constitutiona; ;aw and US Commerce")


**Example of similar Case Previously Heard:**

The subject matter jurisdiction of bankruptcy courts causes confusion and
can be hard to understand. In a recent decision, the United States Court of
Appeals for Eleventh Circuit clarified the meaning of the phrase "related to"
in 28 U.S.C §1334(b), the federal statute that governs the subject matter
jurisdiction of bankruptcy courts. [1]

A husband and a wife had settled a state law foreclosure action with their
mortgage lender. The couple had agreed to the entry of a consent foreclosure
judgment.But one day before the foreclosure sale, thewife filed for chapter 11.

The wife and the mortgage lender then reached another agreement to resolve
their dispute regarding the real property. That agreement was embodied in
the wife's plan that the bankruptcy court conformed. But the wife didn't
comply with those terms, and the property was sold post-confirmation
through a foreclosure sale.

Under he Eleventh Circuit law, a civil proceeding, at minimum, must have
some nexus with a bankruptcy case to be "related to" the case. Typically, the
nexus inquiry would ask whether the potential outcome of the civil
proceeding would "conceivably have an effect" on the estate in the
bankruptcy case. [2]

Acknowledging that it has not addressed the scope of "related to" jurisdiction
in the post confirmation context in a published opinion yet, the Eleventh

Circuit decided this case by citing a Third Circuit Decision, which held that "matters that affect the interpretation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus." [3]

The husband's complaint alleged violations of several bankruptcy court orders entered in the wife's bankruptcy case, including the plan confirmation order. The Eleventh Circuit opined that a favorable outcome for such allegations would at least bankruptcy case, and such relationship constituted a nexus sufficient to establish the "related to" jurisdiction. Therefore, the husband's complaint fell within subject matter jurisdiction of the bankruptcy court.

Again, I have complied with the confirmation Order requisite which include the Trustee Administrative monthly payments and the pending disposition of my Real Estate property located at 136-138 North 13th street Newark 07107. .

**ADVERSARY COUNSEL'S MISCONDUCT**: The adversary counsel, Richard Abel was present at the State's court hearing and the bankruptcy court hearings and was therefore aware of the conflicting order of the lower court. His failure or concealment of material fact or refusal to inform the State court about a prior Bankruptcy court ruling constitutes a misconduct. This is because it caused the State court to be misled due to an invalid or conflicting court orders. Counsel's action created a situation where the State court was misled, potentially resulting an invalid order and legal complications... This highlights the important of honesty and integrity in Legal representation..

Pursuit 28 U.S.A Chapter 89- Removal Jurisdiction allows a defendant to remove a civil action from a state court to a district court of the United States, if the district court has original jurisdiction over the case. This provision resolves ambiguities and conflict of decision related to the " notice of removal" of case from the State court.

**VIOLATION OF DUAL TRACKING RULE** When mortgage Loan Servicer improperly pursued foreclosure Action while simultaneously negotiating an alternative option to foreclosure, a practice explicitly prohibited by the federal Law.

The practice of the Creditor hurt the Debtor's ability to continue with the Short Sale negotiation
On or before March 27th 2025, I received a notification letter from Select Portfolio Servicing LLC- Creditor Loan Servicer which stated , I quote

**" Unfortunate ,the account is not eligible for a short Sales review because the property is scheduled for foreclosure sale on April 01,2025.**

**This statement demonstrated that** :: The US Bank -Creditor moved forward with Foreclosure Action whilst simultaneously working with the borrowers- Adesina Ogunlana to avoid foreclosure this is a restrictive practice known as Dual tracking which violates federal Law.                                              SEE EXHIBIT C

It became shocking revelation to me and the rest of my family for how adeversary counsel- Abel Richard tarnished, defied ,rebel , disobey and condemn the authority of the federal district court directive through obstruction at the jet age of civilization.

This violation of federal Law is not a mere procedural error, but a direct contravention of established regulations designed to protect homeowners from unfair foreclosure's practices. This practice constitutes a misconduct and a violation of a dual tracking practice. Rule.

The Debtor's notice of removal demonstrates that the creditor -US Bank improperly pursued a foreclosure action while simultaneously negotiating an alternative option to foreclosure, a practice explicitly prohibited by the Consumer Financial Protection Breau (CFPB).

The Bankruptcy Court must uphold the Supremacy Clause ensuring that the federal Law which governs the Mortgage Servicing and prohibits dual tracking takes precedence over any conflicting state Law or order or judicial practice.

 [2]Federal courts have shown a willingness to enforce their authority, even in the face of executive defiance, by ordering the government to engage in expedited discovery, submit declarations, and provide

testimony. They also have the power to disqualify counsel and other officials when there is a clear violation of court orders.[3] The Supreme Court has recognized the contempt power as integral to the authority of federal courts, and without it, courts would be rendered mere advisory opinions. The contempt power is essential for the enforcement of judicial orders and the protection of constitutional rights.[4]


**RELIEF SEEKING :**

In the content of relief, your honorable Bnakruptcy Court, I am requesting for the court to Vacate the state Court order due to the adversary counsels - Ricard Abel's misconduct and the conflicting State Court's Order with the district court order. Due to emotionally stress, frustration, financial loss from legal services , medical impairment and confusion , I am also requesting for Compensatory damages and Punitive damages that serve to punish the wrongdoer for egregious conduct and deter similar actions in the future


I certify that the foregoing statements made by are correct and true and that I shall be subject to punishment if any of the foregoing statements made by me is willfully false.




Respectively yours,



By: ~~ADESINA~~
    ADESINA OGUNLANA

DATED: _____ 6/6/2025 _____


By: _Linda Nzeadibe_
    LINDA NZEADIBE

DATED _____ 6/6/2025 _____

## CERTIFICATION OF SERVICE

I, Adesina Ogunlana, hereby certify that the original of my motion is filed with the court on   May   26th , 2025 and copy served on the Plaintiff -US bank's attorney, Richard  Abel

By: _Adesina_____
       Adesina Ogunlana

Dated:      **6/6/2025**

**EJIKE UZOR**
**Law Firm of Ejike Uzor**
**Attorney Id: 015482008**
**2386 Morris Avenue, Suite 201**
**Union New Jersey 07083**
**Plaintiff's Attorney**
**Tel: (862) 216-1211**
**Fax: (908) 573-3031**

| | |
|---|---|
| US Bank NA As Trustee, Successor in | :SUPERIOR COURT OF NEW JERSEY |
| Interest To Bank of America, NA as Trustee: | CHANCERY DIVISION-FAMILY PART |
| For Washington Mutual Asset-Backed Cert | UNION COUNTY |
| WMABS Series 2007-HE2 Trust | |

                              vs.     **Plaintiff**

                                        :**DOCKET NO: F-046932-14**

**ADESINA OGUNLANA**
                **Defendant**                **CIVIL ACTION**

## CERTIFICATION IN SUPPORT OF OTSC TO VACATE SHERIFF'S SALE

I, ADESINA OGUNLANA, adu't, hereby certify on oath and state as follows:

1. I am the bona fide owner and in possession of the property located at 136-138 N 13th Street Newark, NJ 07107 and therefore very familiar with the facts of this case.

2. Plaintiff listed my property, 136-138 N 13th Street, Newark, NJ for sheriff's sale scheduled for April 1, 2025. (See Exhibit A).

3. On 01/30/2025, the Bankruptcy court gave an order modifying Chapter 13 Plan Post Confirmation of the Defendant, Debtor's Plan.

4. Further, the Bankruptcy court made an Order confirming and approving the short sale transaction. See Exhibit B

5. The Confirmation order to proceed with the Short sale received the consent of the Plaintiff.

6. Pursuant to the above paragraph 4, both Plaintiff and Defendant have continued to work on the short sale transaction for the past six months.

7. Title search was ordered and completed, and the parties applied for the CO.

8.  In addition, the Buyer secured the loan commitment and pre approval letter from their lender to facilitate the short sale transaction.

9.  It shall serve the interest of justice if this court would vacate the sheriff's sale of my property as being unlawful.

10. Defendant states that the Chancery division has no jurisdiction to adjudicate on the above matter where the Bankruptcy court is seized of the matter pursuant to U.S.C> Section 362(a), which stipulates that "where the is a basis for bankruptcy jurisdiction in federal court, federal law permits parties to a state court action to remove the state court action to the federal district court for the district in which the state court action is pending.".

11. It is therefore imperative that the pending state court action be transferred to the Bankruptcy court.

12. Defendant will suffer irreparable harm if the court allows Plaintiff to sell my property at the Sheriff's sale where the actual and appropriate jurisdiction lies with the Bankruptcy court.

13. Plaintiff shall not be unduly prejudiced if the court denies their motion to sell my house.

14. I certify that the foregoing statements made by are correct and true and that I shall be subject to punishment if any of the foregoing statements made by me is willfully false.

By: _____  Dated:

ADESINA OGUNLANA


CERTIFICATION OF SERVICE

I, Adesina Ogunlana, hereby certify that the original of my motion is filed with the court on March 27, 2025 and copy served on the Plaintiff US bank's attorney, KML Law Group, P.C.

By: _____

Adesina Ogunlana

**LAW FIRM OF EJIKE UZOR**

Attorney At Law
EJUZOR1@GMAIL.COM
2386 Morris Avenue Suite 100, 2nd flr. Union, New Jersey 07083
Phone – (862) 216-1211 Fax – (908) 573-3031

Via Ecourts

March 27, 2025

Clerk of the Court
Superior Court of New Jersey – Chancery Division
465 MLK Blvd.;
Newark, NJ 07102

**REQUEST TO CANCEL SHERRIFS SALE SCHEDULED FOR 04/01/2025**

Re: US Bank NA v Adesina Ogunlana
Docket No.: F-046932-14

Dear Judge Koprowski:

As you may be aware, the undersigned represents the Defendant, Adesina Ogunlana referencing the OTSC pending before Your Honor.

Please find attached the recent communications between the Plaintiff US Bank NA loan serving company (SPS, Inc.) and the Defendant, which under scores the several short sale price negotiations between the parties.

Specifically, the Bank's letter of December 4th 2024 (SPS Inc.), the parties established a short sale transaction, which negotiation is ongoing.

Further, in order to consummate the short sale transaction, the Defendant relied on its agreement with the Plaintiff to conduct a title search on the property, applied for CO, and initiate application for loan commitment.

The Plaintiff cannot now list the Defendant's property for sheriff's sale while the negotiation is on-going.

Thank you.

Respectfully submitted,

By: _____

Ejike Uzor, Esq.

Cc: KML Law Group, P.C.

THE LAW OFFICES OF

# Steven D. Pertuz, LLC

111 Northfield Avenue, Suite 304
West Orange, NJ 07052
Tel: (973) 669-8600
Fax: (973) 669-8700

ADMITTED IN NJ & NY

pertuzlaw@verizon.net
www.pertuzlaw.com

March 27, 2024

**VIA EMAIL DELIVERY ONLY**
Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165-0250
**EMAIL: relationship.manager@spservicing.com**

**RE:     Adesina Ogunlana**
**136-138 North 13th Street**
**Newark, NJ 07107**
**Loan No. 0016385361**
**Authorization Letter To Proceed With Short Sale Negotiations**

Dear Sir/Madam:

    I am counsel to Adesina Ogunlana in connection with an active Chapter 13 Bankruptcy proceeding in the District of New Jersey bearing case number 22-12287 JKS.  Attached please find the recent Order Confirming the Debtor's Modified Plan which authorizes the short sale to take place on or before June 30, 2025.

    Please accept this letter as my authorization to speak with Mr. Ogunlana directly and also his designated real estate agent that is handling the short sale negotiations in this matter.  Should you have any questions or concerns, please feel free to contact me at any time.  Thank you for your immediate attention to this matter.

Very truly yours,

Steven D. Pertuz

Encl.
SDP/cf

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Marie-Ann Greenberg MAG-1284
Chapter 13 Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840

IN RE:
   ADESINA B. OGUNLANA

Order Filed on February 28, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.:  22-12287 JKS

Hearing Date:  2/27/2025

Judge:  JOHN K. SHERWOOD

## ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION

The relief set forth on the following pages, numbered 2 through 2 is hereby **ORDERED**.

DATED: February 28, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

Case No.:  22-12287 JKS

Caption of Order:        ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION

The Plan of the Debtor having been proposed to creditors, and hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

- ORDERED, that the plan of the above named Debtor dated 1/30/2025, or as amended at the confirmation hearing is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the Debtor; and it is further

- ORDERED, that to the extent that the Debtor's plan contains motions to avoid judicial liens under 11 U.S.C. Section 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified herein:

- ORDERED, that commencing 4/1/2022, the Debtor shall pay the Standing Trustee

  the sum of $17,325.00 paid into date over 34 month(s), and then

  the sum of $550.00 for a period of 26 month(s), which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586. The unsecured creditors shall receive on a pro rata basis, the balance remaining from the payments set forth in this paragraph, after payment of all administrative, priority & secured claims (i.e., Pot Plan); and it is further

- ORDERED, that a short sell property of 13-138 North 13th Street by 6/30/2025 or the case will be  dismissed upon certification of the Standing Trustee with 14 days notice to debtor(s) and debtor's attorney; and it is further

- ORDERED, that mortgage arrears are to be paid outside the plan through pending short sale of propety; and it is further

- ORDERED, that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged; and it is further

- ORDERED, that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the Debtor, Debtor's attorney and any other party filing a Notice of Appearance.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, ESSEX VICINAGE

F04693214

PREPARED AND FILED BY THE COURT

DOCKET NO.: F-046932-14
CIVIL ACTION

PLAINTIFF,

US Bank NA

vs.

Adesina Ogunlana

136-138 N 13th St., Newark, NJ 07107

ORDER

XXX    STAY OF SHERIFF SALE

_____ STAY OF EVICTION

_____ EXTENSION OF REDEMPTION

_____ OTHER

THIS MATTER having been bought to the attention of the court upon application for relief in the above captioned matter; and the court having considered the certification of the movant; and for good cause having been shown:

Appearing for PF: **Richard Abel**, Esq.                    Appearing for DF: **Ejike Uzor**, Esq.

IT IS on this _____**28**th_____ day of ___**March 2025**___

HEREBY ORDERED that:

☑ The application for a stay of the Sheriff's Sale in the within matter is:    GRANTED    _____    DENIED    XXX

☐ The Sheriff Sale scheduled for _____ is adjourned to _____

☐ The application for a Stay of Eviction in the within matter is:    GRANTED    _____    DENIED    _____

☐ The eviction scheduled for _____ is adjourned to _____

☐ The time for eviction pursuant to the Writ of Possession is extended to _____

☐ The application for an Extension of the time for Redemption is:    GRANTED    _____    DENIED    _____

☐ The time for redemption is extended to _____

☑ STATEMENT OF REASONS ATTACHED

WKosnowski
WALTER KOPROWSKI Jr.
Ret # T/A on Recall

Statement of reasons

The application for a stay of the sheriff's sale is denied. Plaintiff has previously obtained an order from the bankruptcy court lifting the stay in this foreclosure. The exhibits submitted by counsel do not support an agreement by plaintiff to a short sale. A proposal for a sale in October of 2024 in the amount of $300,000 appears to have been tentatively approved so long as the sale netted $296,558. to the Plaintiff. A proposal for a short sale in December of 2024 appears to be tentatively approved so long as $315,791.00 was netted by the plaintiff. The most recent correspondence in February and March of 2025 only serves to establish that there was another loss mitigation application, and the Plaintiff asked for information concerning the "gross offer". The Respa which was attached indicates a price of $300,000 with a payoff of $265,742.14. This proposed short sale would net the plaintiff $30,000 to $50,000 less than what it required in the previous offers and, on its face, would appear to be unacceptable.

Moreover, this case is more than 10 years old and plaintiff objects to any further delays.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

Marissa Edwards, Esq. (NJ 087612014)
HINSHAW & CULBERTSON LLP
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
908-374-0336 (Telephone)
908-374-0345 (Facsimile)
marissaedwards@hinshawlaw.com

*Co-counsel for Secured Creditor U.S. Bank
National Association, as Trustee, successor in
interest to Bank of America, National
Association as successor by merger to LaSalle
Bank National Association, as Trustee for
Certificateholders of Washington Mutual Asset-
Backed Certificates WMABS Series 2007-HE2*

In re:

ADESINA B. OGUNLANA,

                                        Debtor.

Case No.: 22-12287JKS

Chapter 13
Honorable John K. Sherwood

Hearing Date: May 22, 2025 at 10:00 am

### OPPOSITION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE

Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2 (the "Trust"), by and through counsel, hereby files this Opposition, joining the Chapter 13 Trustee's Opposition, to the "Motion to Remove State Court Case" (the "Motion") filed by Debtor Adesina B. Ogunlana ("Debtor"). In support of this Opposition, Trust states as follows:

### INTRODUCTION

Debtor's Motion is nothing more than a transparent effort to further delay a foreclosure action that has been pending for over 10 years. On September 5, 2024, this Court granted the Trust

# EXHIBIT B



**SPS** | **SELECT**
**Portfolio**
**SERVICING, Inc.**

Sign up for paperless delivery
at www.spservicing.com

Paperless

December 4, 2024

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:**        0016385361
**Property Address:**      136 -138 N 13TH ST
                           NEWARK, NJ 07107

### SHORT SALE COUNTER-OFFER

Dear Customer(s):

SPS is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

If there is any bankruptcy proceeding pending that includes the subject property, then you may need to obtain Bankruptcy Court approval prior to any refinance or sale of the property. Similarly, you may need Bankruptcy Court approval of any permanent modification of the account.

SPS would like to thank you for your recent inquiry pertaining to a short sale on your property. We are in receipt of your gross offer of $350,000.00. However, the offer and/or closing costs result in an amount that may not be sufficient in order for SPS to approve a short sale.

**Approval.** The terms and conditions of the sale may be subject to the written approval of the owner, mortgage insurer or guarantor of the loan, if any.

We have no responsibility to you in the event the property is not sold. In addition, we may require you to adjust the list price or other offer terms.

This letter is not a denial of your short sale offer. Rather, it is an attempt to counter the offer submitted. To evaluate the short sale for approval, an offer with minimum net proceeds to SPS for the referenced loan needs to be greater than or equal to $315,791.00. If you are able to meet or exceed this offer, please send the updated offer documentation to us within ten (10) days of the date of this letter by either faxing it to **801-270-7833** or mailing it via overnight mail to **3217 S. Decker Lake Dr., Salt Lake City, UT 84119.** Please contact SPS if you would like to discuss this counter in more detail.

If you have any questions, your assigned Relationship Manager, Gabriela, can be reached toll free at (866) 820-6218 x 38039 or by email at Relationship.Manager@spservicing.com.

### Notice of Error or Information Request

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277





Sign up for paperless delivery
at www.spservicing.com

Paperless

October 8, 2024

   **ADESINA OGUNLANA**
**136 -138 N 13TH ST**
**NEWARK, NJ 07107**

| | |
|---|---|
| **Account Number:** | 0016385361 |
| **Property Address:** | 136 -138 N 13TH ST |
| | NEWARK, NJ 07107 |

### SHORT SALE COUNTER-OFFER

Dear Customer(s):

SPS is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

If there is any bankruptcy proceeding pending that includes the subject property, then you may need to obtain Bankruptcy Court approval prior to any refinance or sale of the property. Similarly, you may need Bankruptcy Court approval of any permanent modification of the account.

SPS would like to thank you for your recent inquiry pertaining to a short sale on your property. We are in receipt of your gross offer of $300,000.00. However, the offer and/or closing costs result in an amount that may not be sufficient in order for SPS to approve a short sale.

**Approval.** The terms and conditions of the sale may be subject to the written approval of the owner, mortgage insurer or guarantor of the loan, if any.

We have no responsibility to you in the event the property is not sold. In addition, we may require you to adjust the list price or other offer terms.

This letter is not a denial of your short sale offer. Rather, it is an attempt to counter the offer submitted. To evaluate the short sale for approval, an offer with minimum net proceeds to SPS for the referenced loan needs to be greater than or equal to $296,558.00. If you are able to meet or exceed this offer, please send the updated offer documentation to us within ten (10) days of the date of this letter by either faxing it to **801-270-7833** or mailing it via overnight mail to **3217 S. Decker Lake Dr., Salt Lake City, UT 84119**. Please contact SPS if you would like to discuss this counter in more detail.

If you have any questions, your assigned Relationship Manager, Gabriela, can be reached toll free at (866) 820-6218 x 38039 or by email at Relationship.Manager@spservicing.com.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277



00298613001633010200

 **SPS** | **SELECT** *Portfolio* **SERVICING, inc.**

Sign up for paperless delivery
at www.spservicing.com

Paperless

February 11, 2025

 ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:**      0016385361
**Property Address:**   136 -138 N 13TH ST
                        NEWARK, NJ 07107

Dear ADESINA OGUNLANA:

SPS is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

SPS has received your Assistance Review Application. We have reviewed the information received and have determined that the submitted documentation is insufficient or information is still needed as shown on the document attached to this letter (the "**Required Information**"). Before we can begin our evaluation process, you are required to submit a complete application. We must receive the missing Required Information on or before 03/13/2025 (the "**Expiration Date**").

If we do not receive the Required Information by 03/13/2025, we may be unable to evaluate your application. If you have already provided the documents requested herein on or after the date of this letter, you may disregard this letter.

As noted above, in order for us to review your account for all available loss mitigation programs, we require a complete application, which requires you to submit all Required Information by 03/13/2025. Please send us the Required Information as soon as possible so we may review your account for available loss mitigation options for which you may be eligible. To aid in identifying your documents, should they be sent separately or get separated, please include your account number at the bottom of all pages.

Keep in mind that, in general, documentation must be dated within the last ninety (90) days to be considered valid. In addition, as part of our review of your request, the current value of the property will be evaluated by obtaining an appraisal or a broker price opinion (BPO), which may include an interior review of the home. If an interior review is required, you or your agent will be contacted to schedule a time for the review to be conducted. The property valuation may be used to verify occupancy status. Customer supplied valuations are not permitted and the customer may not choose the appraiser or broker to complete the valuation. SPS may also pull a credit report on all customers obligated on the account. To continue with our review, you must fax, email, mail or upload the indicated Required Information document(s) to:



**SPS** *Select Portfolio* SERVICING, inc.

February 11, 2025

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:**     0016385361
**Property Address:**
                        136 -138 N 13TH ST
                        NEWARK, NJ 07107

Dear Customer(s):

Because our records indicate that your lien may be subject to Bankruptcy, please read the following:

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect, and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

If there is any bankruptcy proceeding pending that includes the subject property, then you may need to obtain Bankruptcy Court approval prior to any refinance or sale of the property. Similarly, you may need Bankruptcy Court approval of any permanent modification of the account.

Please review the enclosed letter regarding your account.

You may contact SPS at 888-818-6032 to discuss the enclosures. SPS representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

Sincerely,

Select Portfolio Servicing, Inc.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**



OMB Approval No. 2502-0265

## A. Settlement Statement (HUD-1)

| B. Type of Loan | |
|---|---|
| 1.☒ FHA  2.☐ RHS  3.☐ Conv. Unins<br>4.☐ VA  5.☐ Conv. Ins  6.☐<br>Commercial | 6. File Number:       7. Loan Number:       8. Mortgage Insurance Case Number: |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower:<br>Linda Nzeadibe<br>31 Vose Ave., Unit 666<br>South Orange, NJ 07079 | E. Name & Address of Seller:<br>Adesina Ogunlana<br>136-138 North 13th Street<br>Newark, NJ 97197 | F. Name & Address of Lender:<br>Rocket Mortgage |
|---|---|---|
| G. Property Location:<br>136-138 North 13th Street<br>Newark, NJ 97197<br><br>Lot: 13<br><br>Block: 1924 | H. Settlement Agent:<br>Hugh Best<br>50 Union Ave, Suite 405<br>Irvington, NJ 07111<br><br>Place of Settlement:<br>50 Union Ave, Suite 405<br>Irvington, NJ 07111 | TIN:<br><br>Phone: (973) 373-7000<br><br>I. Settlement Date: 2/14/2025<br><br>Funding Date:   2/14/2025 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract sales price | 300,000.00 | 401. Contract sales price | 300,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 1,995.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes: | | 406. City/town taxes: | |
|     to | | 406.     to | |
| 107. County taxes: | | 407. County taxes: | |
|     to | | 407.     to | |
| 108. Assessments: | | 408. Assessments: | |
|     to | | 408.     to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | 301,995.00 | 420. Gross Amount Due To Seller | 300,000.00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | 5,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 4,282.16 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | 265,742.14 |
| | |     to Select Portfolio Servicing | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes: | | 510. City/town taxes: | |
|     to City of Newark | | 510.     to City of Newark | |
| 211. County taxes: | | 511. County taxes: | |
|     to | | 511.     to | |
| 212. Assessments: | | 512. Assessments: | |
|     to | | 512.     to | |
| 213. | | 513. Water bill | 4,445.07 |
| 214. | | 514. escrow for Final water reading | 500.00 |
| 215. seller's concession | 9,000.00 | 515. seller's concession | 9,000.00 |
| 216. | | 516. unpaid property taxes | 16,030.63 |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 14,000.00 | 520. Total Reduction Amount Due Seller | 300,000.00 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount due from borrower (line 120) | 301,995.00 | 601. Gross amount due to seller (line 420) | 300,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 14,000.00 | 602. Less reductions in amount due seller (line 520) | 300,000.00 |
| 303. Cash ☒ From ☐ To Borrower | 287,995.00 | 603. Cash ☒ To ☐ From Seller | 0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

© 2009-2024 Easysoft. Previous editions are obsolete.          Page 1 of 3          HUD-1

OMB Approval No. 2502-0265

| B. Type of Loan | | |
|---|---|---|
| 1.☒ FHA  2.☐ RHS  3.☐ Conv. Unins<br>4.☐ VA  5.☐ Conv. Ins  6.☐<br>Commercial | 6. File Number: | 7. Loan Number: |

8. Mortgage Insurance Case Number:

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| Linda Nzeadibe<br>31 Vose Ave., Unit 666<br>South Orange, NJ 07079 | Adesina Ogunlana<br>136-138 North 13th Street<br>Newark, NJ 97197 | Rocket Mortgage |

| G. Property Location: | H. Settlement Agent: | TIN: |
|---|---|---|
| 136-138 North 13th Street<br>Newark, NJ 97197<br><br>Lot: 13<br><br>Block: 1924 | Hugh Best<br>50 Union Ave, Suite 405<br>Irvington, NJ 07111<br><br>Place of Settlement:<br>50 Union Ave, Suite 405<br>Irvington, NJ 07111 | Phone: (973) 373-7000<br><br>I. Settlement Date: 6/6/2025<br><br>Funding Date:   6/6/2025 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due To Seller | |
| 101. Contract sales price | 375,000.00 | 401. Contract sales price | 375,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 1,995.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes: | | 406. City/town taxes: | |
|   to | |   to | |
| 107. County taxes: | | 407. County taxes: | |
|   to | |   to | |
| 108. Assessments: | | 408. Assessments: | |
|   to | |   to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | 376,995.00 | 420. Gross Amount Due To Seller | 375,000.00 |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due To Seller | |
| 201. Deposit or earnest money | 5,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 21,732.16 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | 320,042.14 |
| | |   to Select Portfolio Servicing | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes: | | 510. City/town taxes: | |
|   to City of Newark | |   to City of Newark | |
| 211. County taxes: | | 511. County taxes: | |
|   to | |   to | |
| 212. Assessments: | | 512. Assessments: | |
|   to | |   to | |
| 213. | | 513. Water bill | 4,445.07 |
| 214. | | 514. escrow for Final water reading | 750.00 |
| 215. seller's concession | 10,500.00 | 515. seller's concession | 10,500.00 |
| 216. | | 516. unpaid property taxes | 17,530.63 |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | 15,500.00 | 520. Total Reduction Amount Due Seller | 375,000.00 |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross Amount due from borrower (line 120) | 376,995.00 | 601. Gross amount due to seller (line 420) | 375,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 15,500.00 | 602. Less reductions in amount due seller (line 520) | 375,000.00 |
| 303. Cash ☒ From ☐ To Borrower | 361,495.00 | 603. Cash ☒ To ☐ From Seller | 0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

© 2009-2024 Easysoft. Previous editions are obsolete.   Page 1 of 3   HUD-1

# eCourts Appellate-Submission = A-002450-24 = U.S. BANK N A, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NA AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NA, AS TRUSTEE FOR WASHINGTON MUTUAL ASSET-BACKED CERTIFICATES WMABS SERIES 2007-HE2 TRUST V. ADESINA OGUNLANA

To undisclosed recipients:;

eCourts Appellate is the New Jersey Judiciary's electronic filing system for the Appellate Division.

A document was submitted by: RICHARD ABEL on Apr 21 2025 3:51PM
Caption: U.S. BANK N A, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NA AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK NA, AS TRUSTEE FOR WASHINGTON MUTUAL ASSET-BACKED CERTIFICATES WMABS SERIES 2007-HE2 TRUST V. ADESINA OGUNLANA
Docket #s: (Appeal &/or Trial Court) A-002450-24, F-046932-14
Transaction ID: E1693308-04212025
Case Manager: DENISE L KOURY
Team Number: TEAM 02
Phone Number: 609-815-2950
Filing Party: U.S. BANK N A
Document Type: CASE INFORMATION STATEMENT RESPONDENT UPLOAD/CERTIFICATION OF CONFIDENTIAL IDENTIFIERS/PROOF OF SERVICE

## NOTICE HAS BEEN ELECTRONICALLY MAILED TO:

| APPELLANT ATTORNEY NAME | APPELLANT ATTORNEY EMAIL |
| --- | --- |
| ADESINA OGUNLANA (Pro Se) | (OLAYEMI2014@COMCAST.NET) |

| RESPONDENT ATTORNEY NAME | RESPONDENT ATTORNEY EMAIL |
| --- | --- |
| RICHARD ABEL | RABEL@KMLLAWGROUP.COM; NJSALES@KMLLAWGROUP.COM |

## For participating Attorneys:

Login to eCourts Appellate to view the case and documents. You will need a valid User ID (NJ Attorney Bar ID) and associated password to login.

The Clerk's Office reviews all submitted document(s) for compliance with court rules. After review, the above listed parties receive an email notification on the status of the submitted document(s).

For Trial Court/Agency Personnel

The Trial Court Judge or Agency receives the initial pages of the filing as the proof of service. Once the case is given an appellate docket number, the Clerk's Office will email the Notice of Docketing to the Trial Court Judge or Agency for review and to take any appropriate action they consider necessary. Any amplification shall be in accordance with R.2:5-1(d) and R.2:5-6(c) and the time frames recited therein and may be emailed to the clerk's office for filing: AppellateT7.Mbx@njcourts.gov. Please note, amplifications on Criminal Justice Reform appeals should be forwarded as soon as possible as these case types are expedited per the court rule.

New Jersey Judiciary                                                          APR 0 1 2025

Notice of Appeal                                                          SUPERIOR COURT
                                                                           OF NEW JERSEY

| Type or clearly print all information. Attach additional sheets if necessary. |
|---|

**(1)** Title in Full (As Captioned Below)

US Bank NA v. Adesina Ogunlana

**(2) Attorney/Law Firm/Pro Se Litigant**
Name
Adesina Ogunlana

Street Address
136-138 N 13th St.

| City Newark | | State NJ | Zip 07107 |
|---|---|---|---|
| Telephone Number 646-545-8600    ext. | | Email Address Olayemi2014@comcast.net | |

On Appeal from

| **(3)** Trial Court Judge | **(4)** Trial Court or State Agency | **(5)** Trial Court or Agency Number |
|---|---|---|
| Judge Walter Kaprowski | | F-046932-14 |

Notice is hereby given that **(6)** _April 01, 2025_____ , appeals to the
Appellate Division from a **(7)** ☐ Judgment or ☒ Order entered on _03/28/2025_____ , in the
(select one) ☒ Civil, ☐ Criminal, ☐ Family Part of the Superior Court or ☐ Tax Court or
from a ☐ State Agency decision entered on _____ .

**(8)** If not appealing the entire judgment, order or agency decision, specify what parts or paragraphs are being appealed.

| **(9)** Have all issues, as to all parties in this action, before the trial court or agency been disposed of? (In consolidated actions, all issues as to all parties in all actions must have been disposed of.) | ☒ Yes  ☐ No |
|---|---|
| If not, has the order been properly certified as final pursuant to R. 4:42-2? | ☐ Yes  ☐ No |

New Jersey Judiciary
Superior Court Appellate Division

APR 0 1 2025

SUPERIOR COURT
OF NEW JERSEY

## Notice of Appeal

Type or clearly print all information. Attach additional sheets if necessary.

| **(1)** | Title in Full (As Captioned Below) |
|---|---|
| | US Bank NA v. Adesina Ogunlana |

**(2) Attorney/Law Firm/Pro Se Litigant**

Name
Adesina Ogunlana

Street Address
136-138 N 13th St.

| City Newark | | State NJ | Zip 07107 |
|---|---|---|---|

| Telephone Number 646-545-8600  ext. | Email Address Olayemi2014@comcast.net |
|---|---|

On Appeal from

| **(3)** Trial Court Judge | **(4)** Trial Court or State Agency | **(5)** Trial Court or Agency Number |
|---|---|---|
| Judge Walter Kaprowski | | F-046932-14 |

Notice is hereby given that **(6)** April 01, 2025 _____, appeals to the
Appellate Division from a **(7)** ☐ Judgment or ☒ Order entered on 03/28/2025 _____ in the
(select one) ☒ Civil, ☐ Criminal, ☐ Family Part of the Superior Court or ☐ Tax Court or
from a ☐ State Agency decision entered on _____.

| **(8)** | If not appealing the entire judgment, order or agency decision, specify what parts or paragraphs are being appealed. |
|---|---|
| | |

| **(9)** | Have all issues, as to all parties in this action, before the trial court or agency been disposed of? (In consolidated actions, all issues as to all parties in all actions must have been disposed of.) | ☒ Yes    ☐ No |
|---|---|---|
| | If not, has the order been properly certified as final pursuant to R. 4:42-2? | ☐ Yes    ☐ No |

# EXHIBIT    C



March 24, 2025

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

| **Account Number:** | 0016385361 |
|---|---|
| **Property Address:** | 136 -138 N 13TH ST |
| | NEWARK, NJ 07107 |

Dear ADESINA OGUNLANA,

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, received inquiries on March 8, 2025. In the inquiries, question(s) were raised regarding:

- Loss Mitigation

SPS is sending this to provide information regarding the lien on the real property referenced above. Our records indicate the obligation either has been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though the personal liability on the Note may be discharged or subject to an automatic stay, the terms of the Mortgage remain in effect. The owner of the Mortgage, as lien holder, continues to have a lien on the real property.

We have completed a full review of the inquiries and the account. Our response is below.

**Loss Mitigation**

In the inquiries, you requested assistance with a Short Sale. On February 10, 2025, a Short Sale Review was initiated. SPS received an offer of $375,000.00 from the buyer, Stan Properties Management. SPS ordered interior inspection of the property on February 10, 2025, with you as the point of contact. On February 25, 2025, the interior inspection of the property was cancelled because our agent was unable to gain access inside the property. As outlined in the enclosed Short Sale Notice dated February 28, 2025, we were unable to approve the request for assistance involving a Short Sale Review because we were unable to obtain an interior value on the property.

Please note that we would have postponed any foreclosure sale until a decision was made, plus any extensions that we may grant in writing, or until the closing date of an approved Short Sale, whichever was later. Please note that we could still initiate foreclosure or continue with existing foreclosure proceedings as permitted by the mortgage documents during this period.

Unfortunately, the account is not eligible for a Short Sale Review because the property is scheduled for foreclosure sale on April 1, 2025.

If you have any further questions, you may contact SPS at the number listed below or visit our website for more information.

The inquiries raised allegation(s) of servicing error(s). Our review has confirmed no error(s) has occurred regarding the concerns raised in the inquiries.



As of the date of this letter, the account is due for July 1, 2017.

SPS has reviewed and responded to the inquiries as discussed above. We have provided all documentation relied upon in reaching our determination. If a document was not provided it is because it is privileged or proprietary.

We appreciate the opportunity to address the issue(s) noted in the inquiries. The account has been assigned a Relationship Manager to assist with the resolution process. The assigned Relationship Manager, Gabriela, can be reached at 866-820-6218, extension 38039, or by email at relationship.manager@spservicing.com. If the Relationship Manager is not available, any of our trained servicing representatives can assist with answers to questions regarding the account. Representatives are available Monday through Friday from 8:00 a.m. to 9:00 p.m., and Saturday from 8:00 a.m. to 2:00 p.m., Eastern Time. The SPS website www.spservicing.com may also be used to access account information, schedule payments, and review loss mitigation status.

Sincerely,

Benjamin Rosenbaum
Customer Advocate

Enclosure(s)

Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llámennos al número 800-831-0118 y seleccione/marque la opción 2

**This is in response to your request for information**

3/07/2025

**Selected Portfolio Servicing**
**P.O. Box 65258**
**Salt LAKE CITY**
**Ut 84165-0250**

RE : Dual tracking is unfair and unjust.

Firstly, here confs the package modifying both HUD-1 and the offer submitted
before December 15, 2024 for review and process.. This is the fifth offer I am
submitting with the highest net proceed for Select Portfolio Servicing LLC..

Furthermore on this pending short Sales transaction the buyer has expended a
lot money on title search, appraisal work, and on Loan application fees.
In additional, Buyers have spent a lot of money on repairs purported to secure
the City of Newark's Certificate of Occupancy.

All these above activities would create frustration, emotional stress and financial
loss to buyer if your sherrif foreclosure action continue.

I am appealing to you to please adjourn or cancel the pending sheriff foreclosing
Sales action that started since January 1/7/2025 which has constantly collided
with the pending Short Sales processing period from 1/07/2025 till 4/1/2025.
Please see exhibit A

For God's sake - for fairness, justice and equity kindly have your foreclosure
action purse or cancel you did before. This transaction has started more than six
months now on your negotiation pursuit

Thank you for your kindness and consideration.


Sincerely

*Adesina*

Adesina Ogunlan

LOAN # 00 / 63 85 361 .



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

S. P. S     LLC
P. O. Box 65258
Salt Lake City
UT    84165

9590 9402 8993 4122 0925 42

2. Article Number (Transfer from service label)
7589 0710 5270 1426 5945 07

PS Form 3811, July 2020 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ □ Agent
□ Addressee

B. Received by (Printed Name)    C. Date of Delivery
WALTER BARKER

D. Is delivery address different from item 1?    □ Yes
If YES, enter delivery address below:    □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# EXHIBIT          D

Form 193 – ntccompayments

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

*PAYMENT FOR MAY 2025* (handwritten)

Case No.: 22–12287–JKS
Chapter: 13
Judge: John K. Sherwood

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Adesina B. Ogunlana
136–138 North 13th Street
Newark, NJ 07107

Social Security No.:
xxx–xx–4556

Employer's Tax I.D. No.:

## NOTICE TO DEBTOR AND DEBTOR'S COUNSEL
## TO COMMENCE PAYMENTS PURSUANT TO 11 U.S.C. SECTION 1326

Pursuant to 11 U.S.C. Section 1326, all Chapter 13 debtors are ordered to commence payments pursuant to their proposed plan in compliance with the following schedule:

1. PAYMENTS TO TRUSTEE:

Payments to the Chapter 13 Standing trustee shall commence on the first day of the month immediately following the filing of the case and on the first day of each succeeding month. Payments shall be directed to the standing trustee at the following address:

Marie–Ann Greenberg
Chapter 13 Standing Trustee
P.O. Box 520
Memphis, TN 38101–0520

2. PAY...

If, in a...
outsid...

...made
...he
...hly
...eduled
...nning
...he
...lar

(cont...



US POSTAL MONEY ORDER

Serial Number: 38238621895   Date: 2025-05-25   070890   U.S. Dollars and Cents: $550.00
Five Hundred Fifty Dollars and 00/100 ********

Pay to: MARIE-ANN GREENBERG
Address: CHAP 13, STANDING TRUSTEE    ADESINA OGUNLAN
         136-138 N. 13TH ST
Memo: CASE # 22-12287    NEWARK NJ 07107

:000011431:  38238621895:

Form 193 -- ntccompayments

# UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

Case No.: 22-12287-JKS
Chapter: 13
Judge: John K. Sherwood

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Adesina B. Ogunlana
136-138 North 13th Street
Newark, NJ 07107

Social Security No.:
xxx-xx-4556

Employer's Tax I.D. No.:

## NOTICE TO DEBTOR AND DEBTOR'S COUNSEL
## TO COMMENCE PAYMENTS PURSUANT TO 11 U.S.C. SECTION 1326

Pursuant to 11 U.S.C. Section 1326, all Chapter 13 debtors are ordered to commence payments pursuant to their proposed plan in compliance with the following schedule:

### 1. PAYMENTS TO TRUSTEE:

Payments to the Chapter 13 Standing trustee shall commence on the first day of the month immediately following the filing of the case and on the first day of each succeeding month. Payments shall be directed to the standing trustee at the following address:

Marie-Ann Greenberg
Chapter 13 Standing Trustee
P.O. Box 520
Memphis, TN 38101-0520

### 2. PAYMENTS TO SECURED PARTIES, INCLUDING MORTGAGEES:

If, in addition to payments to the Standing trustee, your proposed plan provides for regular payments to be made outside of your plan, you must pay the mortgagee on a monthly basis.

Form 193 – ntccompayments

## UNITED STATES BANKRUPTCY COURT

District of New Jersey
MLK Jr Federal Building
50 Walnut Street
Newark, NJ 07102

Case No.: 22–12287–JKS
Chapter: 13
Judge: John K. Sherwood

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Adesina B. Ogunlana
136–138 North 13th Street
Newark, NJ 07107

Social Security No.:
xxx–xx–4556

Employer's Tax I.D. No.:

### NOTICE TO DEBTOR AND DEBTOR'S COUNSEL
### TO COMMENCE PAYMENTS PURSUANT TO 11 U.S.C. SECTION 1326

Pursuant to 11 U.S.C. Section 1326, all Chapter 13 debtors are ordered to commence payments pursuant to their proposed plan in compliance with the following schedule:

1. PAYMENTS TO TRUSTEE:

Payments to the Chapter 13 Standing trustee shall commence on the first day of the month immediately following the filing of the case and on the first day of each succeeding month. Payments shall be directed to the standing trustee at the following address:

Marie–Ann Greenberg
Chapter 13 Standing Trustee
P.O. Box 520
Memphis, TN 38101–0520

2. PAYMENTS TO SECURED PARTIES, INCLUDING MORTGAGEES:

If, in addition to payments to the Standing trustee, your proposed plan provides for regular payments to be made outside the plan, you must pay the mortgagee on a monthly basis.



# You Have Been Pre-Approved for a Purchase Price up to $365,000.00!

Prospective Applicant(s): Linda Nzeadibe

Congratulations on being pre-Approved. Now you're ready to confidently make an offer on your dream home. This letter is for your records. Best of luck with your home search!

| | |
|---|---|
| Date | 3/15/2025 |
| Address | TBD |
| | Newark, NJ 07107 |
| Loan Amount | $332,150.00 |
| Loan Program | FHA 30 Year Fixed |
| Subject to Sale of Home | N/A |
| Property Taxes | **$6,700.00** |

Additional Requirements:
- Final investor approval
- Private mortgage insurance approval, if applicable
- Fully executed sales contract with all addendums
- Satisfactory appraisal supporting sales price

## What is this amount based on?

Your pre Approval is based upon the information you provided regarding your income and assets, as well as a check of your credit. A prequalification is different from a preapproval which is a formal underwriting review of written income, credit, and asset information. A prequalification is really a preliminary indication of the loan amount for which you could potentially be approved. It is not a loan approval or a commitment to lend.

## What does an approval of my loan require?

USA Mortgage would require the submission of a complete loan application and all supporting documents. We would then perform a comprehensive analysis of your creditworthiness and resources, including verification of income, assets, and other information you have provided.



If you have any questions, or if we can be of further assistance, please feel free to contact me.
Thank you for choosing USA Mortgage.

**Michele Cardinal**
609-713-9232
mcardinal@usamortgage.com
1917 Welsh Road | Philadelphia, PA 19115
NMLS ID 223110
Click here to see some of our amazing reviews!

★★★★★ 4.89/5



**Be Prepared with Our Home Buyer's Guide**
Click the image to view our Journey Towards Home Ownership book to help you learn the next steps to take!

**USA** Mortgage

# Conditional Underwriting Agreement – Realtor Copy

July 25, 2024

Linda Nzeadibe
56 Lindsley Ave Unit B
Irvington, NJ, 07111

DAS Acquisition Company is pleased to inform you that your request for a mortgage loan to be secured by a first/second deed of trust has been underwritten on the following terms. Some of these conditions could jeopardize the approval of this loan so it is imperative that we collect these as soon as possible so a commitment can be issued.

| Loan Number | BROM062882911 | | |
|---|---|---|---|
| Subject Property | 56 LINDSLEY AVE<br>IRVINGTON, NJ, 07111-5369 | | |
| Sales Price | 310,000.00 | | |
| Principle Amount of Loan | 293,345.00 | | |
| Rate of Interest | 7.250 | | |
| Lock Expiration Date | // | Caps* | // |
| Amortization | 360 | Index* | |
| Loan Type | FHA 30 Year Fixed | Margin* | |

SUBJECT TO:

**This loan is subject to other conditions for final approval.   Borrower has been notified of conditions needed to issue full Loan Commitment.**

TITLE will be reviewed prior to closing. Any judgements or liens may render this letter null and void.

VERBAL RE-VERIFICATION OF EMPLOYMENT AND INCOME must be obtained by Lender prior to closing.  Any material change to your employment status or income may render this commitment letter null and void.

OCCUPANCY PERMIT (FHA only)– If the subject property is located in a municipality where an occupancy permit and/or code compliance is required, USA shall be furnished with a copy of the permit and proof of compliance with applicable laws, regulations and zoning requirements.

FUNDS AT CLOSING must be in the form of a cashier's check payable to the title company.  No personal checks will be accepted.  Please consult your banking institution regarding potential holds on transferred funds, wires, or recent deposits that you may be using for closing.

CLOSING FIGURES WILL NOT BE RELEASED UNTIL ALL PREDICATIONS HAVE BEEN RECEIVED AND APPROVED BY OUR UNDERWRITING DEPARTMENT.

WE ALSO UNDERSTAND THAT ANY NEW DEBT INCURRED UP TO AND INCLUDING THE DAY OF CLOSING COULD CAUSE THIS QUALIFICATION TO BE RENDERED NULL AND VOID.

Upon compliance with the above, this commitment will remain in effect until // and the loan must be closed on or before this date.  It is agreed by and between the parties hereto, that this contract is made under the laws of the State of Missouri, where it is issued at mortgagee's home office and that, in any proceeding involving this agreement or any obligation hereunder, the laws of Missouri shall apply.

If you have any questions, or if we can be of further assistance, please feel free to contact Alexis Simone at 856-412-4873.

Thank you for choosing USA Mortgage.

Jen
Epperley

By:
DAS Acquisition Company, LLC

Company NMLS: 227262
12140 Woodcrest Executive Drive, Suite 150, St. Louis, MO 63141

UNENFORCEABLE UNLESS SIGNED BY THE UNDERWRITER