# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>ADESINA B. OGUNLANA,<br><br>                Debtor. | Bankr. Case No. 22-12287 (JKS) |
| ADESINA B. OGUNLANA,<br><br>                Appellant,<br><br>    v.<br><br>US BANK NA,<br><br>               Appellee. | Case No. 2:25-cv-14914 (BRM)<br><br>**ORDER** |

      **THIS MATTER** comes before the Court on Appellant Adesina B. Ogunlana's ("Appellant") Notice of Appeal[1] appealing the United States Bankruptcy Court for the District of New Jersey's July 30, 2025 Order Denying Motion to Remove State Court Case.[2] (ECF No. 1 at 1-2; 10.)

      Pursuant to the Federal Rule of Bankruptcy 8009, an appellant has 14 days from the date the notice of appeal becomes effective to file a designation of record on appeal and a statement of

---

[1] The Notice of Appeal was timely filed with the Bankruptcy Clerk on August 12, 2025. (ECF No. 1-1.) *See* Fed. R. Bankr. P. 8002(a)(1). On August 22, 2025, Appellant filed a motion to vacate the July 30, 2025 Order. (Bankr. Case No. 22-12287, ECF No. 111.) A hearing is scheduled for November 13, 2025. (*Id.*, entry dated September 25, 2025.)

[2] While this is the only bankruptcy order Appellant attached to her appeal, she also indicates she is appealing an order from Case Number F-046932-14 (ECF No. 1 at 1), which the Court presumes to be the related state court foreclosure matter and is not appealable to this Court. Appellant attaches several documents referencing various state and federal courts, including a notice of appeal and notice of removal that she filed with the Third Circuit. The Court was unable to locate a Third Circuit case listing Appellant as a party, and, according to the bankruptcy docket, the Bankruptcy Clerk only transmitted the appeal to the District Court.

issues to be presented with the bankruptcy clerk. The designation of record "is simply a list of documents and transcripts from the Bankruptcy proceeding that are needed for the District Court to review the appeal. . . . Likewise, as for a Statement of Issues to be presented, the same only requires that the [a]ppellant state why the Bankruptcy Court erred in its dismissal." *Goldsmith v. Pittsburgh Mercy Health Sys., Inc.*, Case No. 20-cv-00161, 2020 WL 4450370, at *2 (W.D. Pa. Aug. 3, 2020) (citing Fed. R. Bankr. P. 8009). These requirements are described as "two simple procedural matters"; where an appellant disagrees with the bankruptcy court's decision, "the reason should have been readily apparent for the purposes of articulating and filing a timely statement of issues presented." *Id.*

To date, Appellant has failed to file a Designation of Record or Statement of Issues or to request an extension of time within which to file. Indeed, on October 1, 2025, the Bankruptcy Clerk filed a Certification of Failure to File Designation of Record, confirming that Appellant failed to file the designation of record on appeal and a statement of issues to be presented. (Bankr. Case No. 22-12287, ECF No. 126.)

Having not received any correspondence from Appellant, in light of the amount of time that passed and pursuant to Bankruptcy Rule 8003(a)(2), and for good cause appearing,

**IT IS** on this 23rd day of October 2025,

**ORDERED** that the appeal is **DISMISSED;** and it is further

**ORDERED** that the Clerk of the Court is directed to serve on Appellant by regular U.S. mail, a copy of this Order.

    */s/ Brian R. Martinotti*
    **HON. BRIAN R. MARTINOTTI**
    **UNITED STATES DISTRICT JUDGE**