**REPLIED MOTION COVER**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2026 AUG 11 P 4: 14

NITED STATES BANKRUPTCY COURT.
DISTRICT OF NEW JERSEY
DOCKET CASE NO : **22-12287**
CHAPTER 13

US BANK N/A
PLAINTIFF

V

CIVIL ACTION

ADESINA OGUNLANA
REALTEX PROPERTY MGT INC

REPLY TO MOTION FOR
OBJECTION

DEFENDANTS

HONORABLE JUDGE JOHN K SHERWOOD

**REPLY TO ADVERSARY'S MOTION OF**

**OBJECTION**

BY :

ADESINA OGUNLANA
REALTEX PROPERTY MGT INC
31 VOSE AVENUE
SOUTH ORANGE NJ 07079
EMAIL OLAYEMI2014@COMCAST..NET

## TABLE OF CONTENT


| | |
|---|---|
| 1) Table of Judgment | 2 |
| 2) Table of Authorities | 3 |
| 3) Preface | 4 |
| 4) Statemennt of Case/Facts | 5 |
| 5) Summary Argument | 5 |
| 6) Argument | 6 |

A ) Can the Court grant a valid under a contested petition, Clause with Non – - compliance" to the Federal Civil Procedural Rule under any any circumstance

B ) The Bankruptcy Trial Court erred when it granted a summary Judgment to the Opposing Parties that violated the statutory Law 18 U.S.C $$ 401(3) because of

C ) The Bankruptcy Trial Court erred when it granting summary Judgment to the Trustee and the Opposing party a final judgment because their stood in "non-compliance "to Civil Procedural Rule 9027 and 28 U.S.C $$ 1452


## TABLE OF JUDGMENT WITH PREJUDICE

A) On 7/3/30/2025 the Bankruptcy Court denied petitioner's notice to for removal of State Cort Case to the Federal District Court inn violation of Procedural Rule 28 U.S.C $$ 1452 and the Bankruptcy Code Rule 9027

B ) On 11/05/2025, the Federal Bankruptcy district Court dismissed the Petitioner Chapter 13 Case for failure to sell property by 6/30/2025 despite the Court's denial Debtors' constitutionally rights to Fair Hearing.

## TABLE OF AUTHORITIES

**See Green V United States 368 U.S. 165 (1958)**

See Mullaane V Centre Hanover Bank & Trust Co 339 U.S 306 ( 1950)

See People V Greene 71 Cal 100 ( 16 Pac 197 , 5am St Rep 448.

See Kalb v Feuerstein ( 19540 ) 306 U.S 433 .60 S Ct. 343 841 Ed 370.

LEGAL AUTHORITIES

A ) FDERAL CIVIL PROCEDURAL RULES 60 (b) 1, 28 U.S.C $$ 1452 & 9027

B ) THE STATOUTORY LAW : 18 U.S.C $$ 401(3)-
"The disobedience of federal courts order"

C ) PRECEDENTIAL PERSPECTIVES

U.S BANK V GULLIAUME 209 N.J 449 38 A 3D 570 (2012)

D ) C ONSTITUTIONAL BASIS

1) ▯ **Fifth Amendment:** Stops the federal government from taking away life, liberty, or property without fair legal procedures.

2 ) ▯ **Fourteenth Amendment:** Extends these exact protections to actions taken by State and Local Governments

3 ) **Key Legal Protections**

- **Notice:** The right to clear warning and information before the government takes action against you.
- **Opportunity to be Heard:** The right to a fair hearing or trial to present your side of the story.
- **Impartial Tribunal:** The right to have your case decided by a neutral judge or jury rather than a biased official

## PREFACE/INTRODUCTION

The Debtor, [Adesina Ogunlana], acting *pro se*, respectfully submits this Response to the Adversary's Objection to Reopen the Case. The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), (4), and (5), and (6) made applicable here by Federal Rule of Bankruptcy Procedure 9024. As demonstrated below, the prior dismissal was executed under severe procedural defects, in direct violation of the Debtor's constitutional right to due process, and without giving the Debtor a meaningful opportunity to be heard or present evidence. Accordingly, the Adversary's objection should be overruled, the case reopened, and the prior dismissal Order vacated to prevent a manifest injustice

. The original judgments were improper because the Court failed to adhere to the mandatory procedural requirements under Rule 60(b)(1), the Civil Procedural Rule 28 U.S.C $$ 1452 and Bankruptcy Rule 9027. Which the federal Civil Procedural court Case regulation.

The alleged District Court oversight resulted in a fundamentally constitutionally rights violations and Significant judicial prejudice.

**STATEMENT OF THE CASE**

A ) On 5/17/2025, the Debtor filed amended "NOTICE OF REMOVAL"" for State Court civil case to Federal District Court because the federal District Court has the original jurisdiction to hear the Case

B). On 6/09/2025 , the Debtor filed a Modified " Notice" for the removal of my state Court Case to the federal district Court because the federal District Court has the original jurisdiction to hear the Case under Procedural Rule 9027 and Rule 28 U.S.C $$ 1452

3) The Debtor timely and properly filed a " Notice of Removal pursuant to Federal Rule of Bankruptcy Procedure 9027

(4) The. Adversary filed a document titled :::

"TRUSTEE OBJECTION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE"

5 ) The opposing party US Bank also filed a document titled

"OPPOSITION TO DEBTOR'S MOTION TO ROMOVE STATE COURT CASE

6) Under Bankruptcy 9027, the mandatory and exclusive procedural vehicle for an Opposing Parties to challenge a removal is a MOTION TO REMAND under Bankruptcy Procedure Rule 9027 governing legal Authority

7) The prior Denied Order entered on 7/30/2025 under a severe procedural defect, when the Adversary failed to "comply with the Federal Rule of Bankruptcy Procedure 9027 by filing an unauthorized ´" Objection" instead of a mandatory "Motion to Remand"

7) By the Court granting the Adversary 's " procedural defect"- motion filing without providing the Debtor an opportunity to respond or present evidence then the court violated the Debtor' Constitutional right to due process.

8) Accordingly, the prior Order is Void , the Adversary Parties – US Bank current "Motion of Objection" must be overruled and Debtor's Case should be reopened

9 ) A Judgment is Void under Rule 60 (b) (4) if the court acted in a manner inconsistent with Due Process of Law. By the Court failed to give the Debtor chance to respond to an Adversary 's Motion of Objection is a Textbook definition of a VOID .

10 ) The Adversary's "Motion of Objection" was again executed under procedural "Non- Compliance". ground.

The Rule of Bankruptcy code 9027 states any opposing party trying to object to Debtor's "Notice of Removal " must file " Notice to Remand" and not "Notice of Objection". Objection would be considered a violation of the constitutional right to "Remove" State Court Case Pursuant to Rule ^60 (b) (4)

11) The Court erred when it granted an summary judgement to the Adversary on 7/30/2025 without affording the Debtor an opportunity to be heard and denied the Debtor's constitutional right to present elements and exhibits to support his Claims against the Adversary 's Motion of Objection with procedure defects See Exhibit A

12 ) The Procedural Due Process involves the step must be taken before someone is deprived of an interest involving Life Liberty or Property. These vary depending the Situation but typically include Notice and an opportunity to be heard as well as an unbiased decision maker.

13) Sometimes procedural due process also may entail a right to prevent evidence, a right to cross- examine opposing witness and an opportunity to m be represented by Counsel among other protections

## MEMORANDUM OF LAW..

### POINT 1 The ORDER IS VOID UNDER RULE 60 (b) ( 4) DUE TO A DENIAL OF DUE PROCESS

14 ) A Court judgment or Order is completely void under 60(b) ( 4 ) When the Court enters a judgment in a manner inconsistent with constitutional Due Process... The violation occurred when the Court failed to give notice and an opportunity to be heard.

15) By Court signing the Adversary 's order on (7/30/2025) before the Debtor could file his opposition (7/31/2025 and 8/13/2025), the Court stripped away Debtor's his right to be heard.

See Exhibit B

### POINT 1 1: THE ADVERSARY'S NON – COMPLIANCE WITH RULE 9027 ERRONEOUSLY MISLED THE COURT

15) The procedural Bankruptcy Rule 9027 require does not provide for standard "OBJECTION" to defeat a "NOTICE OF REMOVAL" .

The case remains in the federal Court until a party files a Motion to Remand and a Judge explicitly order a remand after review the morit. Both the Denial Order and the "Objection were inconsistent with constitutional due process. The Court was erroneously misled by the Adversary " non-compliance" filing

The Court or the Adversary's violation stemmed from bypassing the required motion process. The Adversary avoided the legal standard required for motion for a remand causing a severe procedural defect

**that infected the entire case credibility**

**See Kemp V United States 142 S ct 185 6 (2022) The Supreme Court clarified that a judge's error of Law is considered a "Mistake" under Rule 60( b) (1) allowing for the correction of the mistake made by Court. Under Due Process requirement: The Supreme Court has long held that a fair trial in fair Court hearing or Court proceeding is a basic requirement of Due Process**

**Point 111 RELIEF IS WARRANTED WHEN THE COURT ACTION IS INCONSISTENT WITH DUE PROCESS OF LAW UNDER RULE 60 (b) ( 4)**

**LACK OF NOTICE Pro -se flier requires Physical Services .**

**While the opposing Party or Adversary Party receive or requires electronic notification , Therefore electronic delivery to other parties does not constitutes notice or service to the Debtor..**

**LEGAL ARGUMENT :**

**A ) Due Process Notice and Opportunity to be heard or no opportunity to present evidence or was denied the chance to defend my bankruptcy Case.**

**B) A void Judgment must be vacated . The reason is the Court**

**has no discretion on void judgment if Due Process was violated the Order can not stand.**

**STATEMENT OF THE CASE 11**

1). On November 20, 2024, the Debtor and the Lender entered into active, formal Short Sale negotiations and review to resolve the property debt.

2). On February 28, 2025, this Federal Bankruptcy Court entered a Confirmation Order granting the Debtor authority to proceed with the Short Sale of the property.

3). Adversary counsel, Richard, attended the federal hearings and had full notice of this Court's order authorizing the consensual Short Sale.

4). Despite the pending federal short sale authorization, the Lender's counsel simultaneously pursued state court action and, on March 28, 2025, obtained a State Court order authorizing a Foreclosure Sale of the exact same property.

5). The existence of two conflicting court orders—a Federal Short

Sale authorization .and a State Foreclosure order—created severe legal title obstacles, rendering it legally and practically impossible for the Debtor to execute a private sale by the June 30, 2025 deadline.

6). .At the exact same time these conflicting orders paralyzed the sale, the Plaintiff's Action leaving the Debtor *pro se*. perplexed causing emotional distress and a loss of hope.

7) The Debtor timely filed a Notice of Objection to inform the Court of these conflicting orders .

8) The Court entered an order dismissing the case without scheduling an evidentiary hearing, denying the Debtor a meaningful opportunity to be heard or present evidence regarding the Lender's conflicting state court actions.

## POINT 11 : MEMORANDUM OF LAW 11

### The Prior Dismissal Order Must Be Vacated Under Rule 60(b)(1) and (6) Because the Lender Created the Impossibility

Relief under Rule 60(b) is highly warranted when a party's compliance with a court deadline is rendered impossible by the deceptive or conflicting actions of the opposing party.

1) Here, the Debtor was under a federal mandate to sell the property. However, the Adversary's counsel, Richard, actively participated in a dual-tracking strategy. While aware of the Federal Court's February 28, 2025 Short Sale confirmation, the Lender actively sought and obtained an aggressive, conflicting State Court foreclosure order on March 28, 2025.
2) This created an absolute clouds on title and an insurmountable legal roadblock. A debtor cannot be penalized with case dismissal for failing to meet a deadline that the opposing party actively sabotaged through dual-court manipulation. Combined with the sudden abandonment by the Debtor's counsel, these constitute extraordinary circumstances under Rule 60(b)(6).

## Point 11: **The Lender Violated the Automatic Stay and Undermined Federal Supremacy**

1) **Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.**

**The Lender's circumvention of this Court's authority by obtaining a state foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration. By By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset**

**. See Exhibit ( B )**

**LEGAL ARGUMENT ON COURT**
**PROCEDURAL NON=COMPLIANCE**

1) **Procedural Rule 28 U.S/C $$ 1452 : Grant the Removal Power under the under the U.S constitutional Law .This Statutes allows any party to pull a specific Claim or cause of action out of State Court into the Federal District Court through " NOTICE OF REMOVAL".**

2 ). **Bankruptcy Procedural Rule 9027 : As also provided in Bankruptcy Rule 9027(d), States :**

**A party seeking to oppose removal of a claim or cause of action pursuant to Bankruptcy Rule 9027(d) may file a " motion to remand " in the bankruptcy court will be governed by Bankruptcy Rule 9014 and must be served on the parties to the removed claim or cause of action.**

**LEGAL ARGUMENT ON COURT**
**PROCEDURAL NON=COMPLIANCE**

1) **Procedural Rule 28 U.S/C $$ 1452 : Grant the Removal Power under the under the U.S constitutional Law .This Statutes allows any party to pull a specific Claim or cause of action out of State Court into the Federal District Court through " NOTICE OF REMOVAL".**

**QUESTION NUMBER ONE**
**ADCERSARY'S MOTION OF OBJECTION**

**QUESTION NUMBER ONE** " LEGAL ARGUMENT A. Legal Standards to Determine Motion to Vacate Debtor seeks to "Vacate Dismissal and Reinstate/ Reopen Case to An Active Docket" and to "Vacate Dismissal order and Reinstate" (Do. 139 a 1), clearly referring to this Court's Dismissal order. Debtor cites to Fed. R. Civ. P. 60(b) as the basis for vacating the Dismissal Order. See generally Doc. 139-5. Pursuant to Rule 60(b) a party "seek[ing] such extraordinary relief from a final judgment bears a heavy burden. "Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967). Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding":

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void: (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been revere=sed r vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies rel

**RESPONSE NUMBER ONE ON**
**ADVERSARY ' S MOTION OF OBJECTION**

ANSWER NUMBER ONE , Pursuant to Rule 60(b) ( 1) the Court may relieve a party from final judgment .or Order. for one of the Six listed reason. The very first reason ( Subsection 1) - is mistake, inadvertence, or surprise or excusable

Let us review the Court Statutory Law on Court's violation that warranted this Dismissal Order that needs to be vacated and reinstate/ reopen Case to an active Docket.

The Debtor had previously elaborated in his certification dated 5/25/2026 for the Same reason why the Honorable Court to respectfully vacate and reinstate/ reopen the Case to an active Docket on the follow: grounds

A ) On 5/17/2025 , the Debtor filed amended " NOTICE" for removal of State Court civil case to Federal District Court because the federal District Court has the original jurisdiction to hear the Case matter.

B ) On or before 6/09/2025 , the Debtor filed a Modified " Notice" for the removal of his State Court Case to the federal district Court because the federal District Court has the original jurisdiction to hear the Case under Bankruptcy Procedural Rule 9027 and Rule 28 U.S.C $$ 1452

C ). The Adversary filed an Objection motion against the Debtor;s " Notice of Removal" from State Court Case to the Federal District Court on or before 7/ 30/2025 .

**KEY LEGAL AUTHORITY ON CASE REMOVAL**
**PROCEDURAL RULES 9027 AND 28 U.S.C $$ 1452**

C) The Federal Procedural Rules state

1) A party seeking to oppose removal of a claim or cause of action pursuant to 28 U.S.C. §1452(a) may file a motion to remand in the bankruptcy court.

2 As also provided in Bankruptcy Rule 9027(d), States :

A party seeking to oppose removal of a claim or cause of action pursuant to Bankruptcy Rule 9027(d) may file a " motion to remand " in the bankruptcy court will be governed by Bankruptcy Rule 9014 and must be served on the parties to the removed claim or cause of action.

3) Furthermore, the Bankruptcy Court erred when it granted a summary judgment because the Adversary Parties Motion of Objection dated 7/17/2025 were filed with a lot of legsl procedural defects.

2) The court erred when it granted summary judgment to the Adversary Parties because the Adversary's Motions were filed in violation of the Federal Civil Procedural Rule 28 U.S.C. §1452(a) and Bankruptcy Rule 9027

3) The Adversary " Motion of Objection " was wrongfully executed. that resulted in the procedural harm on the Debtor's Case and Credibility.

4) The Federal Rule of Bankruptcy Procedural 9024 and Federal Rule of Civil Procedural 60(b) that identifies exactly where the Certification of Adesina Ogunlana Obtained his legal and factual grounds for relief.

5) The Court erred when its granted Summary Judgment to the wrongfully and Procedural ( Non – Compliance) ": Motion of Objection" of the opposing Parties.

7( As a result of this judicial error and Procedural defect as stated above :

**Under the federal procedural Rule 60( b) 1 allows a Court to reopen a Case matter after it is over. It states the Court may relieve a party from a final judgment .or Order. for one of the Six listed reason :The very first reason ( Subsection 1) - is mistake, inadvertence, surprise or excusable neglect.**

**8 ) MISTAKE OR JUDICIAL ERROR : IN Kemp V United States , 142 S. CT.1856(2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Error or Mistake under Rule 60( b ) 1 allowing for the correction of mistake made by Court**

**Under also Federal Rule of Bankruptcy Procedural 9024, there are specific grounds such as Error, Mistake, inadvertence, Surprise and excusable neglect as the basis for relief from final judgment. IN Kemp V United States , 142 S. CT.1856(2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Error or Mistake under Rule 60( b ) 1 allowing for the correction of mistake made by Court**

## Point I: The Prior Dismissal Must Be Vacated Under Rule 60(b)(1) and (6) Because the Lender Created the Impossibility

1) Relief under Rule 60(b) is highly warranted when a party's compliance with a court deadline is rendered impossible by the deceptive or conflicting actions of the opposing party.

2). Here, the Debtor was under a federal mandate to sell the property. However, the Adversary's counsel, Richard, actively participated in a dual-track strategy. While aware of the Federal Court's February 28, 2025 Short Sale confirmation, the Lender actively sought and obtained an aggressive, conflicting State Court

foreclosure order on March 28, 2025.

This created an absolute cloud on title and an insurmountable legal roadblock. A debtor cannot be penalized with case dismissal for failing to meet a deadline that the opposing party actively sabotaged through dual-court manipulation. Combined with the sudden abandonment by the Debtor's counsel, these constitute extraordinary circumstances under Rule 60(b)(6).

## Point II: The Lender Violated the Automatic Stay And Undermined Federal Supremacy

**Under the U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order which took legal supremacy.**

**The Lender's circumvention of this Court's authority by obtaining a State Court foreclosure Sale order just one month later on March 28, 2025, directly conflicted with the bankruptcy etate's administration.**

**By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset.**

Pursuant to Rule 60(b) (6) provides for specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding of the Prior Dismissal order must be

vacated Under Rule 60(b)(1) and (6) because the Lender created the Impossibility

**QUESTION TWO ON**
**ADVERSARY'S MOTION OF OBJECTION**

QUESTION TWO **B.** There was No Mistake or Judicial Error By The Court Debtor argues a mistake by the Court supporting vacating the Dismissal Order under Rule 60(b)(1). Debtor asserts that a State Court order conflicted with a Federal Court order. See Doc. 139-5 at 1. Debtor alleges that "[o]n 3/28/26, the State Court issued an order which was in conflict with the existing Federal [ B] bankruptcy Court Order dated 2/28/25." Debtor des not further identify these orders, does not include copies of these orders and fails to explain how an order dated 3/28/26, could have contributed to a mistake by this Court more than six months earlier when it entered the Dismissal Order on November 5, 2025. There was no mistake or judicial error to support vacating the Dismissal Order and the Motion to Vacate should be denied

.

**RESPONSE NUMBER TWO ON**
**ADVERSARY'S MOTION OF OBJECTION**

ANSWER NUMBER TWO **The Adversary's Motion should be dismissed and denied as it attempt s to circumvent clearly the federal procedural Rule 60( b) (1) the states : A Motion timeliness " Reasonable Time and the one year limit.**

**Procedural Rule 60(b) 1(1 ) legally states a motion must be filed within a "reasonable" time," but for claims based on mistakes, newly discovered evidence, or fraud, the absolute maximum is one year from the entry of the judgment or order and explicitly not in Six Months as the adversary's asserted or wrote.**

B ) There was No Mistake or Judicial Error By The Court Debtor argues a mistake by the Court supporting vacating the Dismissal Order under Rule 60(b)(1 the Adversary Motion asserted or wrote : .But the actual fact the Debtor demonstrated that the Adversary 's procedural Defect Motion of Objection erroneously misled the court '

C ) Let 's review the fact again:

The Debtor's current Statement of Fact and prior " Certification " demonstrated " on the Adversary Motion that was submitted and misled the Court on 7/ 30/2025 to obtain a summary judgment.

Again, the on or before 6/09/2025 , the Debtor filed a " Notice of Removal" of State Court Case to the federal district Court because the federal District Court that has the original jurisdiction to hear the Case under Bankruptcy Procedural Rule 9027 and Rule 28 U.S.C $$ 1452

**D ) . The Adversary filed an Objection motion against the Debtor;s " Notice of Removal" from State Court Case to the Federal District Court on or before 7/ 30/2025 .**

**KEY LEGAL AUTHORITY ON CASE REMOVAL UNDER**
**PROCEDURAL RULES 9027 AND 28 U.S.C $$ 1452**

**C) The Federal Procedural Rules state**

**1) A party seeking to oppose removal of a claim or cause of action pursuant to 28 U.S.C. §1452(a) may file a motion to remand in the bankruptcy court.**

**2) As also provided in Bankruptcy Rule 9027(d), Also states ) A party seeking to oppose removal of a claim or cause of action pursuant to Rule 9027(d ) to. file a " Motion to Remand " that will be governed by Rule 9014 and must be served on the parties to the removed claim or cause of action.**

**E ) The court erred when it granted summary judgment to the Adversary Parties because the Adversary's Motions were filed in violation of the Federal Civil Procedural Rule 28 U.S.C. §1452(a) and Bankruptcy Rule 9027**

**F ) MISTAKE OR JUDICIAL ERROR : IN Kemp V United States , 142 S. CT.1856(2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial**

**Mistake under Rule 60( b ) 1 allowing for the correction of mistakes made by Court**

## A). The Lender Violated the Automatic Stay and Undermined Federal Supremacy

Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy The Lender's circumvention of this Court's authority by obtaining a State Court's order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration.

By rushing to dismiss the Debtor's case on 7/30/2025 without an evidentiary hearing, this Bankruptcy Court was prevented from learning that the Lender had actively impaired Judge John K Sherwood's " Power of Court" under the Supremacy Clause and the Debtor's ability to sell the property located at 136-138 North 13th street Newark NJ 07107

SUPREMACY CLAUSE States The Supremacy Clause, found in Article VI, Clause 2 of the U.S. Constitution, states that the Constitution, federal laws made under it, and U.S. treaties are the "supreme Law of the Land". It requires state court Judges to follow federal law and override any conflicting state laws or state constitutions

**The Adversary 's motion should be denied and dismissed as it attempts to circumvent clear Supremacy Clause as the highest Authority where the : Federal law wins if it clashes with a state law, as long as the federal law follows the U.S. Constitution. The Debtor demonstrated the Lender (Plaiintiff's Counsel) improper pursued foreclosure action while negotiating a Short Sale an alternative option to foreclosure , a practices the Federal Law prohibited under Rule 12 USC Furthermore Plaintiff 's** U.S Bank's counsel, Richard Abel , attended the federal Court hearing and had notice of this Court's order authorizing the consensual Short Sale.

B ) Despite the pending federal short sale authorization, the Lender's counsel simultaneously pursued state court action and, on March 28, 2025, obtained a State Court order authorizing a Foreclosure Sale of the exact same property.

C) The existence of two conflicting court orders—a Federal Short Sale authorization on 2/28/2025 and a State Foreclosure order on 3/28/2025 —created severe legal title obstacles, rendering it legally and practically impossible for the Debtor to execute a private sale by the June 30, 2025 deadline.

**F). The Debtor demonstrated the US Bank's counsel action that created the conflicted Orders - State Court Order and Federal Order undermined the Federal Supremacy Clause. The Clause require** State court Judges to follow federal law and override any conflicting state laws or state constitutions.

**QUESTION NUMBER THREE**
**ADVERSARY'S MOTION OF OBJECTION**

**QUESTION NUMBER THREE : C. Debtor Received the Required Due Process Debtor argues that he was denied due process because of a "Lack of Notice" and "no opportunity to be heard." See Doc 139-5 at 2. H e further claims that the Court denied Debtor "the chance to present evidence as why he property was not sold by 6/30/25 or an opportunity to be heard." See Doc 139-5 at 7. While "due process guarantees a litigant the right to be heard" this does not mean that a litigant has the right to a hearing on every motion. Berger v. Hahnemann Univ. Hosp., 765 F. App'x 699, 703 (3d Cir. 2019). Rather, the right to be heard "is satisfied where the plaintiff received the "opportunity to present legal arguments either orally, in writing, or both at the District Court's discretion."" Id. (quoting Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir 1976)); see also Greene v. WCI Holdings Corp., 136 F.3d 313, 316(2d Cir. 1998) ("Every circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 do no mean that an oral hearing is necessary, but only require that a party** be given the opportunity to present its view to the ourt. ") (collecting cases). "[P]ro se status does not compel a different conclusion. "Berger, 765F. App'x at 704 n.7.

**DEBTOR'S RESPONSE NUMBER 3 TO**
**ADVERSARY'S MOTION OF OBJECTION**

**ANSWER NUMBER THREE While the Courts have general discretion over Calendars, but the denying a hearing when a party suffered a " lack of Notice" violates the Procedural Due Process Law and constitutes an abuse of discretion**

**LACK OF NOTICE Pro -se flier requires Physical Services .**

**While the opposing Party or Adversary Party receives or requires Electronic notification, Therefore electronic delivery to other parties does not constitutes a Notice or service as also to the Debtor.**

**The Court denied Due Process of Law on 7/30/2025. The purported PRO-SE recognition of " NOTICE" mean physical service does not equate to Court Electronic notification service. By Notice, Pro-se mean paper mailing and is the Pro-se litigants' concept of Court's notice .**

**LEGAL ARGUMENT**

**A). LEGAL GENERAL DISCRETION VS DUE PROCESS**

**Court manage their dockets with discretion but the constitutional Due Process guarantees a fundamental right to notice and opportunity to be heard before substantial rights are affected.**

**B) LACK OF NOTICE: This actually prejudiced Debtor Case when he was unable to prepare a full defense or submit essential evidence.**

**C ) DISCRETIONARY POWERS : When the Discretionary power is to deny oral**

**argument or a hearing does not equate to discretionary power to ignore a total failure of service or notice...**

D ) Furthermore , On or before October 10th, 2024, the Debtor and the Lender entered An active formal Short Sale negotiations and review to resolve the property debt.

E ) On February 28, 2025, this Federal Bankruptcy Court entered a Confirmation Order granting the Debtor authority to proceed with the Short Sale of the property.

D) U.S Bank's counsel, Richard Abel , attended the federal Court hearings and had full notice of this Court's order authorizing the consensual Short Sale.

E) Despite the pending federal short sale authorization, the Lender's counsel simultaneously pursued state court action and, on March 28, 2025, obtained a State Court order authorizing a Foreclosure Sale of the exact same property.

F) The existence of two conflicting court orders—a Federal Short Sale authorization and a State Foreclosure order—created severe legal title obstacles, rendering it legally and practically impossible for the Debtor to execute a private sale by the June 30, 2025 deadline.

G) Relief under Rule 60(b)(6) is highly warranted when a ( Debtor)party's compliance with a court deadline 6/30/2025. Was rendered impossible by the deceptive or conflicting actions of the opposing party US Bank's Counsel.

H ) Here, the Debtor was under a federal mandate to sell the property. on or before 6/30/2025. However, the Adversary's counsel, Richard Abel , actively participated in a dual tracking strategy. whilst aware of the Federal Court's February 28, 2025, Short Sale confirmation Order, the Lender (Plaintiff 's Counsel) actively sought and obtained an aggressive conflicting State Court foreclosure order on

March 28, 2025.

The Lender's circumvention of this Court's authority by obtaining a state foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration.By rushing to dismiss the Debtor's case without evidentiary hearing on 7/30/2025, this Bankruptcy Court was prevented from learning that the Lender had actively impaired on the Honorable. John K Sherwood's " Power of Authority" strength under Supremacy Clause and on the Debtor's ability to sell the property .

**See sample citation of Court criminal contempt case Frank V United States 395 U.S 147 (1969) . The Supreme Court examined the scope of criminal contempt penalties noting that while Congress authorized federal Court to impose penalties under 18 U.S.C $$ 401 AND 402 , the severity of the penalty is the true indicator of the offence 's seriousness.**

**Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state Court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.**

The Dismissal Order must be vacated under Rule 60(b)( 1 ) and (6) because the Lender created the impossibility for the Debtor to sell the property by 6/30/2025

**THE ADVERSARY QUESTION NUMBER 4
ON MOTION OF OBJECTION.**

**QUESTION NUMBER FOUR** D. Debtor Fails to Offer "Any Other Reason That Justifies Relief" Although not clearly articulated, Debtor seemingly argues that the Dismissal Order should be vacated under Rule 60(b)(6) for "any other reason that justifies relief" because the Court "demonstrated personal bias against the Debtor in favor of the Opposing Party thereby violating the [duty of fairness and impartiality." See Doc.139-5 at 3. Debtor further alleges that "[t]he Bankruptcy Court issued a Dismissal Order instead of performing its statutory duties by prosecuting the State Court for violation of the above legal theory of the Supremacy Clause" and this somehow "demonstrated personal bias against the Debtor." See Id. At 4. The Debtor offers no facts in support of these vague allegations and they appear nonsensical on their face. **They are also meritless. Because Debtor has failed to offer "any other reason that justifies relief" under Rule 60(b)(6) the Motion to Vacate** should be dismissed. opportunity to be heard, the dismissal order can be rendered VOID

**DEBTOR'S RESPONSE NUMBER 4 TO THE ADVERSARY'S " MOTION OF OBJECTION"**

**ANSWER NUMBER FOUR** The Federal Bankruptcy Court authorized a **Short Sale** on February 28, 2025, but the Lender turned around and got a State Court order on March 28,2025, to force a **Foreclosure Sale**. These two legals processes directly cancel each other out, creating an impossible title obstacle for any buyer Relief under Rule 60(b)(6) is highly warranted when a party's compliance efforts with a court deadline 6/30/2025. was rendered impossible by the deceptive or conflicting actions of the opposing party.

Here, the Debtor was under a federal mandate to sell the property.

however, the Adversary's counsel, Richard Abel , actively participated in a dual-tracking strategy. when he is aware of the Federal Court's order of February 28, 2025, Short Sale confirmation Order, the Lender actively

sought and obtained an aggressive, conflicting State Court foreclosure Sale's order on March 28, 2025.

The Lender's circumvention of this Court's authority by obtaining a state foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration.

By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset

Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state Court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.

The Dismissal Order must be vacated under Rule 60(b)( 1 ) and (6) because the Lender created the impossibility for the Debtor to sell the property by 6/30/2025

**Fairness and justice require the Case to be reinstated because the Debtor were denied a fair opportunity to present their elements and exhibits to expose the Lender 's counsel professional court manipulation practice that created the impossibility for the Debtor Short Sales progression.**

**Therefore, the Court's dismissal Order without an opportunity to a fair hearing in a fair Court setting prejudiced Debtor that constituted to a procedural Due process rights violation.**

**See Abbot V Latshaw 164 F 3d 141,146(3rd Cir (1998).**

**In this Case which establishes that constitutional rights to a proper Notice or Service**

**See People V Green 71 Cal 100 ( 16 Pac. 197.5 Am St Rap. 448) In this Case It states " if Court grants relief, which under the circumstance, it hasn't any authority to grant, its judgment is to that extent Void.**

**The Dismissal Order should be vacated under Rule 60(b)(6) for "any other reason that justifies relief" because the Court "demonstrated personal bias against the Debtor in favor of the Opposing Party thereby violating the duty of fairness and impartiality.**

**On 7/30/2025, the Court erred when it grants summary judgment to plaintiff - US Bank b**ecause the Plaintiff's Counsel 's circumvention of this Court's authority by obtaining a State Court foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration.

By rushing to dismiss the Debtor's case 7/30/2025 without an evidentiary hearing, this Court was prevented from learning that the Lender's Counsel Richard Abel had actively impaired the Debtor's ability to sell the property

**In conclusion, the Adversary acted in bad faith.**

The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), (4), and (5), and (6). made applicable

here by Federal Civil Procedural Procedural Rules.

As demonstrated below, the prior dismissal was executed under severe procedural defects, in direct violation of the Debtor's constitutional right to due process, and without giving the Debtor a meaningful opportunity to be heard or present evidence.

**Furthermore Adversary's Motion should be dismissed and denied** by seeking to enforce his opposition action against Debtor's constitutional right on Removal' s notice despite the Standard Procedural Rules allowing to do so encroached upon the Debtor's fundamental due process rights.. Allowing the the Adversary Motion would effectively nullify the crucial federal safeguard undermining the purpose of the Supremacy Clause and federal regulation ,governing the " Notice of Removal" pleads under Bankruptcy Rule 9027 and Procedural Rule **28 U.S.C.§1452(a)**

The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), (4), and (5), and (6) made applicable here by Federal civil Procedural Rule .

Accordingly, to the Adversary's objection now it should be overruled, the case be reopened, and the prior dismissal to be vacated to prevent a manifest injustice.

The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1) made applicable here by Federal Civil Procedural Rules

\\

Respectfully Submitted

BY ______________________

ADESINA OGUNLANA

BY ______________________

JOEL OYEKUNLE

BY ______________________

REALTEX PROPERTY MGT INC

Case 22-12287-JKS Doc 97 Filed 05/15/25 Entered 05/15/25 ... Desc Main
Document Page 1 of 9

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Marissa Edwards, Esq. (NJ 087612014)
HINSHAW & CULBERTSON LLP
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
908-374-0336 (Telephone)
908-374-0345 (Facsimile)
marissaedwards@hinshawlaw.com

*Co-counsel for Secured Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2*

In re:

ADESINA B. OGUNLANA,

Debtor.

Case No.: 22-12287JKS

Chapter 13
Honorable John K. Sherwood

Hearing Date: May 22, 2025 at 10:00 am

**OPPOSITION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE**

Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2 (the "Trust"), by and through counsel, hereby files this Opposition, joining the Chapter 13 Trustee's Opposition, to the "Motion to Remove State Court Case" (the "Motion") filed by Debtor Adesina B. Ogunlana ("Debtor"). In support of this Opposition, Trust states as follows:

**INTRODUCTION**

Debtor's Motion is nothing more than a transparent effort to further delay a foreclosure action that has been pending for over 10 years. On September 5, 2024, this Court granted the Trust

**USA Mortgage**

# You Have Been Pre-Approved for a Purchase Price up to $365,000.00!

Prospective Applicant(s): Linda Nzeadibe

Congratulations on being pre-Approved. Now you're ready to confidently make an offer on your dream home. This letter is for your records. Best of luck with your home search!

| | |
|---|---|
| Date | 3/15/2025 |
| Address | TBD<br>Newark, NJ 07107 |
| Loan Amount: | $332,150.00 |
| Loan Program | FHA 30 Year Fixed |
| Subject to Sale of Home | N/A |
| Property Taxes | **$6,700.00** |

Additional Requirements:

- Final investor approval
- Private mortgage insurance approval, if applicable
- Fully executed sales contract with all addendums
- Satisfactory appraisal supporting sales price

### What is this amount based on?

Your pre Approval is based upon the information you provided regarding your income and assets, as well as a check of your credit. A prequalification is different from a preapproval which is a formal underwriting review of written income, credit, and asset information. A prequalification is really a preliminary indication of the loan amount for which you could potentially be approved. It is not a loan approval or a commitment to lend.

### What does an approval of my loan require?

USA Mortgage would require the submission of a complete loan application and all supporting documents. We would then perform a comprehensive analysis of your creditworthiness and resources, including verification of income, assets, and other information you have provided.

If you have any questions, or if we can be of further assistance, please feel free to contact me.
Thank you for choosing USA Mortgage.

Michele Cardinal
609-713-9232
mcardinal@usamortgage.com
1917 Welsh Road | Philadelphia, PA 19115
NMLS ID 223110
Click here to see some of our amazing reviews!
★★★★★ 4.89/5



**Be Prepared with Our Home Buyer's Guide**
Click the image to view our Journey Towards Home Ownership book to help you learn the next steps to take!

UNITED STAT[illegible]S APPELATE COURT

US B[illegible]

[illegible]

v.

ADESINA OGUNLANA
Defendant

[illegible]

Bankruptcy CASE NO.: 22-12287
NJ APPELATE CASE# A-02450-24

NOTICE OF REMOVAL

NOTICE OF REMOVAL PURSUIT TO BANKRUPCY RULE 9027 AND 28 U.S.C §1452

US Attorney General
District of New Jersey
970 Broad Street
Newark, NJ 07102

BANKRUPTCY COURT
District of New Jersey
970 Broad Street
Newark, NJ 07102

PLEASE TAKE NOTICE that the undersigned pro se Defendant will on Monday.August 11,2025, at 9.00a.m. move before the court at the US District Court for the District of Philadephia US Courthouse, 601 Market street Philadephia PA 1910[illegible] for leave to remove matter [illegible]-0003777-20 before the Bankruptcy Court to the US Appelate District court on the following grounds·

a) The Bankruptcy district court violated the federal Rule of civil procedure 15 govern Law.

B)The district court denied the rights to and appointing a substituting and competent "attorney of Law" as debtors honorable requested.

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Marie-Ann Greenberg MAG-1284<br>Chapter 13 Standing Trustee<br>30 TWO BRIDGES ROAD<br>SUITE 330<br>FAIRFIELD, NJ 07004-1550<br>973-227-2840 | Order Filed on February 28, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| IN RE:<br>ADESINA B. OGUNLANA | Case No.: 22-12287 JKS<br><br>Hearing Date: 2/27/2025<br><br>Judge: JOHN K. SHERWOOD |

**ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION**

The relief set forth on the following pages, numbered 2 through 2 is hereby **ORDERED**.

DATED: February 28, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

LOAN # 00 ~~753~~
163 85 361

Case 22-12287-JKS Doc 98 Filed 06/09/25 Entered 06/09/25 13:44:33 Desc Main

USA Mortgage

# Conditional Underwriting Agreement – Realtor Copy

July 25, 2024

Linda Nzeadibe
56 Lindsley Ave Unit B
Irvington NJ 07111

DAS Acquisition Company is pleased to inform you that your request for a mortgage loan to be secured by a first/second deed of trust has been underwritten on the following terms. Some of these conditions could jeopardize the approval of this loan so it is imperative that we collect these as soon as possible so a commitment can be issued.

| | | | |
|---|---|---|---|
| Loan Number | BROM06288291 | | |
| Subject Property | 56 LINDSLEY AVE<br>IRVINGTON NJ 07111-5369 | | |
| Sales Price | 310,000.00 | | |
| Principle Amount of Loan | 293,345.00 | | |
| Rate of Interest | 7.250 | | |
| Lock Expiration Date | // | Caps* | // |
| Amortization | 360 | Index* | |
| Loan Type | FHA 30 Year Fixed | Margin* | |

SUBJECT TO:

This loan is subject to other conditions for final approval. Borrower has been notified of conditions needed to issue full Loan Commitment.

TITLE will be reviewed prior to closing. Any judgements or liens may render this letter null and void.

VERBAL RE-VERIFICATION OF EMPLOYMENT AND INCOME must be obtained by Lender prior to closing. Any material change to your employment status or income may render this commitment letter null and void.

OCCUPANCY PERMIT (FHA only) If the subject property is located in a municipality where an occupancy permit and/or code compliance is required USA shall be furnished with a copy of the permit and proof of compliance with applicable laws, regulations and zoning requirements.

FUNDS AT CLOSING must be in the form of a cashier's check payable to the title company. No personal checks will be accepted. Please consult your banking institution regarding potential holds on transferred funds, wires, or recent deposits that you may be using for closing.

CLOSING FIGURES WILL NOT BE RELEASED UNTIL ALL PREDICATIONS HAVE BEEN RECEIVED AND APPROVED BY OUR UNDERWRITING DEPARTMENT.

WE ALSO UNDERSTAND THAT ANY NEW DEBT INCURRED UP TO AND INCLUDING THE DAY OF CLOSING COULD CAUSE THIS QUALIFICATION TO BE RENDERED NULL AND VOID.

Upon compliance with the above, this commitment will remain in effect until // and the loan must be closed on or before this date. It is agreed by and between the parties hereto that this contract is made under the laws of the State of Missouri, where it is issued at mortgagee's home office and that in any proceeding involving this agreement or any obligation hereunder, the laws of Missouri shall apply.

If you have any questions, or if we can be of further assistance, please feel free to contact Alexis Simone at 855-412-4673.

Thank you for choosing USA Mortgage.

Jen Epperley

By
DAS Acquisition Company, LLC

Company NMLS 227262
12140 Woodcrest Executive Drive, Suite 150, St. Louis, MO 63141

UNENFORCEABLE UNLESS SIGNED BY THE UNDERWRITER

Case 22-12287-JKS Doc 106 Filed 08/01/25 Entered 08/02/25 00:15:23 Desc

Order Filed on July 30, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>Adesina B. Ogunlana,<br><br>Debtor. | Case No.: 22-12287<br>Chapter: 13<br>Hearing Date: 7 24 2025<br>Judge: John K. Sherwood |

ORDER DENYING MOTION TO REMOVE STATE COURT CASE

The relief set forth on the following page is hereby **ORDERED**.

DATED: July 30, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

Case 22-12287-JKS Doc 116 Filed 08/27/25 Entered 08/27/25 09:32:56 Desc Main
Document Page 1 of 1

Marie-Ann Greenberg, MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:
ADESINA B. OGUNLANA

Case No.: 22-12287JKS

HEARING DATE: 09/25/2025 at 10:00 AM

## TRUSTEE'S OBJECTION TO DEBTOR(S) MOTION TO VACATE ORDER DENYING REMOVE STATE COURT ACTION

Marie-Ann Greenberg, the Chapter 13 Standing Trustee by way of objection to Debtor(s) Motion to Vacate Order Denying Remove State Court Action, respectfully objects as follows:

- The Trustee reiterates her previous objection filed at docket entry ninety-five on May 9, 2025.

It is for this reason and any others the Court deems fit that the Motion should be denied.

Dated: August 27, 2025

By: /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee

**USA Mortgage**

# You Have Been Pre-Approved for a Purchase Price up to $365,000.00!

Prospective Applicant(s): Linda Nzeadibe

Congratulations on being pre-Approved. Now you're ready to confidently make an offer on your dream home. This letter is for your records. Best of luck with your home search!

| | |
|---|---|
| Date | 3/15/2025 |
| Address | TBD<br>Newark, NJ 07107 |
| Loan Amount | $332,150.00 |
| Loan Program | FHA 30 Year Fixed |
| Subject to Sale of Home | N/A |
| Property Taxes | **$6,700.00** |

Additional Requirements:

- Final investor approval
- Private mortgage insurance approval, if applicable
- Fully executed sales contract with all addendums
- Satisfactory appraisal supporting sales price

### What is this amount based on?

Your pre Approval is based upon the information you provided regarding your income and assets, as well as a check of your credit. A prequalification is different from a preapproval which is a formal underwriting review of written income, credit, and asset information. A prequalification is really a preliminary indication of the loan amount for which you could potentially be approved. It is not a loan approval or a commitment to lend.

### What does an approval of my loan require?

USA Mortgage would require the submission of a complete loan application and all supporting documents. We would then perform a comprehensive analysis of your creditworthiness and resources, including verification of income, assets, and other information you have provided.

If you have any questions, or if we can be of further assistance, please feel free to contact me.
Thank you for choosing USA Mortgage.

Michele Cardinal
609-713-9232
mcardinal@usamortgage.com
1917 Welsh Road | Philadelphia, PA 19115
NMLS ID 223110
Click here to see some of our amazing reviews!
★★★★★ 4.89/5



**Be Prepared with Our Home Buyer's Guide**
Click the image to view our Journey Towards Home Ownership book to help you learn the next steps to take!

U.S.C.A. 3rd CIR.

UNITED STATES APPELATE COURT
District of Philadephia

US Bank NA

Plaintiff

v.

ADESINA OGUNLANA

Defendant

Bankruptcy CASE NO.: 22-12287
NJ APPELATE CASE# A-02450-24

NOTICE OF REMOVAL

NOTICE OF REMOVAL PURSUIT TO BANKRUPCY RULE 9027 AND 28 U.S.C. §1452

US Attorney General
District of New Jersey
970 Broad Street
Newark, NJ 07102

BANKRUPTCY COURT
District of New Jersey
970 Broad Street
Newark, NJ 07102

PLEASE TAKE NOTICE that the undersigned pro se Defendant will on Monday.August 11,2025, at 9.00a.m. move before the court at the US District Court for the District of Philadephia US Courthouse, 601 Market street Philadephia PA 191011 for leave to remove matter F-0003777-20 before the Bankruptcy Court to the US Appelate District court on the following grounds:

a) The Bankruptcy district court violated the federal Rule of civil procedure 15 govern Law.

B) The district court denied the rights to and appointing a substituting and competent "attorney of Law" as debtors honorable requested.

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Marie-Ann Greenberg MAG-1284<br>Chapter 13 Standing Trustee<br>30 TWO BRIDGES ROAD<br>SUITE 330<br>FAIRFIELD, NJ 07004-1550<br>973-227-2840 | Order Filed on February 28, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| IN RE:<br>ADESINA B. OGUNLANA | Case No.: 22-12287 JKS<br><br>Hearing Date: 2/27/2025<br><br>Judge: JOHN K. SHERWOOD |

**ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION**

The relief set forth on the following pages, numbered 2 through 2 is hereby **ORDERED**.

DATED: February 28, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

LOAN # 00 ~~763~~
163 85 361

USA Mortgage

# Conditional Underwriting Agreement – Realtor Copy

July 25, 2024

Linda Nzeadibe
56 Lindsley Ave Unit B
Irvington, NJ, 07111

DAS Acquisition Company is pleased to inform you that your request for a mortgage loan to be secured by a first/second deed of trust has been underwritten on the following terms. Some of these conditions could jeopardize the approval of this loan so it is imperative that we collect these as soon as possible so a commitment can be issued.

| | | | |
|---|---|---|---|
| Loan Number | BROM062882911 | | |
| Subject Property | 56 LINDSLEY AVE<br>IRVINGTON, NJ, 07111-5369 | | |
| Sales Price | 310,000.00 | | |
| Principle Amount of Loan | 293,345.00 | | |
| Rate of Interest | 7.250 | | |
| Lock Expiration Date | // | Caps* | // |
| Amortization | 360 | Index* | |
| Loan Type | FHA 30 Year Fixed | Margin* | |

SUBJECT TO:

**This loan is subject to other conditions for final approval. Borrower has been notified of conditions needed to issue full Loan Commitment.**

TITLE will be reviewed prior to closing. Any judgements or liens may render this letter null and void.

VERBAL RE-VERIFICATION OF EMPLOYMENT AND INCOME must be obtained by Lender prior to closing. Any material change to your employment status or income may render this commitment letter null and void.

OCCUPANCY PERMIT (FHA only)- If the subject property is located in a municipality where an occupancy permit and/or code compliance is required USA shall be furnished with a copy of the permit and proof of compliance with applicable laws, regulations and zoning requirements.

FUNDS AT CLOSING must be in the form of a cashier's check payable to the title company. No personal checks will be accepted. Please consult your banking institution regarding potential holds on transferred funds, wires, or recent deposits that you may be using for closing.

CLOSING FIGURES WILL NOT BE RELEASED UNTIL ALL PREDICATIONS HAVE BEEN RECEIVED AND APPROVED BY OUR UNDERWRITING DEPARTMENT.

WE ALSO UNDERSTAND THAT ANY NEW DEBT INCURRED UP TO AND INCLUDING THE DAY OF CLOSING COULD CAUSE THIS QUALIFICATION TO BE RENDERED NULL AND VOID.

Upon compliance with the above, this commitment will remain in effect until // and the loan must be closed on or before this date. It is agreed by and between the parties hereto, that this contract is made under the laws of the State of Missouri, where it is issued at mortgagee's home office and that, in any proceeding involving this agreement or any obligation hereunder, the laws of Missouri shall apply.

If you have any questions, or if we can be of further assistance, please feel free to contact Alexis Simone at 856-412-4873.

Thank you for choosing USA Mortgage.

By: Jen Epperley

DAS Acquisition Company, LLC

Company NMLS. 227262
12140 Woodcrest Executive Drive, Suite 150, St. Louis, MO 63141

UNENFORCEABLE UNLESS SIGNED BY THE UNDERWRITER

Order Filed on July 30, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>Adesina B. Ogunlana,<br><br>Debtor. | Case No.: 22-12287<br>Chapter: 13<br>Hearing Date: 7/24/2025<br>Judge: John K. Sherwood |

## ORDER DENYING MOTION TO REMOVE STATE COURT CASE

The relief set forth on the following page is hereby **ORDERED.**

**DATED: July 30, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

Case 22-12287-JKS Doc 116 Filed 08/27/25 Entered 08/27/25 09:45:51 Desc Main
Document Page 1 of 1

Marie-Ann Greenberg, MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:
ADESINA B. OGUNLANA

Case No.: 22-12287JKS

HEARING DATE: 09/25/2025 at 10:00 AM

**TRUSTEE'S OBJECTION TO DEBTOR(S) MOTION TO VACATE ORDER DENYING REMOVE STATE COURT ACTION**

Marie-Ann Greenberg, the Chapter 13 Standing Trustee by way of objection to Debtor(s) Motion to Vacate Order Denying Remove State Court Action, respectfully objects as follows:

- The Trustee reiterates her previous objection filed at docket entry ninety-five on May 9, 2025.

It is for this reason and any others the Court deems fit that the Motion should be denied.

Dated: August 27, 2025

By: /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee