B

**REPLIED MOTION COVER**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2026 AUG 11 P 4: 11

NITED STATES BANKRUPTCY COURT.
DISTRICT OF NEW JERSEY
DOCKET CASE NO : **22-12287**
CHAPTER 13

US BANK N/A
PLAINTIFF

V

ADESINA OGUNLANA
REALTEX PROPERTY MGT INC

DEFENDANTS

CIVIL ACTION

REPLY TO MOTION FOR OBJECTION

HONORABLE JUDGE JOHN K SHERWOOD

**REPLY TO TRUSTEE'S MOTION OF OBJECTION**

BY :

ADESINA OGUNLANA
REALTEX PROPERTY MGT INC
31 VOSE AVENUE
SOUTH ORANGE NJ 07079
EMAIL OLAYEMI2014@COMCAST..NET

TABLE OF CONTENT


| | |
|---|---|
| 1) Table of Judgment | 2 |
| 2) Table of Authorities | 3 |
| 3) Preface | 4 |
| 4) Statemennt of Case/Facts | 5 |
| 5) Summary Argument | 5 |
| 6) Argument | 6 |

A ) Can the Court grant a valid under a contested petition, Clause with Non – - compliance" to the Federal Civil Procedural Rule under any any circumstance

B ) The Bankruptcy Trial Court erred when it granted a summary Judgment to the Opposing Parties that violated the statutory Law 18 U.S.C $$ 401(3) because of

C ) The Bankruptcy Trial Court erred when it granting summary Judgment to the Trustee and the Opposing party a final judgment because their stood in "non-compliance "to Civil Procedural Rule 9027 and 28 U.S.C $$ 1452


TABLE OF JUDGMENT WITH PREJUDICE

A) On 7/3/30/2025 the Bankruptcy Court denied petitioner's notice to for removal of State Cort Case to the Federal District Court inn violation of Procedural Rule 28 U.S.C $$ 1452 and the Bankruptcy Code Rule 9027

B ) On 11/05/2025, the Federal Bankruptcy district Court dismissed the Petitioner Chapter 13 Case for failure to sell property by 6/30/2025 despite the Court's denial Debtors' constitutionally rights to Fair Hearing.

## TABLE OF AUTHORITIES

**See Green V United States 368 U.S. 165 (1958)**

See Mullaane V Centre Hanover Bank & Trust Co 339 U.S 306 ( 1950)

See People V Greene 71 Cal 100 ( 16 Pac 197 , 5am St Rep 448.

See Kalb v Feuerstein ( 19540 ) 306 U.S 433 .60 S Ct. 343 841 Ed 370.

LEGAL AUTHORITIES

A ) FDERAL CIVIL PROCEDURAL RULES 60 (b) 1, 28 U.S.C $$ 1452 & 9027

B ) THE STATOUTORY LAW : 18 U.S.C $$ 401(3)-
"The disobedience of federal courts order"

C ) PRECEDENTIAL PERSPECTIVES

U.S BANK V GULLIAUME 209 N.J 449 38 A 3D 570 (2012)

D ) C ONSTITUTIONAL BASIS

1) ▯ **Fifth Amendment:** Stops the federal government from taking away life, liberty, or property without fair legal procedures.

2 ) ▯ **Fourteenth Amendment:** Extends these exact protections to actions taken by State and Local Governments

3 ) **Key Legal Protections**

- **Notice:** The right to clear warning and information before the government takes action against you.
- **Opportunity to be Heard:** The right to a fair hearing or trial to present your side of the story.
- **Impartial Tribunal:** The right to have your case decided by a neutral judge or jury rather than a biased official

## PREFACE/INTRODUCTION

The Debtor, [Your Name], acting *pro se*, respectfully submits this [Response/Opposition] to the Adversary's Objection to Reopen the Case. The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), (4), and (5), made applicable here by Federal Rule of Bankruptcy Procedure 9024. As demonstrated below, the prior dismissal was executed under severe procedural defects, in direct violation of the Debtor's constitutional right to due process, and without giving the Debtor a meaningful opportunity to be heard or present evidence. Accordingly, the Adversary's objection should be overruled, the case reopened, and the prior dismissal Order vacated to prevent a manifest injustice

. The original judgments were improper because the Court failed to adhere to the mandatory procedural requirements under Rule 60(b)(1), the Civil Procedural Rule **28 U.S.C $$ 1452 and Bankruptcy Rule 9027.**

The alleged District Court oversight resulted in a

fundamentally constitutionally rights violation

and significant judicial prejudice.

## STATEMENT OF THE CASE

A ) On 5/17/2025, the Debtor filed amended " NOTICE OF REMOVAL"" for State Court civil case to Federal District Court because the federal District Court has the original jurisdiction to hear the Case

B). On 6/09/2025 , the Debtor filed a Modified " Notice" for the removal of my state Court Case to the federal district Court because the federal District Court has the original jurisdiction to hear the Case under Procedural Rule 9027 and Rule 28 U.S.C $$ 1452

3) The Debtor timely and properly filed a " Notice of Removal pursuant to Federal Rule of Bankruptcy Procedure 9027

(4) The. Adversary filed a document titled :::

"TRUSTEE OBJECTION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE"

5 ) The opposing party US Bank also filed a document titled

" OPPOSITION TO DEBTOR'S MOTION TO ROMOVE STATE COURT CASE

6) Under Bankruptcy 9027, the mandatory and exclusive procedural vehicle for an Opposing Parties to challenge a removal is a MOTION TO REMAND under Bankruptcy Procedure Rule 9027 governing legal Authority

7) The prior Denied Order entered on 7/30/2025 under a severe procedural defect, when the Adversary failed to "comply with the Federal Rule of Bankruptcy Procedure 9027 by filing an unauthorized ´"Objection" instead of a mandatory "Motion to Remand"

7) By the Court granting the Adversary 's non- complaint filing without providing the Debtor an opportunity to respond or present evidence then the court violated the Debtor' Constitutional right to due process.

8) Accordingly, the prior Order is Void , the Adversary Parties – Trustee and US

Bank current "Motion of Objection" must be overruled and Debtor's Case should be reopened

9 ) A Judgment is Void under Rule 60 (b) (4) if the court acted in a manner inconsistent with Due Process of Law. By the failed to give the Debtor chance to respond to an Adversary 's Motion is a Textbook definition of a VOID judgment.

10 ) The Adversary and Trustee Motion of Objection was again procedural "Non-Compliance". The Rule of Bankruptcy code 8927 states any opposing party trying to object to Debtor's "Notice of Removal " must file " Notice to Remand" and not " Notice of Objection". Objection would considered a violation of the constitutional right to "Remove" State Court Case Pursuant to Rule ^60 (b) (4)

11) The Court erred when it granted an summary judgement to the Adversary on 7/30/2025 without affording the Debtor an opportunity to be heard and denied the Debtor's constitutional right to present elements and exhibits to support his Claims against the Adversary 's Motion of Objection with procedure defects See Exhibit A

12 ) The Procedural Due Process involves the step must be taken before someone is deprived of an interest involving Life Liberty or Property. These vary depending the Situation but typically include Notice and an opportunity to be heard as well as an unbiased decision maker.

13) Sometimes procedural due process also may entail a right to prevent evidence, a right to cross- examine opposing witness and an opportunity to m be represented by Counsel among other protections

## MEMORANDUM OF LAW..

### POINT 1 The ORDER IS VOID UNDER RULE 60 (b) ( 4) DUE TO A DENIAL OF DUE PROCESS

14 ) A Court judgment or Order is completely void under 60(b) ( 4 ) When the Court enters a judgment in a manner inconsistent with constitutional Due Process.. The violation occurred when the Court failed to give notice and an opportunity to be heard.

15) By Court signing the Adversary 's order on (7/30/2025) before the Debtor could file his opposition (7/31/2025 and 8/13/2025), the Court stripped away Debtor's his right to be heard.

See Exhibit B

### POINT 1 1: THE ADVERSARY'S NON – COMPLIANCE WITH RULE 9027 ERRONEOUSLY MISLED THE COURT

15) The procedural Bankruptcy Rule 9027 require does not provide for standard "OBJECTION" to defeat a " NOTICE OF REMOVAL" .

The case remains in the federal Court until a party files a Motion to Remand and a Judge explicitly order a remand after review the morit. Both the Denial Order and the " Objection were inconsistent with constitutional due process. The Court was erroneously misled by the Adversary " non-compliance" filing

The Court or the Adversary's violation stemmed from bypassing the required motion process. The Adversary avoided the legal standard required for motion for a remand causing a severe procedural defect

that infected the entire case credibility

See Kemp V United States 142 S ct 185 6 (2022) The Supreme Court clarified that a judge's error of Law is considered a " Mistake" under Rule 60( b) (1) allowing for the correction of the mistake made by Court.

Under Due Process requirement : The Supreme Court has long held that a fair trial in fair Court hearing or Court proceeding is a basic requirement of Due Process

**Point 111 RELIEF IS WARRANTED WHEN THE COURT ACTION IS INCONSISTENT WITH DUE PROCESS OF LAW UNDER RULE 60 (b) ( 4)**

LACK OF NOTICE Pro -se flier requires Physical Services .

While the opposing Party or Adversary Part y receive electronic notification , Therefore electronic delivery to other parties does not constitutes notice or service to the Debtor..

LEGAL ARGUMENT :

A ) Due Process Notice and Opportunity to be heard or no opportunity to present evidence or was denied the chance to defend my bankruptcy Case.

B) A void Judgment must be vacated . The reason is the Court

**has no discretion on void judgment if Due Process was violated the Order can not stand.**

**STATEMENT OF THE CASE 11**

1). On November 20, 2024, the Debtor and the Lender entered into active, formal Short Sale negotiations and review to resolve the property debt.

2). On February 28, 2025, this Federal Bankruptcy Court entered a Confirmation Order granting the Debtor authority to proceed with the Short Sale of the property.

3). Adversary counsel, Richard, attended the federal hearings and had full notice of this Court's order authorizing the consensual Short Sale.

4). Despite the pending federal short sale authorization, the Lender's counsel simultaneously pursued state court action and, on March 28, 2025, obtained a State Court order authorizing a Foreclosure Sale of the exact same property.

5). The existence of two conflicting court orders—a Federal Short

Sale authorization .and a State Foreclosure order—created severe legal title obstacles, rendering it legally and practically impossible for the Debtor to execute a private sale by the June 30, 2025 deadline.

6). .At the exact same time these conflicting orders paralyzed the sale, the Plaintiff's Action leaving the Debtor *pro se*. perplexed emotional distress and loss of hope .

7) The Debtor timely filed a Notice of Objection to inform the Court of these conflicting orders .

8) The Court entered an order dismissing the case without scheduling an evidentiary hearing, denying the Debtor a meaningful opportunity to be heard or present evidence regarding the Lender's conflicting state court actions.

**POINT 11 :** MEMORANDUM OF LAW 11

## The Prior Dismissal Order Must Be Vacated Under Rule 60(b)(1) and (6) Because the Lender Created the Impossibility

Relief under Rule 60(b) is highly warranted when a party's compliance with a court deadline is rendered impossible by the deceptive or conflicting actions of the opposing party.

1) Here, the Debtor was under a federal mandate to sell the property. However, the Adversary's counsel, Richard, actively participated in a dual-tracking strategy. While aware of the Federal Court's February 28, 2025 Short Sale confirmation, the Lender actively sought and obtained an aggressive, conflicting State Court foreclosure order on March 28, 2025.
2) This created an absolute clouds on title and an insurmountable legal roadblock. A debtor cannot be penalized with case dismissal for failing to meet a deadline that the opposing party actively sabotaged through dual-court manipulation. Combined with the sudden abandonment by the Debtor’s counsel, these constitute extraordinary circumstances under Rule 60(b)(6).

## Point 11: The Lender Violated the Automatic Stay and Undermined Federal Supremacy

1) **Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.**

**The Lender's circumvention of this Court's authority by obtaining a state foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration. By By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset.** See Exhibit ( B )

LEGAL ARGUMENT ON COURT
PROCEDURAL NON=COMPLIANCE

1) Procedural Rule 28 U.S/C $$ 1452 : Grant the Removal Power under the under the U.S constitutional Law .This Statutes allows any party to pull a specific Claim or cause of action out of State Court into the Federal District Court through " NOTICE OF REMOVAL".

G ) See in Mullaane V Centre Hanover Bank & Trust Co 339 U.S 306 ( 1950), here the Supreme Court established that Due Process requires " Notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the opportunity to be heard, the dismissal order can rendered VOID.

H) The Court's Dismissal Order without a hearing has prejudiced me – Loss of financial commitment, emotional distress and psychological injury because the court unjust and unfairness which the Debtor severely suffered from

I ) Violation of Due Process : Both the Fourteen Amendment of the U.S Constitution and New Jersey Constitution ( Article 1 Paragraph 1) re " Notice reasonably circulated under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objection " A failure to provide this notice invalidates the court's jurisdiction over the individual or entity.

J) ) GROUND FOR REVERSAL ORDER: A debtor in a bankruptcy Case, who was not properly served can file a motion to vacate the Dismissal Order and request for the reinstatement of the Case.

QUESTION NUMBER ONE TO
**TRUSTEE'S MOTION OF OBJECTION**

**A- Marie-Ann Greenberg, the Chapter 13 Standing Trustee objects to the Motion to Vacate in the instant matter. The party "who seeks such extraordinary relief from a final judgment bears a heavy burden." Plisko v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967). Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void: (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.**
**In re Lampman, 494 B.R. 218, 222-223 (Bankr. M.D. Pa., 2013).**

QUESTION 1 : **In reviewing debtor's certification none of the above grounds are specifically pleaded. In fact, the only reason the debtor cites is a "lack of due process" this is not accurate. The debtor has appeared at numerous hearing dates. The debtor has had numerous dates before Judge Sherwood and various hearings have been adjourned to allow the debtor time to address issues.**

**RESPONSE NUMBER ONE ON**
**TRUSTEE'S MOTION OF OBJECTION**

ANSWER NUMBER ONE , Pursuant to Rule 60(b) ( 1) the Court may relieve a party from final judgment .or Order. for one of the Six listed reason. The very first reason ( Subsection 1) - is mistake, inadvertence, or surprise or excusable

Let us review the Court Statutory Law on Court's violation that warranted this Dismissal Order that needs to be vacated and reinstate/ reopen Case to an active Docket.

The Debtor had previously elaborated in his certification dated 5/25/2026 for the Same reason why the Honorable Court to respectfully vacate and reinstate/ reopen the Case to an active Docket on the follow: grounds

A ) On 5/17/2025 , the Debtor filed amended " NOTICE" for removal of State Court civil case to Federal District Court because the federal District Court has the original jurisdiction to hear the Case matter.

B ) On or before 6/09/2025 , the Debtor filed a Modified " Notice" for the removal of his State Court Case to the federal district Court because the federal District Court has the original jurisdiction to hear the Case under Bankruptcy Procedural Rule 9027 and Rule 28 U.S.C $$ 1452

C ). The Trustee filed an Objection motion against the Debtor;s " Notice of Removal" from State Court Case to the Federal District Court on or before 7/ 30/2025 .

## KEY LEGAL AUTHORITY ON CASE REMOVAL
## PROCEDURAL RULES 9027 AND 28 U.S.C $$ 1452

C) The Federal Procedural Rules state

1) A party seeking to oppose removal of a claim or cause of action pursuant to 28 U.S.C. §1452(a) may file a "motion to remand" in the bankruptcy court.

2) As also provided in Bankruptcy Rule 9027(d), States :

A party seeking to oppose removal of a claim or cause of action pursuant to Bankruptcy Rule 9027(d) may file a " motion to remand " in the bankruptcy court will be governed by Bankruptcy Rule 9014 and must be served on the parties to the removed claim or cause of action.

3) Furthermore, the Bankruptcy Court erred when it granted a summary judgment because the Adversary Parties " Motion of Objection" dated 7/17/2025 was filed with a lot of legal procedural defects.

2) The court erred when it granted summary judgment to the Trustee's " Motion of Objection+ because the Trustee's Motions was filed in violation of the Federal Civil Procedural Rule 28 U.S.C. §1452(a) and Bankruptcy Rule 9027

3) The Trustee's " Motion of Objection " was wrongfully executed. that resulted in the procedural harm on the Debtor's Case and Credibility.

4) The Federal Rule of Bankruptcy Procedural 9024 and Federal Rule of Civil Procedural 60(b) that identifies exactly where the Certification of Adesina Ogunlana obtained his legal and factual grounds for relief .

5) The Court erred when its granted Summary Judgment to the wrongfully and Procedural ( Non – Compliance) : "Motion of Objection" of the opposing Parties.

6) As a result of this judicial error and Procedural defect as stated above :

__Under the federal procedural Rule 60( b) 1 allows a Court to reopen a

Case matter after it is over. It states the Court may relieve a party from a final judgment .or Order. for one of the Six listed reason :The very first reason ( Subsection 1) - is mistake, inadvertence, surprise or excusable neglect.

8 ) MISTAKE OR JUDICIAL ERROR : IN Kemp V United States , 142 S. CT.1856(2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Error or Mistake under Rule 60( b ) 1 allowing for the correction of mistake made by Court

**Under also Federal Rule of Bankruptcy Procedural 9024, there are specific grounds such as Error, Mistake, inadvertence, Surprise and excusable neglect as the basis for relief from final judgment.**

**See** In Kemp V United States , 142 S. CT.1856 (2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Error or Mistake Under Federal Civil Procedural Rule 60 (b ) 1 allowing for the correction of mistake made by Court

## Point I: The Prior Dismissal Must Be Vacated Under Rule 60(b)(1) and (6) Because the Lender Created the Impossibility

1) Relief under Rule 60(b) is highly warranted when a party's compliance with a court deadline is rendered impossible by the deceptive or conflicting actions of the opposing party US Bank's Counsel.

2). Here, the Debtor was under a federal mandate to sell the property. However, the Adversary's counsel, Richard Abel , actively participated in a dual-track strategy. When he was aware of the Federal Court's February 28, 2025 Short Sale Confirmation order , the Lender's Counsel Richard Abel for US Bank actively

sought and obtained an aggressive, conflicting State Court foreclosure order on March 28, 2025.

3). This created an absolute cloud on title and an insurmountable legal roadblock. A debtor cannot be penalized with case dismissal for failing to meet a deadline that the opposing party actively sabotaged through dual-court manipulation. Combined with the sudden abandonment by the Debtor's counsel, these constitute extraordinary circumstances under Rule 60(b)(6).

## Point II: The Lender Violated the Automatic Stay And Undermined Federal Supremacy

**A ) Under the U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.**

**The Lender's circumvention of this Court's authority by obtaining a State Court foreclosure Sale's order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration.**

**By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset.**

**Pursuant to Rule 60(b) (6) provides for specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding of the Prior Dismissal order must**

**be vacated Under Rule 60(b)(1) and (6) because the Lender created the Impossibility**

The Court erred when grounded the opposing parties summary judgments on 7/30/2025 and 11/05/2025 because the opposing's actions and "Motion of Objection" were violation Federal Civil Procedural Rule, Undermined Federal Supremacy Clause and the constitutional Due Process violation resulting in judicial error and extraordinary circumstance that warrant relief from final judgment

SUPREMACY CLAUSE States The Supremacy Clause, found in Article VI, Clause 2 of the U.S. Constitution, states that the Constitution, federal laws made under it, and U.S. treaties are the "supreme Law of the Land".

It requires state court Judges to follow federal law and override any conflicting state laws or state constitutions

**The Trustee's motion should be denied and dismissed as it attempts to circumvent clear Supremacy Clause as the highest Authority where the : Federal law wins if it clashes with a state law, as long as the federal law follows the U.S. Constitution. The Debtor demonstrated the Lender (Plaintiffs' Counsel) improper pursued foreclosure action while negotiating a Short Sale an alternative option to foreclosure , a practices the Federal Law prohibited under Rule 12 USC Furthermore Trustee's Motion should be dismissed and denied** by seeking to enforce her opposition action against Debtor's constitutional right on Removal' s

notice despite the Standard Procedural Rules allow to do so encroached upon the Debtor's fundamental due process rights..

Allowing the Trustee'S Motion would effectively nullify there crucial federal safeguard , undermining the purpose of the Supremacy Clause and federal regulation ,governing the " Notice of Removal" plead under Bankruptcy Rule 9027 and Procedural Rule **28 U.S.C.§1452(a)**

QUESTION TWO OF
TRUSTEE MOTION OF OBJECTTON

C- In addition, it should be noted that all Trustee payments made by the debtor were returned to the debtor after dismissal of this case. A check in the amount of $17, 277.84 was released to the debtor on December 15, 2025. At this point in time the Trustee is holding no funds and there are no creditors to pay in this case based on claims filed and stay relief being granted.

RESPONSE NUMBER TWO OF
TRUSTEE MOTION OF OBJECTTON

**ANSWER NUMBER TWO** When Trustee un request payment to the Debtor it was statutory duty she formed. The Debtor petition for the reopening of Case was constitutional requirement under the new and discover evidence

Under Statutory Authority 11 USC $ 349 ( b) ( 3) dictates that the dismissal of a case typically revest the property of the bankruptcy in the entity in which such property was vested immediately before the commencement of the Case- meaning the Debtor.

Trustee perform her statutory duty before Debtor request for reopen commences

The statutory Authority did not establish a rule or principle barring the Debtor's

To petition the court from unjust dismissal order. Note the Dismissl nullified the administration of the estate which empowers the Trustee to return any undistributed fund to the debtor This Statutory Authority never hindered or barred the Debtor to petition the Court for correction Judicial Mistake of Law made by the Court.

**Constitutional and Legal Framework**

- **First Amendment Petition Clause:** Protects our basic right to ask the government for a fix to a problem, which includes filing a lawsuit or submitting a legal claim in court.
- **Fourteenth Amendment Due Process:** Applies this protection so that state and local courts cannot stop individuals from seeking legal redress.

The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1) made applicable here by Federal Civil Procedural Rules

\\

Respectfully Submitted

BY ______________

ADESINA OGUNLANA

BY ______________

JOEL OYEKUNLE

BY ______________

REALTEX PROPERTY MGT INC

QUESTION TWO OF
TRUSTEE MOTION OF OBJECTTON

C- In addition, it should be noted that all Trustee payments made by the debtor were returned to the debtor after dismissal of this case. A check in the amount of $17, 277.84 was released to the debtor on December 15, 2025. At this point in time the Trustee is holding no funds and there are no creditors to pay in this case based on claims filed and stay relief being granted.

RESPONSE NUMBER TWO OF
TRUSTEE MOTION OF OBJECTTON

**ANSWER NUMBER TWO** When Trustee un request payment to the Debtor it was statutory duty she formed. The Debtor petition for the reopening of Case was constitutional requirement under the new and discover evidence

Under Statutory Authority 11 USC $ 349 ( b) ( 3) dictates that the dismissal of a case typically revest the property of the bankruptcy in the entity in which such property was vested immediately before the commencement of the Case- meaning the Debtor.

Trustee perform her statutory duty before Debtor request for reopen commences

The statutory Authority did not establish a rule or principle barring the Debtor's

To petition the court from unjust dismissal order. Note the Dismissl nullified the administration of the estate which empowers the Trustee to return any undistributed fund to the debtor This Statutory Authority never hindered or barred the Debtor to petition the Court for correction Judicial Mistake of Law made by the Court.

**Constitutional and Legal Framework**

- **First Amendment Petition Clause:** Protects our basic right to ask the government for a fix to a problem, which includes filing a lawsuit or submitting a legal claim in court.
- **Fourteenth Amendment Due Process:** Applies this protection so that state and local courts cannot stop individuals from seeking legal redress.

The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1) made applicable here by Federal Civil Procedural Rules

\\

Respectfully Submitted

BY ______________________

ADESINA OGUNLANA

BY ______________________

JOEL OYEKUNLE

BY ______________________

REALTEX PROPERTY MGT INC

Case 22-12287-JKS Doc 91-4 Filed 04/25/25 Entered 04/25/25 13:14:11 Desc Exhibit B Page 8 of 13

SPS SELECT Portfolio SERVICING, inc.

sign up for paperless delivery at www.spservicing.com

Paperle

February 11, 2025

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:** 0016385361
**Property Address:** 136 -138 N 13TH ST
NEWARK, NJ 07107

Dear ADESINA OGUNLANA:

SPS is sending this to you to provide information regarding the lien on the real property referenced above. Ou records indicate that your obligation has either been discharged or is subject to an automatic stay order under th United States Bankruptcy Code. This notice and any enclosed documents are for compliance and information purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though you personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain i effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

SPS has received your Assistance Review Application. We have reviewed the information received and hav determined that the submitted documentation is insufficient or information is still needed as shown on the documer attached to this letter (the "**Required Information**"). Before we can begin our evaluation process, you are required t submit a complete application. We must receive the missing Required Information on or before 03/13/2025 **(th "Expiration Date")**.

If we do not receive the Required Information by 03/13/2025, we may be unable to evaluate your application. If yo have already provided the documents requested herein on or after the date of this letter, you may disregard this letter

As noted above, in order for us to review your account for all available loss mitigation programs, we require complete application, which requires you to submit all Required Information by 03/13/2025. Please send us th Required Information as soon as possible so we may review your account for available loss mitigation options fo which you may be eligible. To aid in identifying your documents, should they be sent separately or get separated please include your account number at the bottom of all pages.

Keep in mind that, in general, documentation must be dated within the last ninety (90) days to be considered valid. I addition, as part of our review of your request, the current value of the property will be evaluated by obtaining an apprais or a broker price opinion (BPO), which may include an interior review of the home. If an interior review is required, you c your agent will be contacted to schedule a time for the review to be conducted. The property valuation may be used to verit occupancy status. Customer supplied valuations are not permitted and the customer may not choose the appraiser c broker to complete the valuation. SPS may also pull a credit report on all customers obligated on the account. To continu with our review, you must fax, email, mail or upload the indicated Required Information document(s) to:

Case 22-12287-JKS Doc 91-4 Filed 04/25/25 Entered 04/25/25 13:14:11 Desc
Exhibit B Page 10 of 19

SPS SELECT Portfolio SERVICING, inc.

Sign up for paperless delivery at www.spservicing.com

Paperless

February 11, 2025

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:** 0016385361
**Property Address:** 136 -138 N 13TH ST
NEWARK, NJ 07107

Dear ADESINA OGUNLANA:

SPS is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

SPS has received your Assistance Review Application. We have reviewed the information received and have determined that the submitted documentation is insufficient or information is still needed as shown on the document attached to this letter (the **"Required Information"**). Before we can begin our evaluation process, you are required to submit a complete application. We must receive the missing Required Information on or before 03/13/2025 **(the "Expiration Date")**.

If we do not receive the Required Information by 03/13/2025, we may be unable to evaluate your application. If you have already provided the documents requested herein on or after the date of this letter, you may disregard this letter.

As noted above, in order for us to review your account for all available loss mitigation programs, we require a complete application, which requires you to submit all Required Information by 03/13/2025. Please send us the Required Information as soon as possible so we may review your account for available loss mitigation options for which you may be eligible. To aid in identifying your documents, should they be sent separately or get separated, please include your account number at the bottom of all pages.

Keep in mind that, in general, documentation must be dated within the last ninety (90) days to be considered valid. In addition, as part of our review of your request, the current value of the property will be evaluated by obtaining an appraisal or a broker price opinion (BPO), which may include an interior review of the home. If an interior review is required, you or your agent will be contacted to schedule a time for the review to be conducted. The property valuation may be used to verify occupancy status. Customer supplied valuations are not permitted and the customer may not choose the appraiser or broker to complete the valuation. SPS may also pull a credit report on all customers obligated on the account. To continue with our review, you must fax, email, mail or upload the indicated Required Information document(s) to:

Case 22-12287-JKS Doc 104 Filed 07/31/25 Entered 07/31/25 09:22:14 Desc Main
Document Page 1 of 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

The Law Offices Of Steven D. Pertuz, LLC
111 Northfield Avenue, Suite 304
West Orange, NJ 07052
Tel: (973) 669-8600
Fax: (973) 669-8700
SDP-5632
spertuz@pertuzlaw.com

In Re:

ADESINA B. OGUNLANA

Case No.: 22-12287

Judge: JKS

Chapter: 13

**CHAPTER 13 DEBTOR'S CERTIFICATION IN OPPOSITION**

The debtor in this case opposes the following **(choose one)**:

1. ☐ Motion for Relief from the Automatic Stay filed by ______________________________ , creditor,

   A hearing has been scheduled for ____________________________, at __________.

   ☐ Motion to Dismiss filed by the Chapter 13 Trustee.

   A hearing has been scheduled for ____________________________, at __________.

   ☒ Certification of Default filed by Chapter 13 Trustee,

   I am requesting a hearing be scheduled on this matter.

2. I oppose the above matter for the following reasons **(choose one)**:

   ☐ Payments have been made in the amount of $ ____________________, but have not been accounted for. Documentation in support is attached.

Case 22-12287-JKS Doc 97 Filed 05/... Entered 05/... Desc Main Document Page 1 of 9

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Marissa Edwards, Esq. (NJ 087612014)
HINSHAW & CULBERTSON LLP
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
908-374-0336 (Telephone)
908-374-0345 (Facsimile)
marissaedwards@hinshawlaw.com

*Co-counsel for Secured Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2*

In re:

ADESINA B. OGUNLANA,

Debtor.

Case No.: 22-12287JKS

Chapter 13
Honorable John K. Sherwood

Hearing Date: May 22, 2025 at 10:00 am

**OPPOSITION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE**

Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2 (the "Trust"), by and through counsel, hereby files this Opposition, joining the Chapter 13 Trustee's Opposition, to the "Motion to Remove State Court Case" (the "Motion") filed by Debtor Adesina B. Ogunlana ("Debtor"). In support of this Opposition, Trust states as follows:

**INTRODUCTION**

Debtor's Motion is nothing more than a transparent effort to further delay a foreclosure action that has been pending for over 10 years. On September 5, 2024, this Court granted the Trust

**USA Mortgage**

## You Have Been Pre-Approved for a Purchase Price up to $365,000.00!

Prospective Applicant(s): Linda Nzeadibe

Congratulations on being pre-Approved. Now you're ready to confidently make an offer on your dream home. This letter is for your records. Best of luck with your home search!

| | |
|---|---|
| Date | 3/15/2025 |
| Address | TBD<br>Newark, NJ 07107 |
| Loan Amount | $332,150.00 |
| Loan Program | FHA 30 Year Fixed |
| Subject to Sale of Home | N/A |
| Property Taxes | **$6,700.00** |

Additional Requirements:

- Final investor approval
- Private mortgage insurance approval, if applicable
- Fully executed sales contract with all addendums
- Satisfactory appraisal supporting sales price

### What is this amount based on?

Your pre Approval is based upon the information you provided regarding your income and assets, as well as a check of your credit. A prequalification is different from a preapproval which is a formal underwriting review of written income, credit, and asset information. A prequalification is really a preliminary indication of the loan amount for which you could potentially be approved. It is not a loan approval or a commitment to lend.

### What does an approval of my loan require?

USA Mortgage would require the submission of a complete loan application and all supporting documents. We would then perform a comprehensive analysis of your creditworthiness and resources, including verification of income, assets, and other information you have provided.

If you have any questions, or if we can be of further assistance, please feel free to contact me.
Thank you for choosing USA Mortgage.

Michele Cardinal
609-713-9232
mcardinal@usamortgage.com
1917 Welsh Road | Philadelphia, PA 19115
NMLS ID 223110

Click here to see some of our amazing reviews!
★★★★★ 4.89/5



**Be Prepared with Our Home Buyer's Guide**
Click the image to view our Journey Towards Home Ownership book to help you learn the next steps to take!

U.S.C.A. 3rd CIR

UNITED STATES APPELATE COURT
District of Philadephia

US Bank NA

Plaintiff

v.

ADESINA OGUNLANA

Defendant

Bankruptcy CASE NO.: 22-12287
NJ APPELATE CASE# A-02450-24

NOTICE OF REMOVAL

NOTICE OF REMOVAL PURSUIT TO BANKRUPCY RULE 9027 AND 28 U.S.C. §1452

US Attorney General
District of New Jersey
970 Broad Street
Newark, NJ 07102

BANKRUPTCY COURT
District of New Jersey
970 Broad Street
Newark, NJ 07102

PLEASE TAKE NOTICE that the undersigned pro se Defendant will on Monday.August 11,2025, at 9.00a.m. move before the court at the US District Court for the District of Philadephia US Courthouse, 601 Market street Philadephia PA 191011 for leave to remove matter F-0003777-20 before the Bankruptcy Court to the US Appelate District court on the following grounds:

a) The Bankruptcy district court violated the federal Rule of civil procedure 15 govern Law.

B) The district court denied the rights to and appointing a substituting and competent "attorney of Law" as debtors honorable requested.

c. The State Court ruling created a conflicted order with the federal district court dated Feburary 28,2025.

d. The State court violated the Constitutional Law under the supremacy clause of the constitution

e. The Plaintiff's counsel misleads the court into making an invalid order.

f. The NJ State court violated the Bankruptcy codes by initiating a foreclosure action on a subject matter that is pending at the Bankruptcy Court under U.S.C.Sec.1452(a) and N.J. Ct. Rule.6:4-1

Respectfully submitted:

By: ______________________ Dated: 5/24/2025

Adesina Ogunlana

Debtor(s): ADESINA B. OGUNLANA

Case No.: 22-12287 JKS

Caption of Order: ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION

The Plan of the Debtor having been proposed to creditors, and hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

- ORDERED, that the plan of the above named Debtor dated 1/30 2025, or as amended at the confirmation hearing is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the Debtor; and it is further
- ORDERED, that to the extent that the Debtor's plan contains motions to avoid judicial liens under 11 U.S.C. Section 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified herein:
- ORDERED, that commencing 4/1/2022, the Debtor shall pay the Standing Trustee

  the sum of $17,325.00 paid into date over 34 month(s), and then

  the sum of $550.00 for a period of 26 month(s), which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586. The unsecured creditors shall receive on a pro rata basis, the balance remaining from the payments set forth in this paragraph, after payment of all administrative, priority & secured claims (i.e., Pot Plan); and it is further
- ORDERED, that a short sell property of 13-138 North 13th Street by 6/30/2025 or the case will be dismissed upon certification of the Standing Trustee with 14 days notice to debtor(s) and debtor's attorney; and it is further
- ORDERED, that mortgage arrears are to be paid outside the plan through pending short sale of propetry; and it is further
- ORDERED, that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged; and it is further
- ORDERED, that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the Debtor, Debtor's attorney and any other party filing a Notice of Appearance.

00 163 85 361

Loan # ~~00 361~~

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Marie-Ann Greenberg MAG-1284
Chapter 13 Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840

Order Filed on February 28, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

IN RE:
ADESINA B. OGUNLANA

Case No.: 22-12287 JKS

Hearing Date: 2/27/2025

Judge: JOHN K. SHERWOOD

**ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION**

The relief set forth on the following pages, numbered 2 through 2 is hereby **ORDERED.**

DATED: February 28, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

LOAN # 00 ~~763~~
163 85 361

Case 22-12287-JKS Doc 98 Filed 06/09/25 Entered 06/09/25 Desc Main Document Page 39 of 39

USA Mortgage

# Conditional Underwriting Agreement – Realtor Copy

July 25, 2024

Linda Nzeadibe
56 Lindsley Ave Unit B
Irvington, NJ, 07111

DAS Acquisition Company is pleased to inform you that your request for a mortgage loan to be secured by a first/second deed of trust has been underwritten on the following terms. Some of these conditions could jeopardize the approval of this loan so it is imperative that we collect these as soon as possible so a commitment can be issued.

| | | | |
|---|---|---|---|
| Loan Number | BROM062882911 | | |
| Subject Property | 56 LINDSLEY AVE<br>IRVINGTON, NJ, 07111-5369 | | |
| Sales Price | 310,000.00 | | |
| Principle Amount of Loan | 293,345.00 | | |
| Rate of Interest | 7.250 | | |
| Lock Expiration Date | // | Caps* | // |
| Amortization | 360 | Index* | |
| Loan Type | FHA 30 Year Fixed | Margin* | |

SUBJECT TO:

This loan is subject to other conditions for final approval. Borrower has been notified of conditions needed to issue full Loan Commitment.

TITLE will be reviewed prior to closing. Any judgements or liens may render this letter null and void.

VERBAL RE-VERIFICATION OF EMPLOYMENT AND INCOME must be obtained by Lender prior to closing. Any material change to your employment status or income may render this commitment letter null and void.

OCCUPANCY PERMIT (FHA only)- If the subject property is located in a municipality where an occupancy permit and/or code compliance is required, USA shall be furnished with a copy of the permit and proof of compliance with applicable laws, regulations and zoning requirements.

FUNDS AT CLOSING must be in the form of a cashier's check payable to the title company. No personal checks will be accepted. Please consult your banking institution regarding potential holds on transferred funds, wires, or recent deposits that you may be using for closing.

CLOSING FIGURES WILL NOT BE RELEASED UNTIL ALL PREDICATIONS HAVE BEEN RECEIVED AND APPROVED BY OUR UNDERWRITING DEPARTMENT.

WE ALSO UNDERSTAND THAT ANY NEW DEBT INCURRED UP TO AND INCLUDING THE DAY OF CLOSING COULD CAUSE THIS QUALIFICATION TO BE RENDERED NULL AND VOID.

Upon compliance with the above, this commitment will remain in effect until // and the loan must be closed on or before this date. It is agreed by and between the parties hereto, that this contract is made under the laws of the State of Missouri, where it is issued at mortgagee's home office and that, in any proceeding involving this agreement or any obligation hereunder, the laws of Missouri shall apply.

If you have any questions, or if we can be of further assistance, please feel free to contact Alexis Simone at 856-412-4873.

Thank you for choosing USA Mortgage.

By: Jen Epperley

DAS Acquisition Company, LLC

Company NMLS: 227262
12140 Woodcrest Executive Drive, Suite 150, St. Louis, MO 63141

UNENFORCEABLE UNLESS SIGNED BY THE UNDERWRITER

Case 22-12287-JKS Doc 106 Filed 08/01/25 Entered 08/02/25 00:15:10 Desc
Imaged Certificate of Notice Page 1 of 4

Order Filed on July 30, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>Adesina B. Ogunlana,<br><br>Debtor. | Case No.: 22-12287<br>Chapter: 13<br>Hearing Date: 7/24/2025<br>Judge: John K. Sherwood |

**ORDER DENYING MOTION TO REMOVE STATE COURT CASE**

The relief set forth on the following page is hereby **ORDERED**.

**DATED: July 30, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

Marie-Ann Greenberg, MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:
ADESINA B. OGUNLANA

Case No.: 22-12287JKS

HEARING DATE: 09/25/2025 at 10:00 AM

## TRUSTEE'S OBJECTION TO DEBTOR(S) MOTION TO VACATE ORDER DENYING REMOVE STATE COURT ACTION

Marie-Ann Greenberg, the Chapter 13 Standing Trustee by way of objection to Debtor(s) Motion to Vacate Order Denying Remove State Court Action, respectfully objects as follows:

- The Trustee reiterates her previous objection filed at docket entry ninety-five on May 9, 2025.

It is for this reason and any others the Court deems fit that the Motion should be denied.

Dated: August 27, 2025

By: /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee

**USA Mortgage**

# You Have Been Pre-Approved for a Purchase Price up to $365,000.00!

Prospective Applicant(s): Linda Nzeadibe

Congratulations on being pre-Approved. Now you're ready to confidently make an offer on your dream home. This letter is for your records. Best of luck with your home search!

| | |
|---|---|
| Date | 3/15/2025 |
| Address | TBD<br>Newark, NJ 07107 |
| Loan Amount | $332,150.00 |
| Loan Program | FHA 30 Year Fixed |
| Subject to Sale of Home | N/A |
| Property Taxes | **$6,700.00** |

Additional Requirements:
- Final investor approval
- Private mortgage insurance approval, if applicable
- Fully executed sales contract with all addendums
- Satisfactory appraisal supporting sales price

## What is this amount based on?

Your pre Approval is based upon the information you provided regarding your income and assets, as well as a check of your credit. A prequalification is different from a preapproval which is a formal underwriting review of written income, credit, and asset information. A prequalification is really a preliminary indication of the loan amount for which you could potentially be approved. It is not a loan approval or a commitment to lend.

## What does an approval of my loan require?

USA Mortgage would require the submission of a complete loan application and all supporting documents. We would then perform a comprehensive analysis of your creditworthiness and resources, including verification of income, assets, and other information you have provided.

If you have any questions, or if we can be of further assistance, please feel free to contact me.
Thank you for choosing USA Mortgage.

Michele Cardinal
609-713-9232
mcardinal@usamortgage.com
1917 Welsh Road | Philadelphia, PA 19115
NMLS ID 223110
Click here to see some of our amazing reviews!
★★★★★ 4.89/5



**Be Prepared with Our Home Buyer's Guide**
Click the image to view our Journey Towards Home Ownership book to help you learn the next steps to take!

[illegible]

AUG 11 2025
U.S.C.A. 3rd CIR

UNITED STATES APPELATE COURT
District of Philadephia

US Bank NA

Plaintiff

v.

ADESINA OGUNLANA

Defendant

Bankruptcy CASE NO.: _22-12287
NJ APPELATE CASE# A-02450-24

NOTICE OF REMOVAL

**NOTICE OF REMOVAL PURSUIT TO BANKRUPCY RULE 9027 AND 28 U.S.C. §1452**

**US Attorney General**
**District of New Jersey**
**970 Broad Street**
**Newark, NJ 07102**

**BANKRUPTCY COURT**
**District of New Jersey**
**970 Broad Street**
**Newark, NJ 07102**

PLEASE TAKE NOTICE that the undersigned pro se Defendant will on Monday.August 11,2025, at 9.00a.m. move before the court at the US District Court for the District of Philadephia US Courthouse, 601 Market street Philadephia PA 191011 for leave to remove matter F-0003777-20 before the Bankruptcy Court to the US Appelate District court on the following grounds:

a) The Bankruptcy district court violated the federal Rule of civil procedure 15 govern Law.

B) The district court denied the rights to and appointing a substituting and competent "attorney of Law" as debtors honorable requested.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Marie-Ann Greenberg MAG-1284
Chapter 13 Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840

Order Filed on February 28, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

IN RE:
ADESINA B. OGUNLANA

Case No.: 22-12287 JKS

Hearing Date: 2/27/2025

Judge: JOHN K. SHERWOOD

**ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION**

The relief set forth on the following pages, numbered 2 through 2 is hereby **ORDERED.**

**DATED: February 28, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

LOAN # 00 ~~753~~
163 85 361

USA Mortgage

# Conditional Underwriting Agreement – Realtor Copy

July 25, 2024

Linda Nzeadibe
56 Lindsley Ave Unit B
Irvington, NJ, 07111

DAS Acquisition Company is pleased to inform you that your request for a mortgage loan to be secured by a first/second deed of trust has been underwritten on the following terms. Some of these conditions could jeopardize the approval of this loan so it is imperative that we collect these as soon as possible so a commitment can be issued.

| | | | |
|---|---|---|---|
| **Loan Number** | BROM062882911 | | |
| **Subject Property** | 56 LINDSLEY AVE<br>IRVINGTON, NJ, 07111-5369 | | |
| **Sales Price** | 310,000.00 | | |
| **Principle Amount of Loan** | 293,345.00 | | |
| **Rate of Interest** | 7.250 | | |
| **Lock Expiration Date** | // | **Caps*** | // |
| **Amortization** | 360 | **Index*** | |
| **Loan Type** | FHA 30 Year Fixed | **Margin*** | |

SUBJECT TO:

**This loan is subject to other conditions for final approval. Borrower has been notified of conditions needed to issue full Loan Commitment.**

TITLE will be reviewed prior to closing. Any judgements or liens may render this letter null and void.

VERBAL RE-VERIFICATION OF EMPLOYMENT AND INCOME must be obtained by Lender prior to closing. Any material change to your employment status or income may render this commitment letter null and void.

OCCUPANCY PERMIT (FHA only)- If the subject property is located in a municipality where an occupancy permit and/or code compliance is required, USA shall be furnished with a copy of the permit and proof of compliance with applicable laws, regulations and zoning requirements.

FUNDS AT CLOSING must be in the form of a cashier's check payable to the title company. No personal checks will be accepted. Please consult your banking institution regarding potential holds on transferred funds, wires, or recent deposits that you may be using for closing.

**CLOSING FIGURES WILL NOT BE RELEASED UNTIL ALL PREDICATIONS HAVE BEEN RECEIVED AND APPROVED BY OUR UNDERWRITING DEPARTMENT.**

**WE ALSO UNDERSTAND THAT ANY NEW DEBT INCURRED UP TO AND INCLUDING THE DAY OF CLOSING COULD CAUSE THIS QUALIFICATION TO BE RENDERED NULL AND VOID.**

Upon compliance with the above, this commitment will remain in effect until // and the loan must be closed on or before this date. It is agreed by and between the parties hereto, that this contract is made under the laws of the State of Missouri, where it is issued at mortgagee's home office and that, in any proceeding involving this agreement or any obligation hereunder, the laws of Missouri shall apply.

If you have any questions, or if we can be of further assistance, please feel free to contact Alexis Simone at 856-412-4873.

Thank you for choosing USA Mortgage.

By: Jen Epperley
DAS Acquisition Company, LLC

Company NMLS: 227262
12140 Woodcrest Executive Drive, Suite 150, St. Louis, MO 63141

UNENFORCEABLE UNLESS SIGNED BY THE UNDERWRITER

Case 22-12287-JKS Doc 106 Filed 08/01/25 Entered 08/02/25 00:15:23 Desc
Imaged Certificate of Notice Page 1 of 4

Order Filed on July 30, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>Adesina B. Ogunlana,<br><br>Debtor. | Case No.: 22-12287<br>Chapter: 13<br>Hearing Date: 7/24/2025<br>Judge: John K. Sherwood |

**ORDER DENYING MOTION TO REMOVE STATE COURT CASE**

The relief set forth on the following page is hereby **ORDERED**.

**DATED: July 30, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

**Marie-Ann Greenberg, MAG-1284**
**Marie-Ann Greenberg, Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ 07004-1550**
**973-227-2840**
**Chapter 13 Standing Trustee**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

IN RE:
ADESINA B. OGUNLANA

**Case No.: 22-12287JKS**

**HEARING DATE: 09/25/2025 at 10:00 AM**

**TRUSTEE'S OBJECTION TO DEBTOR(S) MOTION TO VACATE ORDER DENYING REMOVE STATE COURT ACTION**

Marie-Ann Greenberg, the Chapter 13 Standing Trustee by way of objection to Debtor(s) Motion to Vacate Order Denying Remove State Court Action, respectfully objects as follows:

- The Trustee reiterates her previous objection filed at docket entry ninety-five on May 9, 2025.

It is for this reason and any others the Court deems fit that the Motion should be denied.

Dated: August 27, 2025

By: /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee