FILED:BANKRUPTCY:NJ
2026 AUG 12 PM4:05:41

**REPLIED MOTION COVER**

NITED STATES BANKRUPTCY COURT.
DISTRICT OF NEW JERSEY
DOCKET CASE NO : **22-12287**
CHAPTER 13

US BANK N/A
PLAINTIFF

V

ADESINA OGUNLANA
REALTEX PROPERTY MGT INC

DEFENDANTS

/

CIVIL ACTION

REPLY TO MOTION FOR OBJECTION

HONORABLE JUDGE JOHN K SHERWOOD

.

**REPLY TO ADVERSARY 'S MOTION OF**

**/ OBJECTION**

BY :

ADESINA OGUNLANA
REALTEX PROPERTY MGT INC
31 VOSE AVENUE
SOUTH ORANGE NJ 07079
EMAIL OLAYEMI2014@COMCAST..NET

## TABLE OF CONTENT


| | | |
|---|---|---|
| 1) | Table of Judgment | 2 |
| 2) | Table of Authorities | 3 |
| 3) | Preface | 4 |
| 4) | Statemennt of Case/Facts | 5 |
| 5) | Summary Argument | 5 |
| 6) | Argument | 6 |

A ) Can the Court grant a valid under a contested petition, Clause with Non – - compliance" to the Federal Civil Procedural Rule under any circumstance

B ) The Bankruptcy Trial Court erred when it granted a summary Judgment to the Opposing Parties that violated the statutory Law 18 U.S.C $$ 401(3) because of

C ) The Bankruptcy Trial Court erred when it granting summary Judgment to the Trustee and the Opposing party a final judgment because their stood in "non-compliance "to Civil Procedural Rule 9027 and 28 U.S.C $$ 1452


## TABLE OF JUDGMENT WITH PREJUDICE

A) On 7/3/30/2025 the Bankruptcy Court denied petitioner's notice to for removal of State Cort Case to the Federal District Court inn violation of Procedural Rule 28 U.S.C $$ 1452 and the Bankruptcy Code Rule 9027

B ) On 11/05/2025, the Federal Bankruptcy district Court dismissed the Petitioner Chapter 13 Case for failure to sell property by 6/30/2025 despite the Court's denial Debtors' constitutionally rights to Fair Hearing.

## TABLE OF AUTHORITIES

**See Green V United States 368 U.S. 165 (1958)**

See Mullaane V Centre Hanover Bank & Trust Co 339 U.S 306 ( 1950)

See People V Greene 71 Cal 100 ( 16 Pac 197 , 5am St Rep 448.

See Kalb v Feuerstein ( 19540 ) 306 U.S 433 .60 S Ct. 343 841 Ed 370.

LEGAL AUTHORITIES

A ) FDERAL CIVIL PROCEDURAL RULES 60 (b) 1, 28 U.S.C $$ 1452 & 9027

B ) THE STATOUTORY LAW : 18 U.S.C $$ 401(3)-
"The disobedience of federal courts order"

C ) PRECEDENTIAL PERSPECTIVES

U.S BANK V GULLIAUME 209 N.J 449 38 A 3D 570 (2012)

D ) C ONSTITUTIONAL BASIS

1) ▯ **Fifth Amendment:** Stops the federal government from taking away life, liberty, or property without fair legal procedures.

2 ) ▯ **Fourteenth Amendment:** Extends these exact protections to actions taken by State and Local Governments

3 ) **Key Legal Protections**

- **Notice:** The right to clear warning and information before the government takes action against you.
- **Opportunity to be Heard:** The right to a fair hearing or trial to present your side of the story.
- **Impartial Tribunal:** The right to have your case decided by a neutral judge or jury rather than a biased official

## PREFACE/INTRODUCTION

The Debtor, [Adesina Ogunlana], acting *pro se*, respectfully submits this Response to the Adversary's Objection to Reopen the Case. The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), (4), and (5), and (6) made applicable here by Federal Rule of Bankruptcy Procedure 9024. As demonstrated below, the prior dismissal was executed under severe procedural defects, in direct violation of the Debtor's constitutional right to due process, and without giving the Debtor a meaningful opportunity to be heard or present evidence. Accordingly, the Adversary's objection should be overruled, the case reopened, and the prior dismissal Order vacated to prevent a manifest injustice

. The original judgments were improper because the Court failed to adhere to the mandatory procedural requirements under Rule 60(b)(1), the Civil Procedural Rule **28 U.S.C $$ 1452 and Bankruptcy Rule 9027.** Which the federal Civil Procedural court Case regulation.

The alleged District Court oversight resulted in a fundamentally constitutionally rights violations and Significant judicial prejudice.

## STATEMENT OF THE CASE

A ) On 5/17/2025, the Debtor filed amended "NOTICE OF REMOVAL"" for State Court civil case to Federal District Court because the federal District Court has the original jurisdiction to hear the Case

B). On 6/09/2025 , the Debtor filed a Modified " Notice" for the removal of my state Court Case to the federal district Court because the federal District Court has the original jurisdiction to hear the Case under Procedural Rule 9027 and Rule 28 U.S.C $$ 1452

3) The Debtor timely and properly filed a " Notice of Removal pursuant to Federal Rule of Bankruptcy Procedure 9027

(4) The. Adversary filed a document titled :::

"TRUSTEE OBJECTION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE"

5 ) The opposing party US Bank also filed a document titled

"OPPOSITION TO DEBTOR'S MOTION TO ROMOVE STATE COURT CASE

6) Under Bankruptcy 9027, the mandatory and exclusive procedural vehicle for an Opposing Parties to challenge a removal is a MOTION TO REMAND under Bankruptcy Procedure Rule 9027 governing legal Authority

7) The prior Denied Order entered on 7/30/2025 under a severe procedural defect, when the Adversary failed to "comply with the Federal Rule of Bankruptcy Procedure 9027 by filing an unauthorized ´" Objection" instead of a mandatory "Motion to Remand"

7) By the Court granting the Adversary 's " procedural defect"- motion filing without providing the Debtor an opportunity to respond or present evidence then

**the court violated the Debtor' Constitutional right to due process.**

**8) Accordingly, the prior Order is Void , the Adversary Parties – US Bank current "Motion of Objection" must be overruled and Debtor's Case should be reopened**

**9 ) A Judgment is Void under Rule 60 (b) (4) if the court acted in a manner inconsistent with Due Process of Law. By the Court failed to give the Debtor chance to respond to an Adversary 's Motion of Objection is a Textbook definition of a VOID .**

**10 ) The Adversary's "Motion of Objection" was again executed under procedural "Non- Compliance". ground.**

**The Rule of Bankruptcy code 9027 states any opposing party trying to object to Debtor's "Notice of Removal " must file " Notice to Remand" and not "Notice of Objection". Objection would be considered a violation of the constitutional right to "Remove" State Court Case Pursuant to Rule ^60 (b) (4)**

**11) The Court erred when it granted an summary judgement to the Adversary on 7/30/2025 without affording the Debtor an opportunity to be heard and denied the Debtor's constitutional right to present elements and exhibits to support his Claims against the Adversary 's Motion of Objection with procedure** defects See Exhibit A

**12 ) The Procedural Due Process involves the step must be taken before someone is deprived of an interest involving Life Liberty or Property. These vary depending the Situation but typically include Notice and an opportunity to be heard as well as an unbiased decision maker.**

**13) Sometimes procedural due process also may entail a right to prevent evidence, a right to cross- examine opposing witness and an opportunity to m be represented by Counsel among other protections**

## MEMORANDUM OF LAW..

**POINT 1 The ORDER IS VOID UNDER RULE 60 (b) ( 4) DUE TO A DENIAL OF DUE PROCESS**

14 ) A Court judgment or Order is completely void under 60(b) ( 4 ) When the Court enters a judgment in a manner inconsistent with constitutional Due Process... The violation occurred when the Court failed to give notice and an opportunity to be heard.

15) By Court signing the Adversary 's order on (7/30/2025) before the Debtor could file his opposition (7/31/2025 and 8/13/2025), the Court stripped away Debtor's his right to be heard.

See Exhibit B

**POINT 1 1: THE ADVERSARY'S NON – COMPLIANCE WITH RULE 9027 ERRONEOUSLY MISLED THE COURT**

15) The procedural Bankruptcy Rule 9027 require does not provide for standard "OBJECTION" to defeat a "NOTICE OF REMOVAL" .

The case remains in the federal Court until a party files a Motion to Remand and a Judge explicitly order a remand after review the morit. Both the Denial Order and the "Objection were inconsistent with constitutional due process. The Court was erroneously misled by the Adversary " non-compliance" filing

The Court or the Adversary's violation stemmed from bypassing the required motion process. The Adversary avoided the legal standard

required for motion for a remand causing a severe procedural defect that infected the entire case credibility

See Kemp V United States 142 S ct 185 6 (2022) The Supreme Court clarified that a judge's error of Law is considered a "Mistake" under Rule 60( b) (1) allowing for the correction of the mistake made by Court.

Under Due Process requirement: The Supreme Court has long held that a fair trial in fair Court hearing or Court proceeding is a basic requirement of Due Process

Point 11 **RELIEF IS WARRANTED WHEN THE COURT ACTION IS INCONSISTENT WITH DUE PROCESS OF LAW UNDER RULE 60 (b) ( 4 )**

**LACK OF NOTICE** Pro -se flier requires Physical Services . While the opposing Party or Adversary Party receive or requires electronic notification , Therefore electronic delivery to other parties does not constitutes notice or service to the Debtor..

## LEGAL ARGUMENT :

A ) Due Process Notice and Opportunity to be heard or no opportunity to present evidence or was denied the chance to defend my bankruptcy Case.

B) A void Judgment must be vacated . The reason is the Court

**has no discretion on void judgment if Due Process was violated the Order can not stand.**

## STATEMENT OF THE CASE 11

1). On November 20, 2024, the Debtor and the Lender entered into active, formal Short Sale negotiations and review to resolve the property debt.

2). On February 28, 2025, this Federal Bankruptcy Court entered a Confirmation Order granting the Debtor authority to proceed with the Short Sale of the property.

3). Adversary counsel, Richard, attended the federal hearings and had full notice of this Court's order authorizing the consensual Short Sale.

4). Despite the pending federal short sale authorization, the Lender's counsel simultaneously pursued state court action and, on March 28, 2025, obtained a State Court order authorizing a Foreclosure Sale of the exact same property.

5). The existence of two conflicting court orders—a Federal Short Sale authorization .and a State Foreclosure order—created severe legal title obstacles, rendering it legally and practically

impossible for the Debtor to execute a private sale by the June 30, 2025 deadline.

6). .At the exact same time these conflicting orders paralyzed the sale, the Plaintiff's Action leaving the Debtor *pro se*. perplexed causing emotional distress and a loss of hope.

7) The Debtor timely filed a Notice of Objection to inform the Court of these conflicting orders .

8) The Court entered an order dismissing the case without scheduling an evidentiary hearing, denying the Debtor a meaningful opportunity to be heard or present evidence regarding the Lender's conflicting state court actions.

## POINT 11 : MEMORANDUM OF LAW 11

### The Prior Dismissal Order Must Be Vacated Under Rule 60(b)(1) and (6) Because the Lender Created the Impossibility

Relief under Rule 60(b) is highly warranted when a party's compliance with a court deadline is rendered impossible by the deceptive or conflicting actions of the opposing party.

1) Here, the Debtor was under a federal mandate to sell the property. However, the Adversary's counsel, Richard, actively participated in a dual-tracking strategy. While aware of the Federal Court's February 28, 2025 Short Sale confirmation, the Lender actively sought and obtained an aggressive, conflicting State Court foreclosure order on March 28, 2025.

2) This created an absolute clouds on title and an insurmountable legal roadblock. A debtor cannot be penalized with case dismissal for failing to meet a deadline that the opposing party actively sabotaged through dual-court manipulation. Combined with the sudden abandonment by the Debtor's counsel, these constitute extraordinary circumstances under Rule 60(b)(6).

## Point 11: **The Lender Violated the Automatic Stay and Undermined Federal Supremacy**

1) **Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this**

**Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.**

**The Lender's circumvention of this Court's authority by obtaining a state foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration. By By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset**

See Exhibit ( B )

LEGAL ARGUMENT ON COURT
PROCEDURAL NON=COMPLIANCE

1) Procedural Rule 28 U.S/C $$ 1452 : Grant the Removal Power under the under the U.S constitutional Law .This Statutes allows any party to pull a specific Claim or cause of action out of State Court into the Federal District Court through " NOTICE OF REMOVAL".

2 ). Bankruptcy Procedural Rule 9027 : As also provided in Bankruptcy Rule 9027(d), States : A party seeking to oppose removal of a claim or cause of action pursuant Bankruptcy Rule 9027(d) may file a " motion to remand " in the

bankruptcy court will be governed by Bankruptcy Rule 9014 and must be served on the parties to the removed claim or cause of action.

**RESPONSE NUMBER ONE ON**
**ADVERSARY ' S MOTION OF OBJECTION**

ANSWER NUMBER ONE , Pursuant to Rule 60(b) ( 1) the Court may relieve a party from final judgment .or Order. for one of the Six listed reason. The very first reason ( Subsection 1) - is mistake, inadvertence, or surprise or excusable

Let us review the Court Statutory Law on Court's violation that warranted this Dismissal Order that needs to be vacated and reinstate/ reopen Case to an active Docket.

The Debtor had previously elaborated in his certification dated 5/25/2026 for the Same reason why the Honorable Court to respectfully vacate and reinstate/ reopen the Case to an active Docket on the follow: grounds

A ) On 5/17/2025 , the Debtor filed amended " NOTICE" for removal of State Court civil case to Federal District Court because the federal District Court has the original jurisdiction to hear the Case matter.

B ) On or before 6/09/2025 , the Debtor filed a Modified " Notice" for the removal of his State Court Case to the federal district Court because the federal District Court has the original jurisdiction to hear the Case under Bankruptcy Procedural Rule 9027 and Rule 28 U.S.C $$ 1452

C ). The Adversary filed an Objection motion against the Debtor;s " Notice of

Removal" from State Court Case to the Federal District Court ( 7/30/2025)

**KEY LEGAL AUTHORITY ON CASE's REMOVAL UNDER**
**PROCEDURAL RULES 9027 AND 28 U.S.C $$ 1452**

C) The Federal Procedural Rules state

1) A party seeking to oppose removal of a claim or cause of action pursuant to 28 U.S.C. §1452(a) may file a motion to remand in the bankruptcy court.

2 As also provided in Bankruptcy Rule 9027(d), States :

A party seeking to oppose removal of a claim or cause of action pursuant to Bankruptcy Rule 9027(d) may file a " motion to remand " in the bankruptcy court will be governed by Bankruptcy Rule 9014 and must be served on the parties to the removed claim or cause of action.

3) Furthermore, the Bankruptcy Court erred when it granted a summary judgment because the Adversary Parties Motion of Objection dated 7/17/2025 were filed with a lot of legal procedural defects.

2) The court erred when it granted summary judgment to the Adversary Parties because the Adversary's Motions were filed in violation of the Federal Civil Procedural Rule 28 U.S.C. §1452(a) and Bankruptcy Rule 9027

3) The Adversary "Motion of Objection " was wrongfully executed. that resulted in the procedural harm on the Debtor's Case and Credibility.

4) The Federal Rule of Bankruptcy Procedural 9024 and Federal Rule of Civil Procedural 60(b) that identifies exactly where the Certification of Adesina Ogunlana Obtained his legal and factual grounds for relief .

5) The Court erred when its granted Summary Judgment to the wrongfully and

Procedural ( Non – Compliance) ": Motion of Objection" of the opposing Parties.

7( As a result of this judicial error and Procedural defect as stated above :

Under the federal procedural Rule 60( b) 1 allows a Court to reopen a Case matter after it is over. It states the Court may relieve a party from a final judgment .or Order. for one of the Six listed reason :The very first reason ( Subsection 1) - is mistake, inadvertence, surprise or excusable neglect.

8 ) MISTAKE OR JUDICIAL ERROR : IN Kemp V United States , 142 S. CT.1856(2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Error or Mistake under Rule 60( b ) 1 allowing for the correction of mistake made by Court

Under also Federal Rule of Bankruptcy Procedural 9024, there are specific grounds such as Error, Mistake, inadvertence, Surprise and excusable neglect as the basis for relief from final judgment. IN Kemp V United States , 142 S. CT.1856(2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Error or Mistake under Rule 60( b ) 1 allowing for the correction of mistake made by Court

## Point I: The Prior Dismissal Must Be Vacated Under Rule 60(b)(1) and (6) Because the Lender Created the Impossibility

1) Relief under Rule 60(b) is highly warranted when a party's compliance with a court deadline is rendered impossible by the deceptive or conflicting actions of the opposing party.

2). Here, the Debtor was under a federal mandate to sell the property. However, the Adversary's counsel, Richard, actively participated in a dual-track strategy. While

aware of the Federal Court's February 28, 2025 Short Sale confirmation, the Lender actively sought and obtained an aggressive, conflicting State Court foreclosure order on March 28, 2025.

This created an absolute cloud on title and an insurmountable legal roadblock. A debtor cannot be penalized with case dismissal for failing to meet a deadline that the opposing party actively sabotaged through dual-court manipulation. Combined with the sudden abandonment by the Debtor's counsel, these constitute extraordinary circumstances under Rule 60(b)(6).

## Point II: The Lender Violated the Automatic Stay And Undermined Federal Supremacy

**Under the U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order which took legal supremacy.**

**The Lender's circumvention of this Court's authority by obtaining a State Court foreclosure Sale order just one month later on March 28, 2025, directly conflicted with the bankruptcy etate's administration.**

**By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset.**

Pursuant to Rule 60(b) (6) provides for specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding of the Prior Dismissal order must be vacated Under Rule 60(b)(1) and (6) because the Lender created the Impossibility

**QUESTION TWO ON**
**ADVERSARY'S MOTION OF OBJECTION**

QUESTION TWO **B.** There was No Mistake or Judicial Error By The Court Debtor argues a mistake by the Court supporting vacating the Dismissal Order under Rule 60(b)(1). Debtor asserts that a State Court order conflicted with a Federal Court order. See Doc. 139-5 at 1. Debtor alleges that "[o]n 3/28/26, the State Court issued an order which was in conflict with the existing Federal [ B] bankruptcy Court Order dated 2/28/25." Debtor des not further identify these orders, does not include copies of these orders and fails to explain how an order dated 3/28/26, could have contributed to a mistake by this Court more than six months earlier when it entered the Dismissal Order on November 5, 2025. There was no mistake or judicial error to support vacating the Dismissal Order and the Motion to Vacate should be denied

.

**RESPONSE NUMBER TWO ON**
**ADVERSARY'S MOTION OF OBJECTION**

ANSWER NUMBER TWO **The Adversary's Motion should be dismissed and denied as it attempt s to circumvent clearly the federal procedural Rule 60( b) (1) the states : A Motion timeliness " Reasonable Time and the one year limit.**

**Procedural Rule 60(b) 1(1 ) legally states a motion must be filed within a "reasonable" time," but for claims based on mistakes, newly discovered evidence, or fraud, the absolute maximum is one year from the entry of the judgment or order and explicitly not in Six Months as the adversary's asserted or wrote.**

B ) There was No Mistake or Judicial Error By The Court Debtor argues a mistake by the Court supporting vacating the Dismissal Order under Rule 60(b)(1 the Adversary Motion

asserted or wrote : .But the actual fact the Debtor demonstrated that the Adversary's procedural Defect Motion of Objection erroneously misled the court'

C ) Let's review the fact again:

The Debtor's current Statement of Fact and prior " Certification " demonstrated " on the Adversary Motion that was submitted and misled the Court on 7/ 30/2025 to obtain a summary judgment.

Again, the on **or before 6/09/2025 , the Debtor filed a " Notice of Removal" of State Court Case to the federal district Court because the federal District Court that has the original jurisdiction to hear the Case under Bankruptcy Procedural Rule 9027 and Rule 28 U.S.C $$ 1452**

**D ) . The Adversary filed an Objection motion against the Debtor;s " Notice of Removal" from State Court Case to the Federal District Court on or before 7/ 30/2025 .**

**KEY LEGAL AUTHORITY ON CASE REMOVAL UNDER**
**<u>PROCEDURAL RULES 9027 AND 28 U.S.C $$ 1452</u>**

**C) The Federal Procedural Rules state**

1) **A party seeking to oppose removal of a claim or cause of action pursuant to 28 U.S.C. §1452(a) may file a motion to remand in the bankruptcy court.**

2) **As also provided in Bankruptcy Rule 9027(d), Also states) A party seeking to oppose removal of a claim or cause of action pursuant to Rule 9027(d ) to. file a " Motion to Remand " that will be governed by Rule 9014 and must be served on the parties to the removed claim or cause of action.**

**E ) The court erred when it granted summary judgment to the Adversary Parties because the Adversary's Motions were filed in violation of the Federal Civil Procedural Rule 28 U.S.C. §1452(a) and Bankruptcy Rule 9027**

**F ) MISTAKE OR JUDICIAL ERROR : IN Kemp V United States , 142 S. CT.1856(2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Mistake under Rule 60( b ) 1 allowing for the correction of mistakes made by Court**

## A). The Lender Violated the Automatic Stay and Undermined Federal Supremacy

Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy The Lender's circumvention of this Court's authority by obtaining a State Court's order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration.

By rushing to dismiss the Debtor's case on 7/30/2025 without an evidentiary hearing, this Bankruptcy Court was prevented from learning that the Lender had actively impaired Judge John K

Sherwood's " Power of Court" under the Supremacy Clause and the Debtor's ability to sell the property located at 136-138 North 13th street Newark NJ 07107

SUPREMACY CLAUSE States The Supremacy Clause, found in Article VI, Clause 2 of the U.S. Constitution, states that the Constitution, federal laws made under it, and U.S. treaties are the "supreme Law of the Land". It requires state court Judges to follow federal law and override any conflicting state laws or state constitutions

**The Adversary's motion should be denied and dismissed as it attempts to circumvent clear Supremacy Clause as the highest Authority where the : Federal law wins if it clashes with a state law, as long as the federal law follows the U.S. Constitution. The Debtor demonstrated the Lender (Plaiintiff's Counsel) improper pursued foreclosure action while negotiating a Short Sale an alternative option to foreclosure , a practices the Federal Law prohibited under Rule 12 USC Furthermore Plaintiff 's** U.S Bank's counsel, Richard Abel , attended the federal Court hearing and had notice of this Court's order authorizing the consensual Short Sale.

B ) Despite the pending federal short sale authorization, the Lender's counsel simultaneously pursued state court action and, on March 28, 2025, obtained a

State Court order authorizing a Foreclosure Sale of the exact same property.

C) The existence of two conflicting court orders—a Federal Short Sale authorization on 2/28/2025 and a State Foreclosure order on 3/28/2025 —created severe legal title obstacles, rendering it legally and practically impossible for the Debtor to execute a private sale by the June 30, 2025 deadline.

**F). The Debtor demonstrated the US Bank's counsel action that created the conflicted Orders - State Court Order and Federal Order undermined the Federal Supremacy Clause. The Clause require** State court Judges to follow federal law and override any conflicting state laws or state constitutions.

**QUESTION NUMBER THREE**
**ADVERSARY'S MOTION OF OBJECTION**

**QUESTION NUMBER THREE : C . Debtor Received the Required Due Process Debtor argues that he was denied due process because of a "Lack of Notice" and "no opportunity to be heard." See Doc 139-5 at 2. H e further claims that the Court denied Debtor "the chance to present evidence as why he property was not sold by 6/30/25 or an opportunity to be heard." See Doc 139-5 at 7. While "due process guarantees a litigant the right to be heard" this does not mean that a litigant has the right to a hearing on every motion. Berger v. Hahnemann Univ. Hosp., 765 F. App'x 699, 703 (3d Cir. 2019). Rather, the right to be heard "is satisfied where the plaintiff received the "opportunity to present legal arguments either orally, in writing, or both at the District Court's discretion."' Id. (quoting Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir 1976)); see also Greene v. WCI Holdings Corp., 136 F.3d 313, 316(2d Cir. 1998) ("Every circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 and Rule 56 do no mean that an oral hearing is necessary, but only require that a party** be given the opportunity to present its view to the ourt. ") (collecting cases). "[P]ro se status does not compel a different conclusion. "Berger, 765F. App'x at 704 n.7.

**DEBTOR'S RESPONSE NUMBER 3 TO
ADVERSARY'S MOTION OF OBJECTION**

**ANSWER NUMBER THREE While the Courts have general discretion over Calendars, but the denying a hearing when a party suffered a " lack of Notice" violates the Procedural Due Process Law and constitutes an abuse of discretion**

**LACK OF NOTICE Pro -se flier requires Physical Services . While the opposing Party or Adversary Party receives or requires Electronic notification, Therefore electronic delivery to other parties does not constitutes a Notice or service including the Debtor because yjis group do not have the electronic delivery System access identification card**

**The Court denied Due Process of Law on 7/30/2025. The purported Debtor only recognition of a " NOTICE" mean physical mailing service which does not equate to Court Electronic notification service.**

**By Notice, Pro-se mean paper mailing and is the Pro-se**

**litigants' concept of Court's notice .**

**LEGAL ARGUMENT**

**A). LEGAL GENERAL DISCRETION VS DUE PROCESS**

**Court manage their dockets with discretion but the constitutional Due Process guarantees a fundamental right to notice and opportunity to be heard before substantial rights are affected.**

**B) LACK OF NOTICE: This actually prejudiced Debtor Case when he was unable to prepare a full defense or submit essential evidence on hir Case.**

**C ) DISCRETIONARY POWERS : When the Discretionary power is to deny oral argument or a hearing does not equate to discretionary power to ignore a total failure of service or notice...**

D ) Furthermore , On or before October 10th, 2024, the Debtor and the Lender entered An active formal Short Sale negotiations and review to resolve the property debt.

E ) On February 28, 2025, this Federal Bankruptcy Court entered a Confirmation Order granting the Debtor authority to proceed with the Short Sale of the property.

D) U.S Bank's counsel, Richard Abel , attended the federal Court hearings and had full notice of this Court's order authorizing the consensual Short Sale.

E) Despite the pending federal short sale authorization, the Lender's counsel simultaneously pursued state court action and, on March 28, 2025, obtained a State Court order authorizing a Foreclosure Sale of the exact same property.

F) The existence of two conflicting court orders—a Federal Short Sale authorization and a State Foreclosure order—created severe legal title obstacles, rendering it

legally and practically impossible for the Debtor to execute a private sale by the June 30, 2025 deadline.

G) Relief under Rule 60(b)(6) is highly warranted when a ( Debtor)party's compliance with a court deadline 6/30/2025. Was rendered impossible by the deceptive or conflicting actions of the opposing party US Bank's Counsel.

H ) Here, the Debtor was under a federal mandate to sell the property. on or before 6/30/2025. However, the Adversary's counsel, Richard Abel , actively participated in a dual tracking strategy. whilst aware of the Federal Court's February 28, 2025, Short Sale confirmation Order, the Lender (Plaintiff 's Counsel) actively sought and obtained an aggressive conflicting State Court foreclosure order on March 28, 2025.

The Lender's circumvention of this Court's authority by obtaining a state foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration. By rushing to dismiss the Debtor's case without evidentiary hearing on 7/30/2025, this Bankruptcy Court was prevented from learning that the Lender had actively impaired on the Honorable. John K Sherwood's " Power of Authority" strength under Supremacy Clause and on the Debtor's ability to sell the property .

**See sample citation of Court criminal contempt case Frank V United States 395 U.S 147 (1969) . The Supreme Court examined the scope of criminal contempt penalties noting that while Congress authorized federal Court to impose penalties**

**under 18 U.S.C $$ 401 AND 402 , the severity of the penalty is the true indicator of the offence 's seriousness.**

**Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state Court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.**

The Dismissal Order must be vacated under Rule 60(b)( 1 ) and (6) because the Lender created the impossibility for the Debtor to sell the property by 6/30/2025

**THE ADVERSARY QUESTION NUMBER 4**

**ON MOTION OF OBJECTION.**

**QUESTION NUMBER FOUR** D. Debtor Fails to Offer "Any Other Reason That Justifies Relief" Although not clearly articulated, Debtor seemingly argues that the Dismissal Order should be vacated under Rule 60(b)(6) for "any other reason that justifies relief" because the Court "demonstrated personal bias against the Debtor in favor of the Opposing Party thereby violating the [duty of fairness and impartiality." See Doc.139-5 at 3. Debtor further alleges that "[t]he Bankruptcy Court issued a Dismissal Order instead of performing its statutory duties by prosecuting the State Court for violation of the above legal theory of the Supremacy Clause" and this somehow "demonstrated personal bias against the Debtor." See Id. At 4. The Debtor offers no facts in support of these vague allegations and they appear nonsensical on their face. **They are also meritless. Because Debtor has failed to offer "any other reason that justifies relief" under Rule 60(b)(6) the Motion to Vacate** should be dismissed. opportunity to be heard, the dismissal order can be rendered VOID

**DEBTOR'S RESPONSE NUMBER 4 TO THE ADVERSARY'S " MOTION OF OBJECTION"**

ANSWER NUMBER FOUR The Federal Bankruptcy Court authorized a **Short Sale** on February 28, 2025, but the Lender turned around and got a State Court order on March 28,2025, to force a **Foreclosure Sale.** These two legals processes directly cancel each other out, creating an impossible title obstacle for the present buyer's Relief under Rule 60(b)(6) is highly warranted when a party's compliance efforts with a court deadline for 6/30/2025. was rendered impossible by the deceptive or conflicting actions of the opposing party.

Here, the Debtor was under a federal mandate to sell the property.

however, the Adversary's counsel, Richard Abel , actively participated in a dual-tracking strategy. when he was aware of the Federal District Court's of February 28th, 2025, confirmation Order.

The Lender or Plaintiff's counsel to actively sought and obtained an aggressive, conflicting State Court foreclosure Sale's order on March 28, 2025.

The Lender's circumvention of this Court's authority by obtaining a state foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration. ( 23)

By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset

Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state Court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.

The Dismissal Order must be vacated under Rule 60(b)( 1 ) and (6) because the Lender created the impossibility for the Debtor to sell the property by 6/30/2025

**Fairness and justice require the Case to be reinstated because the Debtor were denied a fair opportunity to present their elements and exhibits to expose the Lender counsel professional court manipulation practice that created the impossibility for the Debtor Short Sales progression.**

**Therefore, the Court's dismissal Order without an opportunity to a fair hearing in a fair Court setting prejudiced Debtor that constituted to a procedural Due process rights violation.**

**See Abbot V Latshaw 164 F 3d 141,146(3rd Cir (1998).**

**In this Case which establishes that constitutional rights to a proper Notice or Service**

**See People V Green 71 Cal 100 ( 16 Pac. 197.5 Am St Rap. 448) In this**

**states " if Court grants relief, which under the circumstance, It hasn't any authority to grant, its judgment is to that extent Void.**

**The Dismissal Order should be vacated under Rule 60(b)(6) for "any other reason that justifies relief" because the Court "demonstrated personal bias against the Debtor in favor of the Opposing Party thereby violating the duty of fairness and impartiality.**

**On 7/30/2025, the Court erred when it grants summary judgment to plaintiff - US Bank** because the Plaintiff's Counsel 's circumvention of this Court's authority by obtaining a State Court foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration.

By rushing to dismiss the Debtor's case 7/30/2025 without an evidentiary hearing, this Court was prevented `from learning that the Lender's Counsel Richard Abel had actively impaired on the Debtor's ability to sell the asset.

**In conclusion, the Adversary acted in "bad faith."**

The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissals pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), (4), (5), and (6). made applicable here by Federal Civil Procedural Rules.

As demonstrated below, the prior dismissal was executed under severe procedural defects, in direct violation of the Debtor's constitutional right to due process, and without giving the Debtor a

meaningful opportunity to hear or present evidence.

**Furthermore Adversary's Motion should be dismissed and denied** by seeking to enforce his opposition action against Debtor's constitutional right on Removal' s notice despite the Standard Procedural Rules allowing to do so encroached upon the Debtor's fundamental due process rights.. Allowing the Adversary Motion would effectively nullify the crucial federal safeguard undermining the purpose of the Supremacy Clause and federal regulation ,governing the " Notice of Removal" process under Bankruptcy Rule 9027 and Procedural Rule **28 U.S.C.§1452(a)**

The Debtor moves this Court to reopen the bankruptcy proceeding and vacate thes prior Orders of dismissals pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), (4), and (5), and (6) made applicable here by Federal Civil Procedural Rules .

Accordingly, to the Adversary's objection now it should be overruled, the case be reopened, and the prior dismissal to be vacated to prevent a manifest injustice.

**Respectfuuly Submitted** 7/11/26

**By** ______________________

**Realtex Property Mgt INC**

**By** ______________________ 7/21/26

**Adesina Ogunlana**

# EXHIBIT A

# PROCEDRAL DEFECTS

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Marissa Edwards, Esq. (NJ 087612014)
HINSHAW & CULBERTSON LLP
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
908-374-0336 (Telephone)
908-374-0345 (Facsimile)
marissaedwards@hinshawlaw.com

*Co-counsel for Secured Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2*

In re:

ADESINA B. OGUNLANA,

Debtor.

Case No.: 22-12287JKS

Chapter 13
Honorable John K. Sherwood

Hearing Date: May 22, 2025 at 10:00 am

**OPPOSITION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE**

Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2 (the "Trust"), by and through counsel, hereby files this Opposition, joining the Chapter 13 Trustee's Opposition, to the "Motion to Remove State Court Case" (the "Motion") filed by Debtor Adesina B. Ogunlana ("Debtor"). In support of this Opposition, Trust states as follows:

**INTRODUCTION**

Debtor's Motion is nothing more than a transparent effort to further delay a foreclosure action that has been pending for over 10 years. On September 5, 2024, this Court granted the Trust

**Marie-Ann Greenberg, MAG-1284**
**Marie-Ann Greenberg, Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ 07004-1550**
**973-227-2840**
**Chapter 13 Standing Trustee**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

IN RE:
ADESINA B. OGUNLANA

**Case No.: 22-12287JKS**

**HEARING DATE: 05/22/2025 at 10:00 AM**

**TRUSTEE'S OBJECTION TO DEBTOR(S) MOTION TO REMOVE STATE COURT CASE**

Marie-Ann Greenberg, the Chapter 13 Standing Trustee by way of objection to Debtor's Motion to Remove State Court Case, respectfully objects as follows:

- The Trustee objects to the Motion to Remove State Court Case filed. The Trustee does not have all of the background behind this motion but the Trustee notes that there was an order lifting stay on the property located at 136-138 N. 13th St Newark, NJ on August 30, 2024 (docket #72). This order would allow the creditor to proceed with its remedies in state court. The Trustee is unclear why the represented debtor is filing motions without the assistance or guidance of counsel and the Trustee has reached out to counsel on this issue. Further, as the stay relief motion was granted, the property in question is no longer an asset of the bankruptcy estate and the remedy being sought by the debtor with this motion cannot be accomplished.

It is for this reason and any others the Court deems fit the Motion to Remove State Court Case should be denied.

Dated: May 09, 2025

By: /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee

Case 22-12287-JKS Doc 94 Filed 05/07/25 Entered 05/08/25 16:28:32 Desc Main
Document Page 1 of 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
*[Enter your name, address and telephone number]*

ADESINA OGUNLANA
136-138 NORTH 13TH ST.
NEWARK NJ 07107

Phone # 973 764 8760
Email :olayemi2014@comcast.net

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

2025 MAY -7 P 3:52

JEANNE A. NAUGHTON

BY: [signature]
DEPUTY CLERK

AMENDED NOTICE OF REMOVAL

| | |
|---|---|
| In Re: *[Enter the debtor's name(s)]* ADESINA OGUNLANA | Case No.: 22 - 12287 *[Enter the case number]* |
| | Chapter: 13 *[Enter the chapter: example, 13]* |
| | Hearing Date: 5/22/2025 @ 10.00AM *[Enter the hearing date]* |
| | Judge: JOHN K SHERWOOD *[Enter the Judge's last name]* |

## NOTICE ~~OF MOTION~~ TO

*[Enter the relief sought]* REMOVE STATE COURT CASE # ( F-0046932-14) TO THE US BANKRUPTCY COURT

*[Enter your name]* ADESINA OGUNLANA has filed papers with the court to *[Enter the relief sought]*--

**Request the removal of the state case F-0046932-14 from NJ superior court to the Bankruptcy where the matter is currently pending.**

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: 5/ 22 /2025
*[Enter the date of the hearing]*

Hearing Time: 10.AM
*[Enter the time of the hearing]*

Hearing Location: NEWARK NEW JERSEY
*[Enter the location of the hearing]*

Courtroom Number: ____________
*[Enter the courtroom number]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

US Bank NA

Plaintiff

v.

ADESINA OGUNLANA

Defendant

CASE NO.: 22-12287

BY: DEPUTY CLERK

NOTICE OF MOTION OBJECTION

## NOTICE OF MOTION OF OBJECTION TO STEVE PERTUZ MOTION

PLEASE TAKE NOTICE that the undersigned pro se Defendant will on Thursday August 14,2025, at 10.00a.m. move before the court at the US District Court for the District of New Jersey, Martin Luther King Building & US Courthouse, 50 Walnut Street, NJ 07101 for leave to oppose or rise an objection to the trustee's motion or the following grounds:

A. An attorney has ethical obligationto provide reasonable notice,transfer case file and avoid prejudicing the client's legal position when withdrawing representation

B) The Attorney's motion on advice, communication and monetary debtor obligations should be dismissed and denied.

C) The misconduct of the attorney attribute to Client instruction not comply with or Client's not sought in attempt to serve or act of client's legal representative

C: Lack of emotional, empathy and situational integrity of my attorney constituted the Debtors initiative to filed a motion with Court for a substitution of attorney

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, ESSEX VICINAGE

F. 48571-08

PREPARED AND FILED BY THE COURT

DOCKET NO ~~F-26064-17~~
*CIVIL ACTION*

*ORDER*

PLAINTIFF,
JPMORGAN CHASE BANK

FILED
AUG 20 2024
HON. WALTER KOPROWSKI JR., J.S.C.

vs.

DEFENDANT(S).
ALCIDE JULES

56 LINDSLEY AVE, IRVINGTON

x STAY OF SHERIFF'S SALE
___ STAY OF EVICTION
___ EXTENSION OF REDEMPTION
___ OTHER

**THIS MATTER** having been bought to the attention of the court upon application for relief in the above captioned matter; and the court having considered the certification of the movant; and for good cause having been shown;
Appearing for PA: T. Flynn appearing for DF: Howard Lipstein

**IT IS** on this 20th day of August, 2024

**HEREBY ORDERED** that:

- [x] The application for a stay of the Sheriff's Sale in the within matter is: GRANTED ___ DENIED X
- [ ] The Sheriff's Sale scheduled for ___ is adjourned to ___.
- [ ] The application for a Stay of Eviction in the within matter is: GRANTED ___ DENIED ___
- [ ] The eviction scheduled for ___ is adjourned to ___.
- [ ] The time for eviction pursuant to the Writ of Possession is extended to ___.
- [ ] The application for an Extension of the time for Redemption is: GRANTED ___ DENIED ___
- [ ] The time for redemption is extended to: ___.
- [ ] Other:

[signature]
Walter Koprowski Jr.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, ESSEX VICINAGE

PREPARED AND FILED BY THE COURT

DOCKET NO ~~F-26064-17~~ F. 48571-08
*CIVIL ACTION*

*ORDER*

PLAINTIFF,

JPMORGAN CHASE BANK

FILED
AUG 20 2
HON. WALTER KOPROWSKI JR., J.S.C.

vs.

DEFENDANT(S).

ALCIDE JULES

56 LINDSLEY AVE, IRVINGTON

x STAY OF SHERIFF'S SALE

___ STAY OF EVICTION

___ EXTENSION OF REDEMPTION

___ OTHER

**THIS MATTER** having been bought to the attention of the court upon application for relief in the above captioned matter; and the court having considered the certification of the movant; and for good cause having been shown; Appearing for PA: T. Flynn, appearing for DF: Howard Lipstein

**IT IS** on this 20th day of August, 2024

**HEREBY ORDERED** that:

- [x] The application for a stay of the Sheriff's Sale in the within matter is: GRANTED ___ DENIED X
- [ ] The Sheriff's Sale scheduled for ______________ is adjourned to ______________.
- [ ] The application for a Stay of Eviction in the within matter is: GRANTED ___ DENIED ___
- [ ] The eviction scheduled for ______________ is adjourned to ______________.
- [ ] The time for eviction pursuant to the Writ of Possession is extended to ______________.
- [ ] The application for an Extension of the time for Redemption is: GRANTED ___ DENIED ___
- [ ] The time for redemption is extended to: ______________.
- [ ] Other:

[signature]
Walter Koprowski Jr.

# EXHIBIT C

# CONFLICTED COURT ORDERS

LOAN # 0016385361

THE LAW OFFICES OF
Steven D. Pertuz, LLC
111 Northfield Avenue, Suite 304
West Orange, NJ 07052
Tel: (973) 669-8600
Fax: (973) 669-8700

ADMITTED IN NJ & NY

pertuzlaw@verizon.net
www.pertuzlaw.com

March 27, 2024

**VIA EMAIL DELIVERY ONLY**
Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165-0250
EMAIL: **relationship.manager@spservicing.com**

RE: **Adesina Ogunlana**
**136-138 North 13th Street**
**Newark, NJ 07107**
**Loan No. 0016385361**
**Authorization Letter To Proceed With Short Sale Negotiations**

Dear Sir/Madam:

I am counsel to Adesina Ogunlana in connection with an active Chapter 13 Bankruptcy proceeding in the District of New Jersey bearing case number 22-12287 JKS. Attached please find the recent Order Confirming the Debtor's Modified Plan which authorizes the short sale to take place on or before June 30, 2025.

Please accept this letter as my authorization to speak with Mr. Ogunlana directly and also his designated real estate agent that is handling the short sale negotiations in this matter. Should you have any questions or concerns, please feel free to contact me at any time. Thank you for your immediate attention to this matter.

Very truly yours,

Steven D. Pertuz

Encl.
SDP/cf

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, ESSEX VICINAGE

F.48571-08

PREPARED AND FILED BY THE COURT

DOCKET NO ~~F-26064-17~~
*CIVIL ACTION*

*ORDER*

PLAINTIFF,
JPMORGAN CHASE BANK

FILED
AUG 20 2024
HON. WALTER KOPROWSKI JR., J.S.C.

vs.

DEFENDANT(S).
ALCIDE JULES

56 LINDSLEY AVE, IRVINGTON

x STAY OF SHERIFF'S SALE

___ STAY OF EVICTION

___ EXTENSION OF REDEMPTION

___ OTHER

**THIS MATTER** having been bought to the attention of the court upon application for relief in the above captioned matter; and the court having considered the certification of the movant; and for good cause having been shown; Appearing for PA: T. Flynn, appearing for DF: Howard Lipstein

IT IS on this 20th day of August, 2024

**HEREBY ORDERED** that:

☒ The application for a stay of the Sheriff's Sale in the within matter is: GRANTED ___ DENIED X

☐ The Sheriff's Sale scheduled for ______________ is adjourned to ______________.

☐ The application for a Stay of Eviction in the within matter is: GRANTED ___ DENIED ___

☐ The eviction scheduled for ______________ is adjourned to ______________.

☐ The time for eviction pursuant to the Writ of Possession is extended to ______________.

☐ The application for an Extension of the time for Redemption is: GRANTED ___ DENIED ___

☐ The time for redemption is extended to: ______________.

☐ Other:

Walter Koprowski Jr.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Marie-Ann Greenberg MAG-1284**
**Chapter 13 Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ 07004-1550**
**973-227-2840**

Order Filed on February 28, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

IN RE:
ADESINA B. OGUNLANA

**Case No.: 22-12287 JKS**

**Hearing Date: 2/27/2025**

**Judge: JOHN K. SHERWOOD**

**ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION**

The relief set forth on the following pages, numbered 2 through 2 is hereby **ORDERED**.

DATED: February 28, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

Debtor: **Adesina B. Ogunlana**
Case #: **22-12287-JKS**
Caption of Order: **ORDER DENYING MOTION TO REMOVE STATE COURT CASE**

---

**UPON** consideration of the Motion to Remove State Court Case ("Motion") [ECF Nos. 91, 94, 98] filed by Adesina B. Ogunlana, ("Debtor") together with the objections filed thereto by Marie-Ann Greenberg ("Chapter 13 Standing Trustee") [ECF No.95] and Marissa Edwards, Esquire, on behalf of U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2 [ECF No. 97];

**AND** the Court having considered the arguments made at the hearing on July 24, 2025;

**AND** for the reasons set forth on the record, it is hereby **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE.**

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, ESSEX VICINAGE

PREPARED AND FILED BY THE COURT

DOCKET NO ~~F-26064-17~~ F.48571-08
*CIVIL ACTION*

*ORDER*

PLAINTIFF,

JPMORGAN CHASE BANK

FILED
AUG 20 [illegible]
HON. WALTER KOPROWSKI JR., J.S.C.

vs.

DEFENDANT(S).

ALCIDE JULES

56 LINDSLEY AVE, IRVINGTON

x STAY OF SHERIFF'S SALE

___ STAY OF EVICTION

___ EXTENSION OF REDEMPTION

___ OTHER

**THIS MATTER** having been bought to the attention of the court upon application for relief in the above captioned matter; and the court having considered the certification of the movant; and for good cause having been shown; Appearing for PA: T. Flynn , appearing for DF: Howard Lipstein

**IT IS** on this 20th day of August, 2024

**HEREBY ORDERED** that:

☒ The application for a stay of the Sheriff's Sale in the within matter is: GRANTED ___ DENIED X

☐ The Sheriff's Sale scheduled for ________ is adjourned to ________.

☐ The application for a Stay of Eviction in the within matter is: GRANTED ___ DENIED ___

☐ The eviction scheduled for ________ is adjourned to ________.

☐ The time for eviction pursuant to the Writ of Possession is extended to ________.

☐ The application for an Extension of the time for Redemption is: GRANTED ___ DENIED ___

☐ The time for redemption is extended to: ________.

☐ Other:

[signature]
Walter Koprowski Jr.

# EXHIBIT B

# SHORT SALES NEGOTIATION ENCOUNTERS

SPS Select Portfolio SERVICING, inc.

February 11, 2025

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:** 0016385361
**Property Address:** 136 -138 N 13TH ST
NEWARK, NJ 07107

Dear Customer(s):

Because our records indicate that your lien may be subject to Bankruptcy, please read the following:

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect, and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

If there is any bankruptcy proceeding pending that includes the subject property, then you may need to obtain Bankruptcy Court approval prior to any refinance or sale of the property. Similarly, you may need Bankruptcy Court approval of any permanent modification of the account.

Please review the enclosed letter regarding your account.

You may contact SPS at 888-818-6032 to discuss the enclosures. SPS representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

Sincerely,

Select Portfolio Servicing, Inc.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

SPS | SELECT Portfolio SERVICING, Inc.

Sign up for paperless delivery at www.spservicing.com

Paperless

December 4, 2024

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:** 0016385361
**Property Address:** 136 -138 N 13TH ST
NEWARK, NJ 07107

## SHORT SALE COUNTER-OFFER

Dear Customer(s):

SPS is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

If there is any bankruptcy proceeding pending that includes the subject property, then you may need to obtain Bankruptcy Court approval prior to any refinance or sale of the property. Similarly, you may need Bankruptcy Court approval of any permanent modification of the account.

SPS would like to thank you for your recent inquiry pertaining to a short sale on your property. We are in receipt of your gross offer of $350,000.00. However, the offer and/or closing costs result in an amount that may not be sufficient in order for SPS to approve a short sale.

**Approval.** The terms and conditions of the sale may be subject to the written approval of the owner, mortgage insurer or guarantor of the loan, if any.

We have no responsibility to you in the event the property is not sold. In addition, we may require you to adjust the list price or other offer terms.

This letter is not a denial of your short sale offer. Rather, it is an attempt to counter the offer submitted. To evaluate the short sale for approval, an offer with minimum net proceeds to SPS for the referenced loan needs to be greater than or equal to $315,791.00. If you are able to meet or exceed this offer, please send the updated offer documentation to us within ten (10) days of the date of this letter by either faxing it to **801-270-7833** or mailing it via overnight mail to **3217 S. Decker Lake Dr., Salt Lake City, UT 84119.** Please contact SPS if you would like to discuss this counter in more detail.

If you have any questions, your assigned Relationship Manager, Gabriela, can be reached toll free at (866) 820-6218 x 38039 or by email at Relationship.Manager@spservicing.com.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

SPS SELECT Portfolio SERVICING, inc.

Sign up for paperless delivery at www.spservicing.com

Paperless

October 8, 2024

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:** 0016385361
**Property Address:** 136 -138 N 13TH ST
NEWARK, NJ 07107

**SHORT SALE COUNTER-OFFER**

Dear Customer(s):

SPS is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

If there is any bankruptcy proceeding pending that includes the subject property, then you may need to obtain Bankruptcy Court approval prior to any refinance or sale of the property. Similarly, you may need Bankruptcy Court approval of any permanent modification of the account.

SPS would like to thank you for your recent inquiry pertaining to a short sale on your property. We are in receipt of your gross offer of $300,000.00. However, the offer and/or closing costs result in an amount that may not be sufficient in order for SPS to approve a short sale.

**Approval.** The terms and conditions of the sale may be subject to the written approval of the owner, mortgage insurer or guarantor of the loan, if any.

We have no responsibility to you in the event the property is not sold. In addition, we may require you to adjust the list price or other offer terms.

This letter is not a denial of your short sale offer. Rather, it is an attempt to counter the offer submitted. To evaluate the short sale for approval, an offer with minimum net proceeds to SPS for the referenced loan needs to be greater than or equal to $296,558.00. If you are able to meet or exceed this offer, please send the updated offer documentation to us within ten (10) days of the date of this letter by either faxing it to **801-270-7833** or mailing it via overnight mail to **3217 S. Decker Lake Dr., Salt Lake City, UT 84119.** Please contact SPS if you would like to discuss this counter in more detail.

If you have any questions, your assigned Relationship Manager, Gabriela, can be reached toll free at (866) 820-6218 x 38039 or by email at Relationship.Manager@spservicing.com.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice of Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, as this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it may not be processed in accordance with Federal law.

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

# EXHIBIT D

# READY BUYERS APROVAL LETTER

REGITER MAIL # 9589 0710 5270 14265945 07

3/07/2025

Selected Portfolio Servicing
P.O. Box 65258
Salt LAKE CITY
Ut 84165-0250

RE: Dual tracking is unfair and unjust.

Firstly, here comes the package modifying both HUD-1 and the offer submitted before December 15, 2024 for review and process.. This is the fifth offer I am submitting with the highest net proceed for Select Portfolio Servicing LLC..

Furthermore on this pending short Sales transaction the buyer has expended a lot money on title search, appraisal work, and on Loan application fees.
In additional, Buyers have spent a lot of money on repairs purported to secure the City of Newark's Certificate of Occupancy.

All these above activities would create frustration, emotional stress and financial loss to buyer if your sherrif foreclosure action continue.

I am appealing to you to please adjourn or cancel the pending sheriff foreclosing Sales action that started since January 1/7/2025 which has constantly collided with the pending Short Sales processing period from 1/07/2025 till 4/1/2025.
Please see exhibit A

For God's sake - for fairness, justice and equity kindly have your foreclosure action purse or cancel you did before. This transaction has started more than six months now on your negotiation pursuit

Thank you for your kindness and consideration.

Sincerely

[signature]

Adesina Ogunlan

LOAN # 001 63 85 361

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

S. P. S LLC
P. O. Box 65258
Salt Lake City
UT 84165

9590 9402 8993 4122 0925 42

2. Article Number *(Transfer from service label)*

589 0710 5270 1426 5945 07

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature Halle Banker ☐ Agent ☑ Addressee

B. Received by (Printed Name) HALLE BANKER

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USA Mortgage

# Conditional Underwriting Agreement – Realtor Copy

July 25, 2024

Linda Nzeadibe
56 Lindsley Ave Unit B
Irvington, NJ 07111

DAS Acquisition Company is pleased to inform you that your request for a mortgage loan to be secured by a first/second deed of trust has been underwritten on the following terms. Some of these conditions could jeopardize the approval of this loan so it is imperative that we collect these as soon as possible so a commitment can be issued.

| | | | |
|---|---|---|---|
| **Loan Number** | BROM062882911 | | |
| **Subject Property** | 56 LINDSLEY AVE<br>IRVINGTON, NJ, 07111-5369 | | |
| **Sales Price** | 310,000.00 | | |
| **Principle Amount of Loan** | 293,345.00 | | |
| **Rate of Interest** | 7.250 | | |
| **Lock Expiration Date** | // | | |
| **Amortization** | 360 | Caps* | // |
| **Loan Type** | FHA 30 Year Fixed | Index* | |
| | | Margin* | |

SUBJECT TO:

This loan is subject to other conditions for final approval. Borrower has been notified of conditions needed to issue full Loan Commitment.

TITLE will be reviewed prior to closing. Any judgements or liens may render this letter null and void.

VERBAL RE-VERIFICATION OF EMPLOYMENT AND INCOME must be obtained by Lender prior to closing. Any material change to your employment status or income may render this commitment letter null and void.

OCCUPANCY PERMIT (FHA only) - If the subject property is located in a municipality where an occupancy permit and/or code compliance is required, USA shall be furnished with a copy of the permit and proof of compliance with applicable laws, regulations and zoning requirements.

FUNDS AT CLOSING must be in the form of a cashier's check payable to the title company. No personal checks will be accepted. Please consult your banking institution regarding potential holds on transferred funds, wires, or recent deposits that you may be using for closing.

CLOSING FIGURES WILL NOT BE RELEASED UNTIL ALL PREDICATIONS HAVE BEEN RECEIVED AND APPROVED BY OUR UNDERWRITING DEPARTMENT.

WE ALSO UNDERSTAND THAT ANY NEW DEBT INCURRED UP TO AND INCLUDING THE DAY OF CLOSING COULD CAUSE THIS QUALIFICATION TO BE RENDERED NULL AND VOID.

Upon compliance with the above, this commitment will remain in effect until // and the loan must be closed on or before this date. It is agreed by and between the parties hereto, that this contract is made under the laws of the State of Missouri, where it is issued at mortgagee's home office and that, in any proceeding involving this agreement or any obligation hereunder, the laws of Missouri shall apply.

If you have any questions, or if we can be of further assistance, please feel free to contact Alexis Simone at 856-412-4873.

Thank you for choosing USA Mortgage.

By: Jen Epperley

DAS Acquisition Company, LLC

Company NMLS 227262
12140 Woodcrest Executive Drive, Suite 150, St. Louis, MO 63141

UNENFORCEABLE UNLESS SIGNED BY THE UNDERWRITER

**USA Mortgage**

# You Have Been Pre-Approved for a Purchase Price up to $365,000.00!

Prospective Applicant(s): Linda Nzeadibe

Congratulations on being pre-Approved. Now you're ready to confidently make an offer on your dream home. This letter is for your records. Best of luck with your home search!

| | |
|---|---|
| Date | 3/15/2025 |
| Address | TBD<br>Newark, NJ 07107 |
| Loan Amount | $332,150.00 |
| Loan Program | FHA 30 Year Fixed |
| Subject to Sale of Home | N/A |
| Property Taxes | $6,700.00 |

Additional Requirements:

- Final investor approval
- Private mortgage insurance approval, if applicable
- Fully executed sales contract with all addendums
- Satisfactory appraisal supporting sales price

## What is this amount based on?

Your pre Approval is based upon the information you provided regarding your income and assets, as well as a check of your credit. A prequalification is different from a preapproval which is a formal underwriting review of written income, credit, and asset information. A prequalification is really a preliminary indication of the loan amount for which you could potentially be approved. It is not a loan approval or a commitment to lend.

## What does an approval of my loan require?

USA Mortgage would require the submission of a complete loan application and all supporting documents. We would then perform a comprehensive analysis of your creditworthiness and resources, including verification of income, assets, and other information you have provided.

If you have any questions, or if we can be of further assistance, please feel free to contact me.
Thank you for choosing USA Mortgage.

Michele Cardinal
609-713-9232
mcardinal@usamortgage.com
1917 Welsh Road | Philadelphia, PA 19115
NMLS ID 223110
Click here to see some of our amazing reviews!
★ ★ ★ ★ ★ 4.89/5



Be Prepared with Our Home Buyer's Guide
Click the image to view our Journey Towards Home Ownership book to help you learn the next steps to take!

STATE OF NEW JERSEY :
: SS.
COUNTY OF :

PROPERTY SELLER'S AFFIDAVIT

I, Adesina Ogunlana and I. ____________ as Seller(s) of the Residence (hereinafter I or, if applicable, collectively, we) to Linda Nzeadibe and ____________ as purchaser(s) (the "Purchaser(s)"), being duly sworn on their oath represent and warrant as follows:

1. The residence to be sold is located at 136-138 N 13th Street, Newark, New Jersey (the "Residence").

2. The Residence is considered "real property" meaning that it is permanently affixed and is either an existing single family residence consisting of not more than four dwelling units or a newly constructed single family residence consisting of not more than one dwelling unit in Statewide Areas and two dwelling units in Targeted Areas.

   For the purposes of the above, the term "existing residence" means units or dwelling which have been previously occupied or used. as a residence and the term "newly constructed residence" means units or dwellings which have not been previously occupied or used as a residence.

3. That at the time of title conveyance the Residence will be vacant and ready for immediate occupancy by the Purchaser(s).

4. I/We certify that the Residence has not been used by us for a business or trade with the exception of earning residential rental income, if applicable. The Residence is residential in character and use and to the best of my knowledge is not suited for any other trade or business purposes.

5. Acquisition Cost

   A) The acquisition cost of the Residence is $ 365,000.00 ("Acquisition Cost").

   B) Neither the Purchaser(s) nor anyone on their behalf has or will make any payment other than the amount indicated in 5A to me/us or to any other person on my/our behalf, nor have they cancelled any debt owed by me/us or by a person related to me us.

   C) I/We have not entered into any agreement with the Purchaser(s) of the Residence pursuant to which any portion of the Residence has been left unfinished or any fixtures or other architectural appointments have been omitted or removed from the Residence in order to reduce the Acquisition Cost.

   D) I/We have not and will not provide secondary financing to the purchaser other than that specifically disclosed to the New Jersey Housing Mortgage Family Agency ("NJHMFA") in writing and approved by the NJHMFA in writing. Further, (I/we) have not and will not provide funds to the purchaser(s) as a gift other than the payment of closing costs as is customary in the area where the property is located and other than as have been disclosed to the NJHMFA in writing and approved by the NJHMFA in writing.

6. I/We certify that no occurrence between now and the title closing date shall cause the above stated representations to become untrue. If at any time up to closing any statement contained in this Affidavit shall become incorrect or untrue, we shall immediately notify the purchaser <u>and</u> the purchaser's mortgage lender and the NJHMFA.