FILED:BANKRUPTCY:NJ
2026 AUG 12 PM4:05:15

**REPLIED MOTION COVER**

---

NITED STATES BANKRUPTCY COURT.
DISTRICT OF NEW JERSEY
DOCKET CASE NO : **22-12287**
CHAPTER 13

US BANK N/A
PLAINTIFF

V

ADESINA OGUNLANA
REALTEX PROPERTY MGT INC

DEFENDANTS

/

CIVIL ACTION

REPLY TO MOTION FOR
OBJECTION

HONORABLE JUDGE JOHN K SHERWOOD

---

_ **REPLY TO TRUSTEE 'S MOTION OF**

/ **OBJECTION**

BY :

ADESINA OGUNLANA
REALTEX PROPERTY MGT INC
31 VOSE AVENUE
SOUTH ORANGE NJ 07079
EMAIL OLAYEMI2014@COMCAST..NET

## TABLE OF CONTENT


| | | |
|---|---|---|
| 1) | Table of Judgment | 2 |
| 2) | Table of Authorities | 3 |
| 3) | Preface | 4 |
| 4) | Statemennt of Case/Facts | 5 |
| 5) | Summary Argument | 5 |
| 6) | Argument | 6 |

A ) Can the Court grant a valid under a contested petition, Clause with Non – - compliance" to the Federal Civil Procedural Rule under any circumstance

B ) The Bankruptcy Trial Court erred when it granted a summary Judgment to the Opposing Parties that violated the statutory Law 18 U.S.C $$ 401(3) because of

C ) The Bankruptcy Trial Court erred when it granting summary Judgment to the Trustee and the Opposing party a final judgment because their stood in "non-compliance "to Civil Procedural Rule 9027 and 28 U.S.C $$ 1452


## TABLE OF JUDGMENT WITH PREJUDICE

A) On 7/3/30/2025 the Bankruptcy Court denied petitioner's notice to for removal of State Cort Case to the Federal District Court inn violation of

Procedural Rule 28 U.S.C $$ 1452 and the Bankruptcy Code Rule 9027

B ) On 11/05/2025, the Federal Bankruptcy district Court dismissed the Petitioner Chapter 13 Case for failure to sell property by 6/30/2025 despite the Court's denial Debtors' constitutionally rights to Fair Hearing.

## TABLE OF AUTHORITIES

**See Green V United States 368 U.S. 165 (1958)**

See Mullaane V Centre Hanover Bank & Trust Co 339 U.S 306 ( 1950)

See People V Greene 71 Cal 100 ( 16 Pac 197 , 5am St Rep 448.

See Kalb v Feuerstein ( 19540 ) 306 U.S 433 .60 S Ct. 343 841 Ed 370.

LEGAL AUTHORITIES

A ) FDERAL CIVIL PROCEDURAL RULES 60 (b) 1, 28 U.S.C $$ 1452 & 9027

B ) THE STATOUTORY LAW : 18 U.S.C $$ 401(3)-
"The disobedience of federal courts order"

C ) PRECEDENTIAL PERSPECTIVES

U.S BANK V GULLIAUME 209 N.J 449 38 A 3D 570 (2012)

D ) C ONSTITUTIONAL BASIS

1) ▯ **Fifth Amendment:** Stops the federal government from taking away life, liberty, or property without fair legal procedures.

2 ) ▯ **Fourteenth Amendment:** Extends these exact protections to actions taken by State and Local Governments

3 ) **Key Legal Protections**

- **Notice:** The right to clear warning and information before the government takes action against you.
- **Opportunity to be Heard:** The right to a fair hearing or trial to present your side of the story.
- **Impartial Tribunal:** The right to have your case decided by a neutral judge or jury rather than a biased official

## PREFACE/INTRODUCTION

The Debtor, [ADESINA OGUNLANA, acting *pro se*, respectfully submits this Response/Opposition to the Trustee's Motion of Objection to Reopen the Case. The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), (4), and (5), and (6)made applicable here by Federal Rule of Bankruptcy Procedure 9024. As demonstrated below, the prior dismissal orders were executed under severe procedural defects, in direct violation of the Debtor's constitutional right to due process, and without giving the Debtor a meaningful opportunity to be heard or present evidence. Accordingly, the Adversary's objection should be overruled, the case reopened, and the prior dismissal Order vacated to prevent a manifest injustice

**The original judgments were improper because the Court failed to adhere to the mandatory procedural requirements under Rule 60(b)(1), the Civil Procedural Rule 28 U.S.C $$ 1452 and Bankruptcy Rule 9027.**

**The alleged District Court oversight resulted in a fundamentally constitutionally rights violation and significant judicial prejudice.**

## STATEMENT OF THE CASE INE

A ) On 5/17/2025, the Debtor filed amended "NOTICE OF REMOVAL"" for State Court civil case to Federal District Court because the federal District Court has the original jurisdiction to hear the Case

B). On 6/09/2025 , the Debtor filed a Modified " Notice" for the removal of my state Court Case to the federal district Court because the federal District Court has the original jurisdiction to hear the Case

3) The Debtor timely and properly filed a " Notice of Removal pursuant to Federal Rule of Bankruptcy Procedure 9027 and

(4) The. Adversary filed a document titled :::

"TRUSTEE OBJECTION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE"

5 ) The opposing party US Bank also filed a document titled

" OPPOSITION TO DEBTOR'S MOTION TO ROMOVE STATE COURT CASE

6) Under Bankruptcy 9027, the mandatory and exclusive procedural vehicle for an Opposing Parties to challenge a removal is a MOTION TO REMAND under Bankruptcy Procedure Rule 9027 governing legal Authority

7) The prior Denied Order entered on 7/30/2025 under a severe procedural defect, when the Adversary failed to "comply with the Federal Rule of Bankruptcy Procedure 9027 by filing an unauthorized ´"Objection" instead of a mandatory "Motion to Remand"

7) By the Court granting the Adversary 's non- complaint filing without providing the Debtor an opportunity to respond or present evidence then the court violated the Debtor' Constitutional right to due process.

8) Accordingly, the prior Order is Void , the Adversary Parties – Trustee and US Bank current "Motion of Objection" must be overruled and Debtor's Case should be reopened

9 ) A Judgment is Void under Rule 60 (b) (4) if the court acted in a manner inconsistent with Due Process of Law. By the failed to give the Debtor chance to respond to an Adversary 's Motion is a Textbook definition of a VOID judgment.

10 ) The Adversary and Trustee Motion of Objection was again procedural "Non-Compliance". The Rule of Bankruptcy code 8927 states any opposing party trying to object to Debtor's "Notice of Removal " must file " Notice to Remand" and not " Notice of Objection". Objection would considered a violation of the constitutional right to "Remove" State Court Case Pursuant to Rule ^60 (b) (4)

11) The Court erred when it granted an summary judgement to the Adversary on 7/30/2025 without affording the Debtor an opportunity to be heard and denied the Debtor's constitutional right to present elements and exhibits to support his Claims against the Adversary 's Motion of Objection with procedure defects See Exhibit A

12 ) The Procedural Due Process involves the step must be taken before someone is deprived of an interest involving Life Liberty or Property. These vary depending the Situation but typically include Notice and an opportunity to be heard as well as an unbiased decision maker.

13) Sometimes procedural due process also may entail a right to prevent evidence, a right to cross- examine opposing witness and an opportunity to m be represented by Counsel among other protections

## MEMORANDUM OF LAW..

### POINT 1 The ORDER IS VOID UNDER RULE 60 (b) ( 4) DUE TO A DENIAL OF DUE PROCESS

14 ) A Court judgment or Order is completely void under 60(b) ( 4 ) When the Court enters a judgment in a manner inconsistent with constitutional Due Process.. The violation occurred when the Court failed to give notice and an opportunity to be heard.

15) By Court signing the Adversary 's order on (7/30/2025) before the Debtor could file his opposition (7/31/2025 and 8/13/2025), the Court stripped away Debtor's his right to be heard.

See Exhibit B

### POINT 2: THE ADVERSARY'S NON – COMPLIANCE WITH RULE 9027 ERRONEOUSLY MISLED THE COURT

15) The procedural Bankruptcy Rule 9027 require does not provide any standard of "OBJECTION" to defeat a "NOTICE OF REMOVAL" .

The case remains in the federal Court until a party files a : Motion to Remand" and a Judge explicitly order a remand after review the merit of the " Motion to Remand"

Both the Denial Order and the "Objection were inconsistent with constitutional due process. The Court was erroneously misled by the Adversary " non-compliance" filing



1

The Court or the Adversary's violation stemmed from bypassing the required motion process. The Adversary avoided the legal standard required for motion for a remand causing a severe procedural defect that infected the entire case credibility

See Kemp V United States 142 S ct 185 6 (2022) The Supreme Court clarified that a judge's error of Law is considered a " Mistake" under Rule 60( b) (1) allowing for the correction of the mistake made by Court.

Under Due Process requirement : The Supreme Court has long held that a fair trial in fair Court hearing or Court proceeding is a basic requirement of Due Process

Point 111 **RELIEF IS WARRANTED WHEN THE COURT ACTION IS INCONSISTENT WITH DUE PROCESS OF LAW UNDER RULE 60 (b) ( 4)**

LACK OF NOTICE Pro -se flier requires Physical Services .

While the opposing Party or Adversary Part y receive electronic notification , Therefore electronic delivery to other parties does not constitutes aa notice or service to the Debtor..

LEGAL ARGUMENT :

A ) Due Process Notice and Opportunity to be heard or no opportunity to present evidence that was denied impaired

**collectively on the chance to defend the Case.**

**B) A Due Process as guaranteed by the fifth and fourteen Amendment ensures that individual are treated fairly by the government and this includes providing a fair opportunity to defend oneself.**

**The right counsel is a crucial component of due process ensuring fair and just legal process for everyone .**

**A court ;s violation of due process occurs when the government fails to provide a fair trial which can include denying a defendant the right to a counsel**

**Procedural Due Process involves the steps that must be taken before someone is deprived of an interest involving Life , Liberty or Property.**

**STATEMENT OF THE CASE TWO**

1). On November 20, 2024, the Debtor and the Lender entered into an active, formal Short Sale negotiations and review to resolve the property debt.

2). On February 28, 2025, this Federal Bankruptcy Court entered a Confirmation Order granting the Debtor an authority to Proceed with the Short Sale of the property.

3). Adversary's counsel, Richard Abel , attended the federal Court dated 2/28/2025 hearings and had full notice of this Court's order authorizing the consensual Short Sale.

4).Despite the pending federal short sale authorization, the Lender's counsel simultaneously pursued state court action and, on March 28, 2025, obtained a State Court order authorizing a Foreclosure Sale of the exact same property.

5). The existence of two conflicting court orders—a Federal Short Sale authorization .and a State Foreclosure order—created severe legal title obstacles, rendering it legally and practically impossible for the Debtor to execute a private sale by the June 30, 2025 deadline.

6). .At the exact same time these conflicting orders paralyzed the sale, the Plaintiff's Action leaving the Debtor *pro se*. perplexed

emotional distress and loss of hope .

7) The Debtor timely filed a Notice of Objection to inform the Court of these conflicting orders .needs to be addressed.

8) The Court entered an order dismissing the case without scheduling an evidentiary hearing, denying the Debtor a meaningful opportunity to be heard or present evidence regarding the Lender's conflicted state court actions.

## POINT 2 : MEMORANDUM OF LAW 11

### The Prior Dismissal Order Must Be Vacated Under Rule 60(b)(1) and (6) Because the Lender Created the Impossibility

Relief under Rule 60(b) is highly warranted when a party's compliance with a court deadline is rendered impossible by the deceptive or conflicting actions of the opposing party.

1) Here, the Debtor was under a federal mandate to sell the property. However, the Adversary's counsel, Richard, actively participated in a dual-tracking strategy. While aware of the Federal Court's February 28, 2025 Short Sale confirmation, the Lender actively sought and obtained an aggressive, conflicting State Court foreclosure order on 3/28/2025

2) This created an absolute clouds on title and an insurmountable legal roadblock. A debtor cannot be penalized with case dismissal for failing to meet a deadline that the opposing party actively sabotaged through dual-court manipulation. Combined with the sudden abandonment by the Debtor's counsel, these constitute extraordinary circumstances under Rule 60(b)(6).

## Point 3: The Lender Violated the Automatic Stay and Undermined Federal Supremacy

1) **Under 11 U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.**

**The Lender's circumvention of this Court's authority by obtaining a state foreclosure order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration**

**By rushing to dismiss the Debtor's case without an evidentiary hearing, this Court was prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset.** See Exhibit ( B )

**LEGAL ARGUMENT ON COURT PROCEDURAL NON=COMPLIANCE**

1) Procedural Rule 28 U.S/C $$ 1452 : Grant the Removal Power under the under the U.S constitutional Law .This Statutes allows any party to pull a specific Claim or cause of action out of State Court into the Federal District Court through " NOTICE OF REMOVAL".

G ) See in Mullaane V Centre Hanover Bank & Trust Co 339 U.S 306 ( 1950), here the Supreme Court established that Due Process requires " Notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the opportunity to be heard, the dismissal order can rendered VOID.

H) The Court's Dismissal Order without a hearing has prejudiced me – Loss of financial commitment, emotional distress and psychological injury because the court unjust and unfairness which the Debtor severely suffered from

I ) Violation of Due Process : Both the Fourteen Amendment of the U.S Constitution and New Jersey Constitution ( Article 1 Paragraph 1) re " Notice reasonably circulated under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present their objection " A failure to provide this notice invalidates the court's jurisdiction over the individual or entity.

J) ) GROUND FOR REVERSAL ORDER: A debtor in a bankruptcy Case, who was not properly served can file a motion to vacate the Dismissal Order and request for the reinstatement of the Case.

QUESTION NUMBER ONE TO
**TRUSTEE'S MOTION OF OBJECTION**

**A- Marie-Ann Greenberg, the Chapter 13 Standing Trustee objects to the Motion to Vacate in the instant matter. The party "who seeks such extraordinary relief from a final judgment bears a heavy burden." Plisko v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967). Rule 60(b) provides for five specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding": (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void: (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.**
**In re Lampman, 494 B.R. 218, 222-223 (Bankr. M.D. Pa., 2013).**

QUESTION 1 : **In reviewing debtor's certification none of the above grounds are specifically pleaded. In fact, the only reason the debtor cites is a "lack of due process" this is not accurate. The debtor has appeared at numerous hearing dates. The debtor has had numerous dates before Judge Sherwood and various hearings have been adjourned to allow the debtor time to address issues.**

**RESPONSE NUMBER ONE ON TRUSTEE'S MOTION OF OBJECTION**

ANSWER NUMBER ONE **, Pursuant to Rule 60(b) ( 1) the Court may relieve a party from final judgment .or Order. for one of the Six listed reason. The very first reason ( Subsection 1) - is mistake, inadvertence, or surprise or excusable**

**Let us review the Court Statutory Law on Court's violation that warranted this Dismissal Order that needs to be vacated and reinstate/ reopen Case to an active Docket.**

**The Debtor had previously elaborated in his certification dated 5/25/2026 for the Same reason why the Honorable Court to respectfully vacate and reinstate/ reopen the Case to an active Docket on the follow: grounds**

**A ) On 5/17/2025 , the Debtor filed amended " NOTICE" for removal of State Court civil case to Federal District Court because the federal District Court has the original jurisdiction to hear the Case matter.**

**B ) On or before 6/09/2025 , the Debtor filed a Modified " Notice" for the removal of his State Court Case to the federal district Court because the federal District Court has the original jurisdiction to hear the Case under Bankruptcy Procedural Rule 9027 and Rule 28 U.S.C $$ 1452**

**C ). The Trustee filed an Objection motion against the Debtor;s " Notice of Removal" from State Court Case to the Federal District Court on or before 7/ 30/2025 .**

## KEY LEGAL AUTHORITY ON CASE REMOVAL
## PROCEDURAL RULES 9027 AND 28 U.S.C $$ 1452

C) The Federal Procedural Rules state

1) A party seeking to oppose removal of a claim or cause of action pursuant to 28 U.S.C. §1452(a) may file a "motion to remand" in the bankruptcy court.

2) As also provided in Bankruptcy Rule 9027(d), States :

A party seeking to oppose removal of a claim or cause of action pursuant to Bankruptcy Rule 9027(d) may file a "motion to remand " in the bankruptcy court will be governed by Bankruptcy Rule 9014 and must be served on the parties to the removed claim or cause of action.

3) Furthermore, the Bankruptcy Court erred when it granted a summary judgment because the Adversary Party's (Trustee) " Motion of Objection" dated 7/17/2025 was filed with a lot of legal procedural defects.

2) The court erred when it granted summary judgment to the Trustee's " Motion of Objection" because the Trustee's Motions was filed in violation of the Federal Civil Procedural Rule 28 U.S.C. §1452(a) and Bankruptcy Rule 9027

3) The Trustee's " Motion of Objection " was wrongfully executed. that resulted in the procedural harm on the Debtor's Case and Credibility.

4) The Federal Rule of Bankruptcy Procedural 9024 and Federal Rule of Civil Procedural 60(b) that identifies exactly where the Certification of Adesina Ogunlana obtained his legal and factual grounds for relief .

5) The Court erred when its granted Summary Judgment to the wrongfully and Procedural ( Non – Compliance) : "Motion of Objection" of the opposing Parties.

6) As a result of this judicial error and Procedural defect as stated above :

__Under the federal procedural Rule 60( b) 1 allows a Court to reopen a Case matter after it is over. It states the Court may relieve a party from a final judgment .or Order. for one of the Six listed reason :The very first reason ( Subsection 1) - is mistake, inadvertence, surprise or excusable neglect.

8 ) MISTAKE OR JUDICIAL ERROR : IN Kemp V United States , 142 S. CT.1856(2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Error or Mistake under Rule 60( b ) ( 1) allowing for the correction of mistake made by Court

Under also Federal Rule of Bankruptcy Procedural 9024, there are specific grounds such as Error, Mistake, inadvertence, Surprise and excusable neglect as the basis for relief from final judgment.

See In Kemp V United States , 142 S. CT.1856 (2022), the Supreme Court clarified that a Judge 's Error of Law is considered a Judicial Error or Mistake Under Federal Civil Procedural Rule 60 (b ) 1 allowing for the correction of mistake made by Court

## Point I: The Prior Dismissal Must Be Vacated Under Rule 60(b)(1) and (6) Because the Lender Created the Impossibility

1) Relief under Rule 60(b) is highly warranted when a party's compliance with a court deadline is rendered impossible by the deceptive or conflicting actions of the opposing party US Bank's Counsel.

2). Here, the Debtor was under a federal mandate to sell the property. However, the Adversary's counsel, Richard Abel , actively participated in a dual-track strategy. When he was aware of the Federal Court's February 28, 2025 Short Sale

Confirmation order , the Lender's Counsel Richard Abel k actively sought and obtained an aggressive, conflicting State Court foreclosure order in March 28, 2025.

3). This created an absolute cloud on title and an insurmountable legal roadblock. A debtor cannot be penalized with this case dismissal for failing to meet a deadline that the opposing party actively sabotaged through dual-court manipulation. Combined with the sudden abandonment by the Debtor's counsel, these constitute extraordinary circumstances under Rule 60(b)(6).

## Point II: The Lender Violated the Automatic Stay And Undermined Federal Supremacy

**A ) Under the U.S.C. § 362, the filing of a bankruptcy case imposes an automatic stay on state court foreclosure proceedings. Once this Federal Court asserted jurisdiction and granted confirmation Order on February 28, 2025, to proceed with a Short Sale, that order took legal supremacy.**

**The Lender's circumvention of this Court's authority by obtaining a State Court foreclosure Sale's order just one month later on March 28, 2025, directly conflicted with the bankruptcy estate's administration.**

**By rushing to dismiss the Debtor's case without evidentiary hearing, this Bankruptcy Court was Prevented from learning that the Lender had actively impaired the Debtor's ability to sell the asset.**

**Pursuant to Rule 60(b) (6) provides for specific grounds and one catch-all provision for relief from a "final judgment, order or proceeding of the Prior Dismissal order must be vacated Under Rule 60(b)(1) and (6) because the Lender created the Impossibility**

The Court erred when grounded the opposing parties summary judgments on 7/30/2025 and 11/05/2025 because the opposing's actions and "Motion of Objection" were violation Federal Civil Procedural Rule, Undermined Federal Supremacy Clause and the constitutional Due Process violation resulting in judicial error and extraordinary circumstance that warrant relief from final judgment

SUPREMACY CLAUSE States The Supremacy Clause, found in Article VI, Clause 2 of the U.S. Constitution, states that the Constitution, federal laws made under it, and U.S. treaties are the "supreme Law of the Land".

It requires state court Judges to follow federal law and override any conflicting state laws or state constitutions

**The Trustee's motion should be denied and dismissed as it attempts to circumvent clear Supremacy Clause as the highest Authority where the : Federal law wins if it clashes with a state law, as long as the federal law follows**

**the U.S. Constitution. The Debtor demonstrated the Lender (Plaintiffs' Counsel) improper pursued foreclosure action while negotiating a Short Sale an alternative option to foreclosure, a practices the Federal Law prohibited**

**Furthermore, Trustee's Motion should be dismissed and denied** by seeking to enforce her opposition action against Debtor's constitutional right on Removal' s notice despite the Standard Procedural Rules allow to do so encroached upon the Debtor's fundamental due process rights...

Allowing the Trustee's Motion would effectively nullify there crucial federal safeguard , undermining the purpose of the Supremacy Clause and federal regulation, governing the " Notice of Removal" Cases under Bankruptcy Rule 9027 and Procedural Rule **28 U.S.C.§1452(a)**

QUESTION TWO OF
TRUSTEE MOTION OF OBJECTTON

C- In addition, it should be noted that all Trustee payments made by the debtor were returned to the debtor after dismissal of this case. A check in the amount of $17, 277.84 was released to the debtor on December 15, 2025. At this point in time the Trustee is holding no funds and there are no creditors to pay in this case based on claims filed and stay relief being granted.

RESPONSE NUMBER TWO OF
TRUSTEE MOTION OF OBJECTTON

**ANSWER NUMBER TWO** When the Trustee made an unrequested payment to the Debtor, she was performing her statutory duty. The Debtor's petition to reopen the case is constitutionally authorized based procedural defect associated with element and exhibit used by the Trustee to obtain an unjust judicial judgment..

Under Statutory Authority 11 USC $ 349 ( b) ( 3) " dictates that the dismissal of a case typically revest the property of the bankruptcy in the entity in which such property was

vested immediately before the commencement of the Case- meaning the Debtor.

Trustee perform her statutory duty before Debtor request for reopen commences"

The statutory Authority did not establish a rule barring the Debtor's new case petition under prior procedural defective ruling. From

To petition the court from unjust dismissal order is warranted under US Constitutional because my Due Process rights are affected This Statutory Authority never hindered or barred the Debtor from petition the Court for correction of Judicial Mistake of Law made by the Court.

**Constitutional and Legal Framework**

- **First Amendment Petition Clause:** Protects our basic right to ask the government for a fix to a problem, which includes filing a lawsuit or submitting a legal claim in court.
- **Fourteenth Amendment Due Process:** Applies this protection so that state and local courts cannot stop individuals from seeking legal redress.

The Debtor moves this Court to reopen the bankruptcy proceeding and vacate the prior order of dismissal pursuant to Federal Rules of Civil Procedure 60(b)(1) made applicable here by Federal Civil Procedural Rule\\

**Respectfully Submitted**

AO

7/11/26

BY ____________________

ADESINA OGUNLANA

BY ____________________ 7/11/26

REALTEX PROPERTY MANAGEMENT INC

( 18 )43435R

# EXHIBIT A

# PROCEDRAL DEFECTS

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Marissa Edwards, Esq. (NJ 087612014)
HINSHAW & CULBERTSON LLP
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
908-374-0336 (Telephone)
908-374-0345 (Facsimile)
marissaedwards@hinshawlaw.com

*Co-counsel for Secured Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2*

In re:

ADESINA B. OGUNLANA,

Debtor

Case No.: 22-12287JKS

Chapter 13
Honorable John K. Sherwood

Hearing Date: May 22, 2025 at 10:00 am

**OPPOSITION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE**

Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2 (the "Trust"), by and through counsel, hereby files this Opposition, joining the Chapter 13 Trustee's Opposition, to the "Motion to Remove State Court Case" (the "Motion") filed by Debtor Adesina B. Ogunlana ("Debtor"). In support of this Opposition, Trust states as follows:

**INTRODUCTION**

Debtor's Motion is nothing more than a transparent effort to further delay a foreclosure action that has been pending for over 10 years. On September 5, 2024, this Court granted the Trust

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Marissa Edwards, Esq. (NJ 087612014)
HINSHAW & CULBERTSON LLP
111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
908-374-0336 (Telephone)
908-374-0345 (Facsimile)
marissaedwards@hinshawlaw.com

*Co-counsel for Secured Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2*

In re:

ADESINA B. OGUNLANA,

Debtor

Case No.: 22-12287JKS

Chapter 13
Honorable John K. Sherwood

Hearing Date: May 22, 2025 at 10:00 am

**OPPOSITION TO DEBTOR'S MOTION TO REMOVE STATE COURT CASE**

Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Washington Mutual Asset-Backed Certificates WMABS Series 2007-HE2 (the "Trust"), by and through counsel, hereby files this Opposition, joining the Chapter 13 Trustee's Opposition, to the "Motion to Remove State Court Case" (the "Motion") filed by Debtor Adesina B. Ogunlana ("Debtor"). In support of this Opposition, Trust states as follows:

**INTRODUCTION**

Debtor's Motion is nothing more than a transparent effort to further delay a foreclosure action that has been pending for over 10 years. On September 5, 2024, this Court granted the Trust

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
*[Enter your name, address and telephone number]*

ADESINA OGUNLANA
136-138 NORTH 13TH ST.
NEWARK NJ 07107

Phone # 973 764 8760
Email:olayemi2014@comcast.net

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

2025 MAY 7 P 3:52

BY: [signature]
DEPUTY CLERK

AMENDED NOTICE OF REMOVAL

In Re:
*[Enter the debtor's name(s)]*

ADESINA OGUNLANA

Case No.: 22 - 12287
*[Enter the case number]*

Chapter: 13
*[Enter the chapter: example, 13]*

Hearing Date: 5/22/2025 @ 10.00AM
*[Enter the hearing date]*

Judge: JOHN K SHERWOOD
*[Enter the Judge's last name]*

## NOTICE ~~OF MOTION~~ TO

*[Enter the relief sought]* REMOVE STATE COURT CASE # ( F-0046932-14) TO THE US BANKRUPTCY COURT

*[Enter your name]* ADESINA OGUNLANA has filed papers with the court to *[Enter the relief sought]*--
Request the removal of the state case F-0046932-14 from NJ superior court to the Bankruptcy where the matter is currently pending.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: 5/ 22 /2025
*[Enter the date of the hearing]*

Hearing Time: 10.AM
*[Enter the time of the hearing]*

Hearing Location: NEWARK NEW JERSEY
*[Enter the location of the hearing]*

Courtroom Number: ______
*[Enter the courtroom number]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

| | | |
|---|---|---|
| US Bank NA<br><br>Plaintiff<br>v.<br>ADESINA OGUNLANA<br>Defendant | BY: | CASE NO.: 22-12287<br><br>NOTICE OF MOTION |

**NOTICE OF MOTION OF OBJECTION TO TRUSTEE'S MOTION**

**PLEASE TAKE NOTICE** that the undersigned pro se Defendant will on Thursday August 14,2025, at 10.00a.m. move before the court at the US District Court for the District of New Jersey, Martin Luther King Building & US Courthouse, 50 Walnut Street, NJ 07101 for leave to oppose or rise an objection to the trustee's motion on the following grounds:

A. Debtor's Trustee monthly payments is up-to-date or current. The Trustee's motion is premature and should be dismissed. In otherwords , the Debtor - Adesina Ogunlana is not delinquent.

B) The Debtor has pursued the Short Sales as previously authorized by the Bankruptcy Court -Judge K Sherwood from the federal Distrct of New Jersey on 2/28/2025.

D. The lower court violated the Constitutional Law by ruling and issued an judicial order on 3/3032025 that conflicted with the Bankruptcy court's order dated 2/28/2025.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)
*[Enter your name, address and telephone number]*

ADESINA OGUNLANA
136-138 NORTH 13TH ST.
NEWARK NJ 07107

Phone # 973 764 8760
Email :olayemi2014@comcast.net

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ
2025 MAY -7 P 3:52
JEANNE A. NAUGHTON
BY: [signature]
DEPUTY CLERK

AMENDED NOTICE OF REMOVAL

In Re:
*[Enter the debtor's name(s)]*

ADESINA OGUNLANA

Case No.: 22 - 12287
*[Enter the case number]*

Chapter: 13
*[Enter the chapter: example. 13]*

Hearing Date: 5/22/2025 @ 10.00AM
*[Enter the hearing date]*

Judge: JOHN K SHERWOOD
*[Enter the Judge's last name]*

## NOTICE ~~OF MOTION~~ TO

*[Enter the relief sought]* REMOVE STATE COURT CASE # ( F-0046932-14) TO THE US BANKRUPTCY COURT

*[Enter your name]* ADESINA OGUNLANA has filed papers with the court to *[Enter the relief sought]*--

Request the removal of the state case F-0046932-14 from NJ superior court to the Bankruptcy where the matter is currently pending.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not want the court to grant this motion, or if you want the court to consider your views, you or your attorney must file with the clerk at the address listed below, a written response explaining your position no later than 7 days prior to the hearing date.

Hearing Date: 5/ 22 /2025
*[Enter the date of the hearing]*

Hearing Time: 10.AM
*[Enter the time of the hearing]*

Hearing Location: NEWARK NEW JERSEY
*[Enter the location of the hearing]*

Courtroom Number: ____________
*[Enter the courtroom number]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

U.S. BANKRUPTCY COURT
FILED
TRENTON, NJ

US Bank NA

Plaintiff

v.

ADESINA OGUNLANA

Defendant

CASE NO.: 22-12287

BY: DEPUTY CLERK

NOTICE OF MOTION OBJECTION

## NOTICE OF MOTION OF OBJECTION TO STEVE PERTUZ MOTION

PLEASE TAKE NOTICE that the undersigned pro se Defendant will on Thursday August 14,2025, at 10.00a.m. move before the court at the US District Court for the District of New Jersey, Martin Luther King Building & US Courthouse, 50 Walnut Street, NJ 07101 for leave to oppose or rise an objection to the trustee's motion or the following grounds:

A. An attorney has ethical obligationto provide reasonable notice,transfer case file and avoid prejudicing the client's legal position when withdrawing representation

B) The Attorney's motion on advice, communication and monetary debtor obligations should be dismissed and denied.

C) The misconduct of the attorney attribute to Client instruction not comply with or Client's not sought in attempt to serve or act of client's legal representative

C: Lack of emotional, empathy and situational integrity of my attorney constituted the Debtors initiative to filed a motion with Court for a substitution of attorney

# EXHIBIT B

# SHORT SALES NEGOTIATION ENCOUNTERS

LOAN # 0016385361

THE LAW OFFICES OF
Steven D. Pertuz, LLC
111 Northfield Avenue, Suite 304
West Orange, NJ 07052
Tel: (973) 669-8600
Fax: (973) 669-8700

ADMITTED IN NJ & NY

pertuzlaw@verizon.net
www.pertuzlaw.com

March 27, 2024

**VIA EMAIL DELIVERY ONLY**
Select Portfolio Servicing, Inc.
PO Box 65250
Salt Lake City, UT 84165-0250
EMAIL: **relationship.manager@spservicing.com**

**RE: Adesina Ogunlana**
**136-138 North 13th Street**
**Newark, NJ 07107**
**Loan No. 0016385361**
**Authorization Letter To Proceed With Short Sale Negotiations**

Dear Sir/Madam:

I am counsel to Adesina Ogunlana in connection with an active Chapter 13 Bankruptcy proceeding in the District of New Jersey bearing case number 22-12287 JKS. Attached please find the recent Order Confirming the Debtor's Modified Plan which authorizes the short sale to take place on or before June 30, 2025.

Please accept this letter as my authorization to speak with Mr. Ogunlana directly and also his designated real estate agent that is handling the short sale negotiations in this matter. Should you have any questions or concerns, please feel free to contact me at any time. Thank you for your immediate attention to this matter.

Very truly yours,

Steven D. Pertuz

Encl.
SDP/cf

| | | | |
|---|---|---|---|
| 1.☒ FHA 2.☐ RHS 3.☐ Conv. Unins<br>4.☐ VA 5.☐ Conv. Ins.<br>Commercial | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| | | |
|---|---|---|
| D. Name & Address of Borrower:<br>Linda Nzeadibe<br>31 Vose Ave., Unit 666<br>South Orange, NJ 07079 | E. Name & Address of Seller:<br>Adesina Ogunlana<br>136-138 North 13th Street<br>Newark, NJ 97197 | F. Name & Address of Lender:<br>Rocket Mortgage |
| G. Property Location:<br>136-138 North 13th Street<br>Newark, NJ 97197<br><br>Lot: 13<br><br>Block: 1924 | H. Settlement Agent:<br>Hugh Best<br>50 Union Ave, Suite 405<br>Irvington, NJ 07111<br><br>Place of Settlement:<br>50 Union Ave, Suite 405<br>Irvington, NJ 07111 | TIN<br><br>Phone: (973) 373-7000<br><br>I. Settlement Date: 6/6/2025<br><br>Funding Date: 6/6/2025 |

| J. Summary of Borrower's Transaction | |
|---|---|
| **100. Gross Amount Due From Borrower** | |
| 101. Contract sales price | 375,000.00 |
| 102. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 1,995.00 |
| 104. | |
| 105. | |
| **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes: to | |
| 107. County taxes: to | |
| 108. Assessments: to | |
| 109. | |
| 110. | |
| 111. | |
| 112. | |
| **120. Gross Amount Due From Borrower** | 376,995.00 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | |
| 201. Deposit or earnest money | 5,000.00 |
| 202. Principal amount of new loan(s) | |
| 203. Existing loan(s) taken subject to | |
| 204. | |
| 205. | |
| 206. | |
| 207. | |
| 208. | |
| 209. | |
| **Adjustments for items unpaid by seller** | |
| 210. City/town taxes: to City of Newark | |
| 211. County taxes: to | |
| 212. Assessments: to | |
| 213. | |
| 214. | |
| 215. seller's concession | 10,500.00 |
| 216. | |
| 217. | |
| 218. | |
| 219. | |
| **220. Total Paid By/For Borrower** | 15,500.00 |
| **300. Cash At Settlement From/To Borrower** | |
| 301. Gross Amount due from borrower (line 120) | 376,995.00 |
| 302. Less amounts paid by/for borrower (line 220) | 15,500.00 |
| 303. Cash ☒ From ☐ To Borrower | 361,495.00 |

| K. Summary of Seller's Transaction | |
|---|---|
| **400. Gross Amount Due To Seller** | |
| 401. Contract sales price | 375,000.00 |
| 402. Personal property | |
| 403. | |
| 404. | |
| 405. | |
| **Adjustments for items paid by seller in advance** | |
| 406. City/town taxes: to | |
| 407. County taxes: to | |
| 408. Assessments: to | |
| 409. | |
| 410. | |
| 411. | |
| 412. | |
| **420. Gross Amount Due To Seller** | 375,000.00 |
| **500. Reductions In Amount Due To Seller** | |
| 501. Excess deposit (see instructions) | |
| 502. Settlement charges to seller (line 1400) | 21,732.1 |
| 503. Existing loan(s) taken subject to | |
| 504. Payoff of first mortgage loan to Select Portfolio Servicing | 320,042.1 |
| 505. Payoff of second mortgage loan | |
| 506. | |
| 507. | |
| 508. | |
| 509. | |
| **Adjustments for items unpaid by seller** | |
| 510. City/town taxes: to City of Newark | |
| 511. County taxes: to | |
| 512. Assessments: to | |
| 513. Water bill | 4,445.0 |
| 514. escrow for final water reading | 750.00 |
| 515. seller's concession | 10,500.00 |
| 516. unpaid property taxes | 17,530.6 |
| 517. | |
| 518. | |
| 519. | |
| **520. Total Reduction Amount Due Seller** | 375,000.00 |
| **600. Cash At Settlement To/From Seller** | |
| 601. Gross amount due to seller (line 420) | 375,000.00 |
| 602. Less reductions in amount due seller (line 520) | 375,000.00 |
| 603. Cash ☒ To ☐ From Seller | 0.00 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured, this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

© 2009-2024 Easysoft. Previous editions are obsolete.



HUD-1

| | | | |
|---|---|---|---|
| 1.☒ FHA 2.☐ RHS 3.☐ Conv. Unins<br>4.☐ VA 5.☐ Conv. Ins.<br>Commercial | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| Linda Nzeadibe<br>31 Voso Ave., Unit 666<br>South Orange, NJ 07079 | Adesina Ogunlana<br>136-138 North 13th Street<br>Newark, NJ 97197 | Rocket Mortgage |
| G. Property Location:<br>136-138 North 13th Street<br>Newark, NJ 97197<br><br>Lot: 13<br><br>Block: 1924 | H. Settlement Agent:<br>Hugh Best<br>50 Union Ave, Suite 405<br>Irvington, NJ 07111<br><br>Place of Settlement:<br>50 Union Ave, Suite 405<br>Irvington, NJ 07111 | TIN:<br><br>Phone: (973) 373-7000<br><br>I. Settlement Date: 6/6/2025<br><br>Funding Date: 6/6/2025 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 375,000.00 | 401. Contract sales price | 375,000.0 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 1,995.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes: to | | 406. City/town taxes: to | |
| 107. County taxes: to | | 407. County taxes: to | |
| 108. Assessments: to | | 408. Assessments: to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | 376,995.00 | **420. Gross Amount Due To Seller** | 375,000.0 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 5,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 21,732.1 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan to Select Portfolio Servicing | 320,042.1 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes: to City of Newark | | 510. City/town taxes: to City of Newark | |
| 211. County taxes: to | | 511. County taxes: to | |
| 212. Assessments: to | | 512. Assessments: to | |
| 213. | | 513. Water bill | 4,445.0 |
| 214. | | 514. escrow for Final water reading | 750.0 |
| 215. seller's concession | 10,500.00 | 515. seller's concession | 10,500.0 |
| 216. | | 516. unpaid property taxes | 17,530.6 |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | 15,500.00 | **520. Total Reduction Amount Due Seller** | 375,000.0 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount due from borrower (line 120) | 376,995.00 | 601. Gross amount due to seller (line 420) | 375,000.0 |
| 302. Less amounts paid by/for borrower (line 220) | 15,500.00 | 602. Less reductions in amount due seller (line 520) | 375,000.0 |
| 303. Cash ☒ From ☐ To Borrower | 361,495.00 | 603. Cash ☒ To ☐ From Seller | 0.0 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

© 2009-2024 Easysoft. Previous editions are obsolete.



HUD-1

DAS Acquisition Company, LLC.

12140 Woodcrest Executive Dr., St. Louis, MO 63141 314-628-2000

## AUTHORIZATION FOR RELEASE OF CLOSING DISCLOSURE

Loan Number: BROM122899475

Property: 136-138 N 13TH ST NEWARK NJ 07107-4153

The undersigned authorize DAS Acquisition Company, LLC to deliver the final Closing Disclosure to my designated real estate agent for review prior to the scheduled closing date.

Linda Nzeadibe 3/24/2025

Linda Nzeadibe

USA Mortgage

# Conditional Underwriting Agreement – Realtor Copy

July 25, 2024

Linda Nzeadibe
56 Lindsley Ave Unit B
Irvington, NJ. 07111

DAS Acquisition Company is pleased to inform you that your request for a mortgage loan to be secured by a first/second deed of trust has been underwritten on the following terms. Some of these conditions could jeopardize the approval of this loan so it is imperative that we collect these as soon as possible so a commitment can be issued.

| | | | |
|---|---|---|---|
| **Loan Number** | BROM062882911 | | |
| **Subject Property** | 56 LINDSLEY AVE<br>IRVINGTON, NJ, 07111-5369 | | |
| **Sales Price** | 310,000.00 | | |
| **Principle Amount of Loan** | 293,345 00 | | |
| **Rate of Interest** | 7.250 | | |
| **Lock Expiration Date** | // | **Caps*** | // |
| **Amortization** | 360 | **Index*** | |
| **Loan Type** | FHA 30 Year Fixed | **Margin*** | |

SUBJECT TO:

**This loan is subject to other conditions for final approval. Borrower has been notified of conditions needed to issue full Loan Commitment.**

TITLE will be reviewed prior to closing. Any judgements or liens may render this letter null and void.

VERBAL RE-VERIFICATION OF EMPLOYMENT AND INCOME must be obtained by Lender prior to closing. Any material change to your employment status or income may render this commitment letter null and void.

OCCUPANCY PERMIT (FHA only)- If the subject property is located in a municipality where an occupancy permit and/or code compliance is required, USA shall be furnished with a copy of the permit and proof of compliance with applicable laws, regulations and zoning requirements.

FUNDS AT CLOSING must be in the form of a cashier's check payable to the title company. No personal checks will be accepted. Please consult your banking institution regarding potential holds on transferred funds, wires, or recent deposits that you may be using for closing.

CLOSING FIGURES WILL NOT BE RELEASED UNTIL ALL PREDICATIONS HAVE BEEN RECEIVED AND APPROVED BY OUR UNDERWRITING DEPARTMENT.

WE ALSO UNDERSTAND THAT ANY NEW DEBT INCURRED UP TO AND INCLUDING THE DAY OF CLOSING COULD CAUSE THIS QUALIFICATION TO BE RENDERED NULL AND VOID.

Upon compliance with the above, this commitment will remain in effect until // and the loan must be closed on or before this date. It is agreed by and between the parties hereto, that this contract is made under the laws of the State of Missouri, where it is issued at mortgagee's home office and that, in any proceeding involving this agreement or any obligation hereunder, the laws of Missouri shall apply.

If you have any questions, or if we can be of further assistance, please feel free to contact Alexis Simone at 856-412-4873.

Thank you for choosing USA Mortgage.

By: Jen Epperley

DAS Acquisition Company, LLC

Company NMLS: 227262
12140 Woodcrest Executive Drive, Suite 150, St. Louis, MO 63141

UNENFORCEABLE UNLESS SIGNED BY THE UNDERWRITER

SPS SELECT Portfolio SERVICING, Inc.

February 11, 2025

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:** 0016385361
**Property Address:** 136 -138 N 13TH ST
NEWARK, NJ 07107

Dear Customer(s):

Because our records indicate that your lien may be subject to Bankruptcy, please read the following:

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject to an automatic stay, the terms of the mortgage remain in effect, and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

If there is any bankruptcy proceeding pending that includes the subject property, then you may need to obtain Bankruptcy Court approval prior to any refinance or sale of the property. Similarly, you may need Bankruptcy Court approval of any permanent modification of the account.

Please review the enclosed letter regarding your account.

You may contact SPS at 888-818-6032 to discuss the enclosures. SPS representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time.

Sincerely,

Select Portfolio Servicing, Inc.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

SPS SELECT Portfolio SERVICING, inc.

Sign up for paperless delivery at www.spservicing.com

December 4, 2024

ADESINA OGUNLANA
136 -138 N 13TH ST
NEWARK, NJ 07107

**Account Number:** 0016385361
**Property Address:** 136 -138 N 13TH ST
NEWARK, NJ 07107

**SHORT SALE COUNTER-OFFER**

Dear Customer(s):

SPS is sending this to you to provide information regarding the lien on the real property referenced above. Our records indica that your obligation has either been discharged or is subject to an automatic stay order under the United States Bankruptcy Cod This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand f payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged or subject an automatic stay, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have lien on the real property.

If there is any bankruptcy proceeding pending that includes the subject property, then you may need to obtain Bankruptcy Cou approval prior to any refinance or sale of the property. Similarly, you may need Bankruptcy Court approval of any permane modification of the account.

SPS would like to thank you for your recent inquiry pertaining to a short sale on your property. We are in receipt of your gro offer of $350,000.00. However, the offer and/or closing costs result in an amount that may not be sufficient in order for SPS approve a short sale.

**Approval.** The terms and conditions of the sale may be subject to the written approval of the owner, mortgage insurer guarantor of the loan, if any.

We have no responsibility to you in the event the property is not sold. In addition, we may require you to adjust the list price other offer terms.

This letter is not a denial of your short sale offer. Rather, it is an attempt to counter the offer submitted. To evaluate the sho sale for approval, an offer with minimum net proceeds to SPS for the referenced loan needs to be greater than or equal $315,791.00. If you are able to meet or exceed this offer, please send the updated offer documentation to us within ten (10) day of the date of this letter by either faxing it to **801-270-7833** or mailing it via overnight mail to **3217 S. Decker Lake Dr., Salt Lak City, UT 84119.** Please contact SPS if you would like to discuss this counter in more detail.

If you have any questions, your assigned Relationship Manager, Gabriela, can be reached toll free at (866) 820-6218 x 38039 by email at Relationship.Manager@spservicing.com.

**Notice of Error or Information Request**

If you believe there has been an error with the account or you require additional information, you may send a written Notice Error or Information Request. All Notices of Error or Information Requests must be sent in writing to the address listed below, this is our exclusive address under Federal Law for these matters. If you send your correspondence to any other address, it ma not be processed in accordance with Federal law.

Select Portfolio Servicing, Inc.
PO Box 65277 Salt Lake City, UT 84165-0277

# EXHIBIT D

# READY BUYERS APROVAL

# LETTER

USA Mortgage

# Conditional Underwriting Agreement – Realtor Copy

July 25, 2024

Linda Nzeadibe
56 Lindsley Ave Unit B
Irvington, NJ, 07111

DAS Acquisition Company is pleased to inform you that your request for a mortgage loan to be secured by a first/second deed of trust has been underwritten on the following terms. Some of these conditions could jeopardize the approval of this loan so it is imperative that we collect these as soon as possible so a commitment can be issued.

| | | | |
|---|---|---|---|
| **Loan Number** | BROM062882911 | | |
| **Subject Property** | 56 LINDSLEY AVE<br>IRVINGTON, NJ, 07111-5369 | | |
| **Sales Price** | 310,000.00 | | |
| **Principle Amount of Loan** | 293,345 00 | | |
| **Rate of Interest** | 7.250 | | |
| **Lock Expiration Date** | // | **Caps*** | // |
| **Amortization** | 360 | **Index*** | |
| **Loan Type** | FHA 30 Year Fixed | **Margin*** | |

SUBJECT TO:

This loan is subject to other conditions for final approval. Borrower has been notified of conditions needed to issue full Loan Commitment.

TITLE will be reviewed prior to closing. Any judgements or liens may render this letter null and void.

VERBAL RE-VERIFICATION OF EMPLOYMENT AND INCOME must be obtained by Lender prior to closing. Any material change to your employment status or income may render this commitment letter null and void.

OCCUPANCY PERMIT (FHA only) - If the subject property is located in a municipality where an occupancy permit and/or code compliance is required, USA shall be furnished with a copy of the permit and proof of compliance with applicable laws, regulations and zoning requirements.

FUNDS AT CLOSING must be in the form of a cashier's check payable to the title company. No personal checks will be accepted. Please consult your banking institution regarding potential holds on transferred funds, wires, or recent deposits that you may be using for closing.

CLOSING FIGURES WILL NOT BE RELEASED UNTIL ALL PREDICATIONS HAVE BEEN RECEIVED AND APPROVED BY OUR UNDERWRITING DEPARTMENT.

WE ALSO UNDERSTAND THAT ANY NEW DEBT INCURRED UP TO AND INCLUDING THE DAY OF CLOSING COULD CAUSE THIS QUALIFICATION TO BE RENDERED NULL AND VOID.

Upon compliance with the above, this commitment will remain in effect until // and the loan must be closed on or before this date. It is agreed by and between the parties hereto, that this contract is made under the laws of the State of Missouri, where it is issued at mortgagee's home office and that, in any proceeding involving this agreement or any obligation hereunder, the laws of Missouri shall apply.

If you have any questions, or if we can be of further assistance, please feel free to contact Alexis Simone at 856-412-4873.

Thank you for choosing USA Mortgage.

By: Jen Epperley

DAS Acquisition Company, LLC

Company NMLS: 227262
12140 Woodcrest Executive Drive, Suite 150, St. Louis, MO 63141

UNENFORCEABLE UNLESS SIGNED BY THE UNDERWRITER

USA Mortgage

# You Have Been Pre-Approved for a Purchase Price up to $365,000.00!

Prospective Applicant(s): Linda Nzeadibe

Congratulations on being pre-Approved. Now you're ready to confidently make an offer on your dream home. This letter is for your records. Best of luck with your home search!

| | |
|---|---|
| Date | 3/15/2025 |
| Address | TBD<br>Newark, NJ 07107 |
| Loan Amount | $332,150.00 |
| Loan Program | FHA 30 Year Fixed |
| Subject to Sale of Home | N/A |
| Property Taxes | $6,700.00 |

Additional Requirements:

- Final investor approval
- Private mortgage insurance approval, if applicable
- Fully executed sales contract with all addendums
- Satisfactory appraisal supporting sales price

## What is this amount based on?

Your pre Approval is based upon the information you provided regarding your income and assets, as well as a check of your credit. A prequalification is different from a preapproval which is a formal underwriting review of written income, credit, and asset information. A prequalification is really a preliminary indication of the loan amount for which you could potentially be approved. It is not a loan approval or a commitment to lend.

## What does an approval of my loan require?

USA Mortgage would require the submission of a complete loan application and all supporting documents. We would then perform a comprehensive analysis of your creditworthiness and resources, including verification of income, assets, and other information you have provided.

If you have any questions, or if we can be of further assistance, please feel free to contact me.
Thank you for choosing USA Mortgage.

Michele Cardinal
609-713-9232
mcardinal@usamortgage.com
1917 Welsh Road | Philadelphia, PA 19115
NMLS ID 223110
Click here to see some of our amazing reviews!
★★★★★ 4.89/5



**Be Prepared with Our Home Buyer's Guide**
Click the image to view our Journey Towards Home Ownership book to help you learn the next steps to take!

STATE OF NEW JERSEY:
:SS.
COUNTY OF : Essex

**MORTGAGOR'S AFFIDAVIT**

I, Linda Nzeadibe and ______________________ (hereinafter "I," or if applicable, collectively, "We") as Purchaser(s) of the residence, the permanent financing of which will be provided by New Jersey Housing and Mortgage Finance Agency ("NJHMFA"), being duly sworn on their oath represents and warrant as follows:

1. The information in the Mortgage Loan application is true, accurate and complete.

2. The residence is located at 136-138 N 13th Street, Newark , New Jersey.

3. Acquisition Costs.

   A) The Acquisition Cost of the residence is $ 365,000.00 ("Acquisition Cost" is defined to mean the cost of acquiring a residence from the seller as a completed residence. Included in the calculation of acquisition cost are (i) all amounts paid (in cash or in kind) by or on behalf of the Purchaser (or a related party or for the benefit of the Purchaser) to or on behalf of the Seller (or a related party or for the benefit of the Seller) as consideration for the residence, (ii) the reasonable cost (irrespective of the source of funding) of completing an incomplete residential unit and (iii) the capitalized value (using a discount rate equal to the bond yield) of ground rent where a residence is purchased subject thereto. Excluded from the calculation of acquisition cost are (i) the usual and reasonable settlement costs, including title and transfer costs, title insurance, survey fees and other similar costs and (ii) the usual and reasonable financing costs, including credit reference fees, legal fees, appraisal expenses, "points" paid by the Purchasers and other financing costs. "Usual and reasonable" costs include such costs only to the extent they do not exceed functionally equivalent costs where financing is not provided by a qualified mortgage bond issue. Also excluded from the calculation of acquisition cost is the value of services performed by the mortgagor and certain family members to complete the residence ("sweat equity") and the cost of land owned by the mortgagor for at least two years prior to the date construction of the residence began. (I/We) hereby certify that a true and correct copy of the purchase contract for the purchase of the residence and all other contracts expressed or implied relating to the purchase or completion of the dwelling have been provided to the Mortgage Lender.

   B) Neither I/We nor anyone on my/our behalf has made any payment other than the amount indicated in 3A to the seller of the residence or to any other person on behalf of the seller, nor have I/We canceled any debt of the seller or any related person to the seller.

   C) I/We have not entered into any agreement with the seller of the residence, the developer, the contractor, or any other person pursuant to which any portion of the residence has been left unfinished or any fixtures or other architectural appointments have been omitted or removed from the residence in order to reduce the Acquisition Cost.

4. Gross Annualized Household Income. The gross annualized current income of a mortgagor, and any other person who is expected to both live in the residence being financed and be secondarily liable on the mortgage is $ ______________ .

5. The residence is considered "real property," which is permanently affixed and is either an existing single-family residence consisting of not more than four dwelling units or a newly constructed single-family residence consisting of not more than one dwelling unit in Statewide Areas and two dwelling units in Targeted Areas]

6. The residence is a (Check One)

   _______ (A) Existing one-dwelling unit residence (including condominium conversion),

   _______ (B) Newly constructed one-dwelling residence (including new condominium) completed as of the title closing date to the extent that occupancy is permitted under local law;

# EXHIBIT C

# CONFLICTED COURT ORDERS

Order Filed on July 30, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

RECEIVED
AUG 11 2025
U.S.C.A. 3rd CIR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>Adesina B. Ogunlana,<br><br>Debtor. | Case No.: 22-12287<br>Chapter: 13<br>Hearing Date: 7/24/2025<br>Judge: John K. Sherwood |

ORDER DENYING MOTION TO REMOVE STATE COURT CASE

The relief set forth on the following page is hereby **ORDERED.**

DATED: July 30, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

FRL-71207 0312-2 pdf903 22-12287
Steven D. Pertuz
Law Offices of Steven D. Pertuz, LLC
111 Northfield Avenue
Suite 304
West Orange, NJ 07052

002404 2404 1 AB 0 6 07107 2 1 10501-1-2696
Adesina B. Ogunlana
136-138 North 13th Street
Newark, NJ 07107-4153

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:

Suspension of Bankruptcy Matters Involving the United States as a Party

**GENERAL ORDER OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY AS APPLIED TO BANKRUPTCY CASES AND ADVERSARY PROCEEDINGS**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby **ORDERED**.

Dated: October 1, 2025

Christine M. Gravelle, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION, ESSEX VICINAGE

PREPARED AND FILED BY THE COURT

DOCKET NO ~~F-26064-17~~ F.48571-08
*CIVIL ACTION*

*ORDER*

PLAINTIFF,

JPMORGAN CHASE BANK

FILED
AUG 20 2_
HON. WALTER KOPROWSKI JR., J.S.C.

VS.

DEFENDANT(S).

ALCIDE JULES

56 LINDSLEY AVE, IRVINGTON

x STAY OF SHERIFF'S SALE

___ STAY OF EVICTION

___ EXTENSION OF REDEMPTION

___ OTHER

**THIS MATTER** having been bought to the attention of the court upon application for relief in the above captioned matter; and the court having considered the certification of the movant; and for good cause having been shown; Appearing for PA: T. Flynn, appearing for DF: Howard Lipstein

IT IS on this 20th day of August, 2024

**HEREBY ORDERED** that:

☒ The application for a stay of the Sheriff's Sale in the within matter is: GRANTED ___ DENIED X

☐ The Sheriff's Sale scheduled for ________ is adjourned to ________.

☐ The application for a Stay of Eviction in the within matter is: GRANTED ___ DENIED ___

☐ The eviction scheduled for ________ is adjourned to ________.

☐ The time for eviction pursuant to the Writ of Possession is extended to ________.

☐ The application for an Extension of the time for Redemption is: GRANTED ___ DENIED ___

☐ The time for redemption is extended to: ________.

☐ Other:

Walter Koprowski Jr.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Marie-Ann Greenberg MAG-1284**
**Chapter 13 Standing Trustee**
**30 TWO BRIDGES ROAD**
**SUITE 330**
**FAIRFIELD, NJ 07004-1550**
**973-227-2840**

IN RE:
ADESINA B. OGUNLANA

**Order Filed on February 28, 2025**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

**Case No.: 22-12287 JKS**

**Hearing Date: 2/27/2025**

**Judge: JOHN K. SHERWOOD**

**ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION**

The relief set forth on the following pages, numbered 2 through 2 is hereby **ORDERED.**

**DATED: February 28, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

Case No.: 22-12287 JKS

Caption of Order: ORDER MODIFYING CHAPTER 13 PLAN POST CONFIRMATION

The Plan of the Debtor having been proposed to creditors, and hearing having been held on the Confirmation of such Plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

- ORDERED, that the plan of the above named Debtor dated 1/30/2025, or as amended at the confirmation hearing is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with fund received from the Debtor; and it is further
- ORDERED, that to the extent that the Debtor's plan contains motions to avoid judicial liens under 11 U.S.C. Section 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified herein:
- ORDERED, that commencing 4/1/2022, the Debtor shall pay the Standing Trustee

  the sum of $17,325.00 paid into date over 34 month(s), and then

  the sum of $550.00 for a period of 26 month(s), which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586. The unsecured creditors shall receive on a pro rata basis, the balance remaining from the payments set forth in this paragraph, after payment of all administrative, priority & secured claims (i.e., Pot Plan); and it is further
- ORDERED, that a short sell property of 13-138 North 13th Street by 6/30/2025 or the case will be dismissed upon certification of the Standing Trustee with 14 days notice to debtor(s) and debtor's attorney; and it is further
- ORDERED, that mortgage arrears are to be paid outside the plan through pending short sale of propetry; and it is further
- ORDERED, that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged; and it is further
- ORDERED, that upon expiration of the Deadline to File a Proof of Claim, the Chapter 13 Standing Trustee may submit an Amended Order Confirming Plan upon notice to the Debtor, Debtor's attorney and any other party filing a Notice of Appearance.